

amount of Rs. 5,00,000 sent to AFL by *nause* Number One, also belonged to her in part.

## INTRODUCTION

5.   This is a case of first impression before this Honourable Court. The crucial referenced case before this Hon'ble Court is the California, U.S.A., Case of Padam Kumar Khanna v. State Bar of California, Supreme Court case No. S141019, decided by summary disposal of the Petition of Padam Khanna on June 21, 2006. It is a historical case which challenges the capricious and arbitrary condemning of a duly registered Indian company by a non judicial referee of the State Bar Court of the State of California. As the California Supreme neither granted a hearing nor gave any written opinion in this matter, the decision of the State Bar Court was held to be the final decision of the Supreme Court of California itself. This decision, unprecedented even in the United States courts, violates the very basic principles of jurisdiction, service of notices and processes and right to a judicial hearing under our judicial system. Furthermore, by committing serious acts of Perjury, Falsification of Evidence and Abuse of Process, Defendants Jagjit Randhawa and Baljit Randhawa, herein after referred to collectively as 'Randhawas', have deliberately, knowingly, wantonly and with total disregards to the truth and veracity, have subjected Plaintiff to world-wide disgrace, shame, ridicule, hatred and slander *per se.*

6.   The Supreme Court of California, the highest court of the state has absolute jurisdiction over the State Bar Court. After the decision of the judge of the State Bar Court, the Supreme Court summarily affirmed the said decision. It is not clear whether the Supreme Court read or vetted the documents presented at the trial at the State Bar Court level or not but by summary disposal, the decision is allowed to stand as the decision of the Supreme

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
School Complex,

17.FEB 2001

सं० ......2.2.7.7. दिनांक ..................
No. .......................................
अतिरिक्त जिला मजिस्ट्रेट / सब डिविजनल
मजिस्ट्रेट / कार्य कारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / न्याय धार के हस्त धार
हस्त.मित मि ते ज त हुं।
The Signature of ..............(Executive)
Magistrate / Registrar of Marriage /
Mamladar Attested





(संजीव मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (सी०आर०)
Section Officer (O.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

-4-

Court. It is very bizarre and outre action by the Supreme Court.
As the facts and the law of this case stand, by summary
affirmation it has overruled a number of its own cases,
positively set precedents of denial of due process of law both of
liberty and property to the petitioner, has directly ridiculed,
debased, defamed and attacked Amerindia Foods Limited, a
duly registered company of India which was neither a party in
the proceedings nor was ever served with summons and
complaint. Plaintiff humbly requests this Court to protect the
honour, dignity and mere survival of a small Indian duly
registered corporation from this published decision which has
blatantly and discriminatively been ridiculed, slandered and
libeled *per se* in the Court of California, U.S.A., which had no
jurisdiction over our Indian corporation.  Leave alone the issue
of jurisdiction, the California High Court did not even consider
the following basic legal principles, prevalent in almost all
civilized and decent democratic countries.

   A. No complaint or summons were ever filed, issued or
      served on our corporation. [It is not that our Indian
      Courts only serve the defendants with proper
      summons and complaint, the California Courts also
      require service of summons and complaint before
      any judgment is passed. See California Code of Civil
      Procedure.

   B. No opportunity to defend or be heard was accorded
      to AFL.

   C. Officers of our corporation were labeled as
      dishonest, conniving, liars and untrustworthy persons
      *in absentia.*

   D. Duly stamped copies by the Registrar of Companies
      of the State of Andhra Pradesh of a) Certificate of
      Incorporation and b) Commencement of Business
      Certificate were summarily rejected as sham and thus
      dishonoured by the California Court without any
      proof or explanation whatsoever.

   E. . . . were allowed by the sitting referee of the
      State Bar Court where the three days trial was held to

4

**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035



17.FEB.2007

सं॰ ....२०१२५.... दिनांक ....................
No. .........................Date.............
अतिरिक्त जिला मजिस्ट्रेट / उप डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / जिला
रजिस्ट्रार / मजिस्ट्रेट के हस्ता॰ पर
सत्या॰पित किये जाते हैं।
The signature of A.D.M./S.D.M.(Executive)
Magistrate / Registrar of Marriage/
Mamlatdar attested



(संजीव मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (सी॰पा॰वी॰)
Section Officer (O.I.)
सी॰पी॰ प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

- 5 -

tell incredulous and totally unbelievable lies under oath. A direct and mind-boggling example is Micro Defendant Two, Baljit Randhawa, testified that she drove a car for the First Time in her life on California Freeways all by herself on reaching the country from her village in Punjab on a visa where in another court affidavit she testified that she had never ever driven a car not even in India and she had no license. [It is an established fact that even expert drivers from India are very careful in driving on the Freeways of America because of keeping to the right of the road and the steering wheel of American cars is on the left side of the road. The State Bar Court judge WAS FULLY COGNIZANT OF THIS FACT and yet she ignored it and by implication believed Defendant Two. Because the California Supreme Court summarily denied judicial hearing and written opinion, the State Bar Court judge's opinion is now the standing judgment. Over ONE BILLION people of our country are going to be in awe and would never believe such fabricated story – a village girl from Amritsar, who had never driven a car, got behind a parked car on the streets of San Francisco, California, on arrival into the country and took off on the Freeways..

F. There are seventeen instances of lies and contradictions of both defendants stated under oath in both the depositions and the trial. These instances are well documented and shall be presented to this Honourable Court at the time of trial.

## STATEMENT OF FACTS

7.  Mr. Padam Kumar Khanna, hereinafter referred to as 'Mr. Khanna',an attorney in the State of California, was retained by AFL in November 1995 to negotiate purchase of food processing machinery from the United States and Italy for our new plant, to be constructed, in Nasik.

8.  Early 1996, Mr. Khanna had a client, named Jagjit Singh Randhawa who hailed from India. In September 1996, Randhawa approached Mr. Khanna

9.  On September 17th, 1996, our Chairman and General Counsel, Mr. Chiter S. Khanna, Advocate of Supreme Court of India met with

5

VIJAY DATTA
Divisional Magistrate

17. FEB 2007

17. FEB 200

सं० 20124 दिनांक
No. ..................... te ..........
अतिरिक्त जिला कलेक्टर / सब डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / तहसीलदार के हस्ताक्षर
सत्यापित किये जाते हैं ।
The Signature of ADM/SDM(Executive)
Magistrate / Registrar of marriage /
Mamlatdar attested



(संजीव मनचन्दा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (सी०पी०वी०)
Section Officer (CPV)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

Mr. Rachhpal Singh, hereinafter referred to as 'Singh', brother in law of Randhawa at Hilton Hotel, Barakhamba Road, New Delhi. Singh needed help in immigration issue and stated to Mr. Chiter Khanna that he had to migrate to U.S.A. as soon as possible. The meeting was set up through Mr. Padam Khanna of California who had given instructions to Defendants Randhawas in the United States. A copy of said instructions is attached herewith as ANNEXTURE 6.

10. During this meeting Singh learned about AFL and its connection with Mr. Khanna, his brother-in-law's lawyer. Singh enquired from Mr. Chiter S. Khanna whether he or his brother-in-law could invest in AFL. Mr. Chiter Khanna advised that he did not see any problem in an Indian citizen investing in an Indian company. Three days later Singh visited AFL's offices in Nasik and received the investment application.

11. On or about November 18, 1996, AFL was informed by Mr. Khanna that one of his client, Mr. Jagjit Singh Randhawa, hereinafter referred to as 'Randhawa', had deposited $16,000 U.S. Dollars in Khanna Foods, USA, dormant account. Khanna Foods account was set up in the USA exclusively for dealing with AFL and for no other purpose. Khanna Foods account number was duly registered with the Reserve Bank of India for receiving royalties and payments in U.S. dollars. Mr. Khanna informed AFL that this deposit was made by Randhawa without his knowledge.

12. On learning about this deposit, AFL consulted its lawyers in India and Reserve Bank of India consultants and advisors. AFL was advised as follows:

"The Foreign Exchange Regulation Act, 1973 (FERA) as amended strictly disapproved hard currency investments by foreigners in an Indian Public Limited Company such as AFL."

6

सं० 20173 दिनांक 7 FEB 2007

No. ...... Date ......

अतिरिक्त [illegible] / सब डिविजनल मजिस्ट्रेट / [illegible] / विवाह रजिस्ट्रार / [illegible] के हस्ताक्षर सत्यापित किये जाते हैं।

The Signature of [illegible]/SDM(Executive) Magistrate / Registrar of Marriage / Mamlatdar Attested

MINISTRY OF EXTERNAL AFFAIRS विदेश मन्त्रालय सं० 588 भारत सरकार GOVT. OF INDIA

(संजीव मनचन्दा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (ओ०आई०)
Section Officer (O.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

- 7 -

13. Mr. Khanna was, therefore, advised to remit the said investment of $16,000 to AFL's Bank Account Number 12457 at the Union Bank of India at Nasik City – 422 001, Maharashtra. Mr. Khanna duly deposited this sum on or about November 25th, 2006 which was finally deposited on the books of AFL on 30th December, 1996. At that point in time, $16,000 amounted to approximately Rs. 5,52,000. After other extraordinary bank and overseas transfer fees etc., a sum of Rs. 5,00,000 was duly deposited in the account of Shri Jagjit Singh Randhawa in the books of AFL. See ANNEXTURE 5.

14. AFL, as an Indian corporation was duly bound to obey, honour and follow the laws of its land. Therefore, AFL advised Mr. Khanna that after informing the Reserve Bank of India about this unsolicited and illegal investment, it will duly refund the money to Randhawa.

15. In accordance with the company practice, AFL, Director of Finance, Shri Suresh Bhatia, duly acknowledged the receipt of $16,000 amounting to Rs. Five Lakhs and Fifty Two Thousand only (Rs.5,52,000) on 21st December, 1997. This letter was mailed by regular airmail, postage prepaid to Randhawa's address in El Cerrito, California- 2023 Key Boulevard Street. An office copy of AFL letter is attached herewith as ANNEXTURE 7.

16. In January, 1997, Randhawaa called AFL from United States and stated that his brother in-law, Singh, would remit the other Rs.5,00,000 because of his mistake of depositing $16,000 in Khanna Foods, USA so that all transaction are proper and legal according to Reserve Bank of India. AFL officer who talked to Randhawa would testify before this Hon'ble Court under oath.

17. In July, 1997, one of AFL's officers, Mr. Arthur Berg met with Randhawa in the Berkeley, California offices of Mr. Padam

7



Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035

सं॰ . 20192 . दिनांक ......
No. ...... .............. Date ......

अतिरिक्त जिला मजिस्ट्रेट / सम डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / मामलादार के हस्ताक्षर
सत्यापित किये जाते हैं ।

The Signature of ADM/SDM(Executive)
Magistrate / Registrar of Marriage /
Mamlandar Attested



(संजीव मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (सी०आई०)
Section Officer (O.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

**17 FEB 2007**

- 8 -

Khanna where AFL had set up temporary arrangement to negotiate purchase of machinery. Randhawa investment was duly discussed and he was informed that he had to fill certain applications for purchase of shares as required by the Reserve Bank of India. He was given those forms. Randhawa also discussed the job application of his brother-in-law and his friend with AFL. A tentative offer of employment was made by Mr. Berg and a letter was issued which on July 7, 1997 which is attached herewith as ANNEXTURE 8. It should be pointed out to this Hon'ble Court that there is a typographical error in the date of the letter which reads July 7, 1007 instead of 1997. Mr. Arthur Berg is ready to testify before this Hon'ble Court about his meeting with Randhawa and the subsequent offer of employment.

18. Sometime in September, 1997, Singh called Mr. Virender Kumar, Secretary Corporate Affairs in Nasik and promised remittance of another Rs. 5,00,000 for the account of Randhawa to make his total investment as Rs. 10,00,000. [Mr. Virender Kumar is unsure of the exact date. However, he can testify that it was prior to 19th of September, 1997.] On 19th September, Mr. Virender Kumar issued a letter to Randhawa at his work place and informed him that o the strength of his brother-in-law's promise of remittance of another Rs.5,00,000, and completion of application and approval of Reserve Bank, he would be issued AFL stock worth Rs. 10, 00,000. This letter is attached herewith as ANNEXTURE 9.

:9. No remittance was ever received by either Randhawa or Singh ever since.

20. During the period of 1997 and up to February 2003 there were severe financial problems were faced by AFL management including delivery of machinery from abroad and the problem of agricultural land owned by AFL in Nasik. Nasik offices were temporarily closed in March 2003.

8

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035

सं. ....२०।२।.... दिनांक 17.FEB 2007
No. .....................(Date)
अनिवास जिला मजिस्ट्रेट / उप डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / मम सदार के हस्ताक्षर
सत्यापित किये जाते हैं ।
The Signature of SDM/SDMM(Executive)
Mag strate / Registrar of Marriage /
Mamlatdar attested



(संजीव मनचन्दा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी(ओ.आई.)
Section Officer (O.I)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

— 9 —

21. In September 2003, AFL received a redirected letter of one Ms. Alice Verstegen, Senior Investigator of Office of the Chief Trial Counsel of the State Bar of California enquiring about the amount of $16,000 as investment in AFL by Randhawa. A copy of that letter is attached herewith as ANNEXTURE 10.

22. Immediately on receipt of this letter, Mr. Chiter Khannna, as the acting Chairman of AFL along with Mr. Kanwal Khanna, the addressee of The State Bar of California's letter replied IN DETAIL ALL THE QUESTION. A reading of this letter, ANNEXTURE 11, is extremely important as it clearly and unequivocally affirms the correspondence and telephone conversations between Randhawa and AFL and it chronologically details the relationship. Because AFL had not received any reply to its previous letters to Randhawa at his previous address of El Cerrito, California and even to AFL's letter addressed to his work place, AFL sent this important letter duly signed by both officers after discussing it at AFL's Board Meeting. AFL made sure to have a record of this letter. Therefore, AFL, in accordance with the international practice of receipt enclosed the letter in an envelop and placed the envelop in a DHL COVER and sent it to the State Bar of California addressed to Ms. Alice Verstegen, Special Investigator on 17 September, 2003. A true copy of the said Airway Bill, Number 190179750 is attached herewith a ANNEXTURE 12

23. The State Bar of California Prosecutor in a most bizarre, outré, illegal and unethical manner destroyed, hid or withheld the DHL Cover during the trial before the State Bar Court judge and stated that there was NO DHL cover and that AFL NEVER mailed that letter from India. Prosecutor placed the enclosed ordinary envelop containing the letter of AFL and displayed surprise about the appearance of the letter at the desk of the Special Investigator. To add insult to the injury, the Special Investigator also testified that

9

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035



27 FEB 2007

सं० ...20170 दिनांक.....................
No. .................. Date ......................
अतिरिक्त जिला मजिस्ट्रेट / उप डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / मामलतदार के हस्ताक्षर
सत्यापित किये जाते हैं।
The Signature of ADM / SDM(Executive)
Magistrate / Registrar of Marriage /
Mamlatdar Attested

(संजीव मनचन्दा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (ओ०आई०)
Section Officer (O.I)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

MINISTRY OF EXTERNAL AFFAIRS 558 GOVT. OF INDIA

the said letter mysteriously appeared at her desk and that there was no DHL Cover to it. The DHL Cover was intentionally, deliberately, knowingly and wantonly destroyed or withheld by the Prosecutor in criminal conspiracy with defendant Jagjit Singh Randhawa.

## CAUSES OF ACTION

I. **a. Giving and Fabricating false Evidence:**

Section 191 of the Indian Penal Code states that whoever, being legally bound by an oath or by an express provision of law to state the truth, or by being bound by law to make a declaration upon any subject, makes any statement which is false, and which he either knows or believes to be false or does not believe to be true, is said to give false evidence.

By making untrue and fabricating statements, under oath and before the Court as a witness, Randhawas have committed criminal offence under IPC Section 191. A glaring example of one of such acts is Jagjit Randhawa's statement to the Court that Amerindia is a non-existent and a sham corporation, not incorporated in India and that he had neither received any correspondence nor communicated with its officers. [Officers of Amerindia are standing by to testify otherwise before this Hon'ble Court.

**b. Fabricating false evidence:**

Section 192 of the Indian Penal Code states that whoever causes any circumstances to exist or makes any false entry in any book or record, or makes any document containing a false statement, may appear in evidence in a judicial proceeding, or in a proceeding taken by law before a public servant as such, or before an arbitrator, and that such circumstance, false entry or false statement, so appearing in evidence, may cause any person who in such proceeding is to form an opinion upon the evidence, to certain an erroneous opinion touching any point material to the result of such proceeding, is said 'to fabricate false evidence'.

10

**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035

तिथि      जाँच करता



सं० No. ...20169.... दिनांक 7.FEB.2007

(संजीव मनचंदा)
SANJEEV MANCHANDA
अनुभाग अधिकारी (प्रशासन)
Section Officer (O.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

By filing a false complaint with the State Bar of California with allegations that they had not received the Stock Certificate from Amerindia, Randhawas have committed a Criminal Offence under Section 192 of IPC.

**c. Punishment for false evidence:**

Section 193 of the Indian Penal Code states that whoever intentionally gives false evidence in any stage of a judicial proceeding, or fabricates false evidence for the purpose of being used in any stage of a judicial proceeding, shall be punished with imprisonment of either description for a term which may extend to seven years, and shall also be liable for fine.

As there is an ample proof, supported by fully authenticated documents, this Court has the proper jurisdiction to impose the maximum penalty of imprisonment of full seven years upon Randhawas. Their various deliberate criminal acts have caused a very severe economic and irreparable harm and injury to Amerindia and this Hon'ble Court must impart justice.

## II. Criminal Conspiracy:

Section 120A of the Indian Penal Code states that when two or more persons agree to do, or cause to be done (1) an illegal act, or (2) an act which is not illegal by illegal means, such an agreement is designated a criminal conspiracy provided that no agreement except an agreement to commit an offence shall amount to criminal conspiracy unless some act besides the agreement is done by one or more parties to such agreement in pursuance thereof.

Section 120B read with sections 471 and 420 of the Indian Penal Code proscribes punishment for conspiring to use forged documents and thereby obtain a conviction based upon false and fabricated documents.

By conspiring with the State Bar Prosecutor to destroy the crucial evidence of DHL Cover; to hide the fact that Amerindia never issued stock certificate and concealing the stock certificate in secret illegal

11

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035



**7 FEB 2007**

सं॰ 20/68 ........ दिनांक ...........
No.

...................................... डिविजनल
मजिस्ट्रेट / अनुमति............... / पर
.................................... विवाह
रजिस्ट्रार / .......................... द्वार
सत्य मित.................................
The signature of ....................
Mag........................ (Executive)
(संतोष मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (ओ.आई.)
Section Officer (O I)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

agreement with the Prosecutor with a clear criminal itent to harm and injure Amerindia, Randhawas have committed Criminal Conspiracy as defined in our Penal Code and made abundantly clear by our courts in India.

### III.    Abuse of process:

Sections 206 to 211 of the Indian Penal Code provide punishment for abuse of process of courts.  Section 206 particularly makes fraudulent withdrawal or concealment, transfer or removal of property so as to defeat the just claims of those who may have a right it, a non-cognisable offence.

By intentional and deliberate actions undertaken by Randhawas before the State Bar of California and such actions summarily declared as admissible against Amerindia, Defendants have abused the process of court and as such must be punished to the degree which this Hon'ble and just Court deems fit.



After the criminal sanctions and damages, the most important issue before this Hon'ble Court is the validity of the Decision of the State Bar Court, ANNEXTURE 13, attached herein and made a part hereof.  This Decision which though rendered by a State Bar Court judge has become the final decision because of the summary disposal by the Supreme Court of California.  It has become a Public Matter and can be viewed by anyone in this world on the internet.

It is an extremely contradictory decision.  Here the judge of the State Bar Court, Pat McElroy, blasts AFL as a sham corporation

"In fact, the Randhawas were never given any interest in AFL." (Dec. p.12. Lines 13-14). This statement is not true.  Randhawas hold 50,000 shares of AFL under Certificate of Shares Number 8.  This fact was

12

**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035

सं० 2967 दिनांक 27.FEB 2007
No. ................... Date ........................
वरिष्ठ विवाह अधिकारी / उप डिविजनल
मजिस्ट्रेट / पार्ट्स रजिस्ट्रार / विवाह
रजिस्ट्रार / जन्म मृत्यु के रजिस्ट्रार
हस्ताक्षित किये गये ।
The Signature of ........ / SDM (Executive)
Magistrate / Registrar of Marriage /
Maintainder attested



(संजीव मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (ओ.आई.)
Section Officer (O.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi



known to Randhawas and either not communicated to the Court or withheld by the Prosecutor.

"[There is] no banking statements to support the banking transactions among AFL." (Dec. p. 23. Lines 4-5). This statement is not true. ANNEXTURE 5 clearly shows a banking transaction of Rs. 5,00,000 in the name of Jagjit Singh. This document was withheld by the Randhawas and the Prosecutor from the Court.

"Despite Respondent's and AFL's repeated promises and Jagjit's constant inquiries regarding AFL stock, to date, the Randhawas have not received a single stock certificate or any evidence of their investment." (Dec. p. 6. Lines 7-9) How can this statement be made a public matter which clearly slanders AFL when in fact the Randhawas DID receive the stock certificate. It is an extremely prejudicial and degrading statement and must be PERMANENTLY enjoined by this Hon'ble Court.

This Decision is full of inconsistencies, contradictions and insults to AFL and its officers. The State Bar Court judge knew these facts to be false or should have known them to be false. Yet, she made this decision on extremely flimsy and non-existent and concealed facts without issuing a complaint, summons and any notice, whatsoever, for a hearing and presentation of defense to the severe and degrading comments made public.

The most damaging statement which this Decision makes as to AFL is the statement that AFL had prepared an **'Investment Brochure'** (Emaphasis added) which the Randhawas reviewed and on that reliance invested in AFL. This statement subjects AFL to CRIMINAL SANCTIONS AND PENALTIES under our SEBI Regulations and FERA (1973) now FEMA. As is very clear AFL never issued any such brochure. The Court has NOT seen any such brochure as no such brochure ever existed.

13

**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035

सं० ...20166... दिनांक.... 7 FEB 2007

No. .......................................

प्रमाणित किया जाता है / सब डिविजनल

मजिस्ट्रेट / कार्य कारी मजिस्ट्रेट / विवाह

रजिस्ट्रार / तहसीलदार के हस्ताक्षर

सत्यापित किये जाते हैं ।

The Signature of SDO/SDM/(Executive)

Magistrate / Registrar of Marriage /

Mamlatdar attested



(संजीव मनचन्दा)

(SANJEEV MANCHANDA)

अनुभाग अधिकारी (ओ०आई०)

Section Officer (O.I.)

सीपीवी प्रभाग/CPV Division

विदेश मंत्रालय, नई दिल्ली

Min. of External Affairs, New Delhi

It is, therefore, before this Hon'ble Court to prevent this injustice to its citizens imparted by a foreign judge who based her decision of absolutely false and non-existent evidence.

## JURISDICTION

This Court have full, clear and proper jurisdiction over both 'Comp.' and 'Accsd'. Jurisdiction over Comp., Amerindia is invoked as it is an Indian company which has offices in New Delhi. Jurisdiction over Accused is hereby invoked for the following three factors:

      i)    The business was conducted in New Delhi

      ii)   The transaction was performed in New Delhi,

      iii)  The Stock Certificate was issued in New Delhi,

Furthermore, jurisdiction for Criminal Sanctions is invoked through a landmark yet very tragic case of *CBI v. Warren Anderson, Union Carbide*,(1992) Docket R. T. Number 2792 in the Court of Judicial Magistrate, Bhopal under Section 70 of the Code of Criminal Procedure, 1973, Criminal Procedure Act II, 1974.

Jurisdiction is also invoked under *Satya v. Teja Singh* (1975) 1. SCC, 120 A.I.R. 1975, S.C. 105 which held that all judgments, whether domestic or foreign, are void if obtained by fraud. Accordingly, a foreign decree procured by fraud bearing a jurisdictional facts would not be recognized under this section as being contrary to public policy and as offending against notions of substantial justice.

Contemporarily, even under Code of Civil Procedure, Section 20 (c) confers jurisdiction on courts in India over foreigners if the cause of action arises, as here in this case, within the jurisdiction of a particular court in India even in the absence of the foreigner and even where he has not submitted to its jurisdiction, See *Sahib Thambi v. Hamid* (1913) 1 L.R. 36 Mad. 414.

14

**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035

सं0 20/05  दिनांक  **7.FEB 2007**
No. ......................

अपिलिक टिप्पणी इ / पार डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / क्षतिग्रस्त के हस्ताक्षर
सत्या.पित कि े ज ।

The Signatu...... /SDM/(Executive)
Magistrate / Registrar of marriage /
Mamlatdar attested



(संजीव मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (ओ०आई०)
Section Officer (O I)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

PRAYER

It is, therefore, most respectfully prayed that this Hon'ble Court may kindly please to take appropriate action against the accused person and also be pleased to direct the concern authority to investigate the matter and also be lodged the FIR in appropriate section against the accused persons. It is further prayed that AFL is legitimate, law-abiding, duly incorporated company registered in India and not a non existent sham corporation and also further prayed that AFL's officer are not lairs and are a respectable Indian who are proud of there heritage and also prayed that the accused Randhawas has been given false evidence before the court undertaking oath as witnesses and also he had fabricated evidence due to gain advantage from that court under taking oath as a witness so the accused persons are liable to punish under appropriate section Indian Penal Code.

And any other orders this Hon'ble Court may kindly be pleased which deem fit and proper under the facts and circumstances of the case may also be pleased in favour of complainant and against the accused persons in the interest of justice.

DELHI

DATED: -

                                                          COMPLAINANT

                                    THROUGH

                            COUNSEL        Advocate



C/s 5/1/07

**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035



सं० 30164 दिनांक 27 FEB 2002
No.

अनिलिखित जिला, महानगर / राज डिविजनल
मजिस्ट्रेट / कार्य करने वाले / विवाह
रजिस्ट्रार / कामगार द्वारा सत्यापित
सत्य पित किये हैं |

The signature of SDM/(Executive)
Magistrate / Registrar of marriage /
Mamlatdar attested

(संजीव मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (ओ-वन)
Section Officer (O.I)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

IN THE COURT OF SH. ACMM, ROHINI DISTRICT, COURT, DELHI

COMPLAINANT NUMBER _____ OF 2006

IN THE MATTER OF: -

M/S Amerindia Foods Limited
14E/CC Harinagar
New Delhi 110064

...COMPLAINANT

VERSUS

Sh. Jagjit Singh Randhawa
395 Sparrow Drive
Hercules, California
United States of America

Smt. Baljit Singh Randhawa
395 Sparrow Drive
Hercules, California
United State of America

...ACCUSED PERSONS

LIST OF DOCUMENTS

| S.NO | DATE | DESCRIPTION | PAGE |
|------|------|-------------|------|
| 1. | 30.10.92 | Photocopy of certificate of incorporation | 17, 18 |
| 2. | 03.03.94 | Photocopy of Commencement of Business | 18 |
| 3. | 04.11.06 | Photocopy of Resolution of AFL | 19 |
| 4. | 13.11.03 | Photocopy of Share Certificate (Jagjit Randhawa) | 20 |
| 5. | 30.12.96 | Photocopy of Bank Deposit Receipt (Randhawa) | 21 |
| 6. | 15.09.96 | Photocopy Hand Written Note | |
| 7. | 21.12.96 | Photocopy of Director of Finance Letter | 22 |
| 8. | 07.07.07 | Photocopy Arthur Berg Letter | 23 |
| 9. | 19.09.97 | Photocopy Secretary Corporate Affairs | 24 |
| 10. | 19.02.03 | Photocopy State Bar California Letter | 25, 26 |
| 11. | 12.19.03 | Photocopy of Chiter Khanna Letter | |
| 12. | 21.10.04 | Photocopy of Decision of State Bar Court | 27 to 32 |
| 13. | 21.10.04 | Photocopy of Decision of State Bar Court | 34 to 59 |

PLACE: NEW DELHI
DATE: - 11.12.06

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035

सं० 20163 दिनांक ...................
No. ..... ..... .... Date ☐ 7 FEB 2007
अतिरिक्त जिला मजिस्ट्रेट / उप जिला मजिस्ट्रेट
मजिस्ट्रेट / कार्यकारी रजिस्ट्रार / विवाह
रजिस्ट्रार / नामदार के हस्ताक्षर
सत्यापित किये गये हैं।
The signature of ADM/SDM(Executive)
Magistral / Registrar of marriage /
Mamlantdar attested

(संजीव मनचन्दा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (सी.पी.वी.)
Section Officer (G I)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi



12.12.2006

The present case received by way of assignment from the court of ld ACMM. It be checked and registered as per rules.

Present:         Sh C.S. Khanna ld counsel for the complainant company.

Ld counsel for the complainant submits that he is residing within the jurisdiction of P.S Shalimar Bagh that's why P.S Shalimar Bagh has been shown as a concerned P.S in the complaint but the complainant company is having its office at 14 E /CC , Hari Nagar, New Delhi which is within the jurisdiction of P.S Hari Nagar. Ld counsel for the complainant submits that inadvertently he has mentioned the P.S. Shalimar Bagh and the same should have been P.S. Hari Nagar. It is further submitted that it would appropriate and in the interest of justice if the present case is tried by the court who has jurisdiction over P.S Hari Nagar. A request has been made to sent the case to the court having jurisdiction over P.S. Hari Nagar .

Heard and perused the record. In view of the submission made and at the request of the complainant, let the present file be place before Ld ACMM with a request to assign the present case to the court concerned.

Ahlmad is directed to sent the file will in advance for 13.12.2006.

(Rajesh Kumar Goel)
MM/Delhi /12.12.2006

प्रमाणित

तिथि              सोच कर्ता

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035

Case 4:07-cv-05136-CW     Document 1-2     Filed 10/05/2007     Page 30 of 46



सं० 2o|12

No. .................. दिनांक ..................
                      Date

बतिंजिन जिला मजिस्ट्रे / पंज दिविजमल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रे / विवाह
रजिस्ट्रार / मजस्टारटर के दस्तकार
सत्य.पित किये जाते हैं ।
This Signature of SDM/ADM/(Executive)
Magistrate / Registrar of Marriage )
Mamlatdar attested

7 FEB 2007

7 FEB 2007

(संजीव मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (को-आर्व०)
Section Officer (O.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

CC No.
M/s Amerindia Foods Limited Vs. Shri Jagjit Singh Randhawa & Another

13.12.2006.

Pr:- None for the complainant.

Considering the request of Shri Rajesh Kumar Goel, MM, Rohini, this case is withdrawn from his court and assigned to Shri Manoj Kumar, MM, Rohini for 14.12.2006 (2.00 pm).

Let Ahalmad of the transferor court deliver the file complete in all respect to the Ahalmad of the transferee court today itself.

ACMM/Rohini/Delhi

13.12.2006.

14.12.2006

Case received by way of transfer.
It be checked & registered.
Re. Sh. C.S. Khanna, counsel for complainant.
Put up for consideration on 15.12.2006.

(MANOJ KUMAR)
MM/Rohini/Delhi
14.12.2006

15/12/2006

Sh. C.S. Khanna, Adv.
for complainant

matter partly heard. Put up for further
consideration and order on 18/12/2006.

MM

C/s 25/7
5/1/07





सं० 267    दिनांक 27 FEB 2002
No.

यह ........................... / का विवरण
मंजिल / ................. / ता विवरण है
यह .............. / ................ / किया है
यह है है / ......................
This Signature ......................... (Executive)
Mag ...................... Register of Marriage
Maintained ......... Attested

(संजीव मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (कॉ०मा०)
Section Officer (O.I.)
वीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

**ATTACHMENT TWO**

## GENERAL AUTHENTICATION CERTIFICATION

| | |
|---|---|
| **REPUBLIC OF INDIA** ) | |
| **CITY OF NEW DELHI** ) | **SS:** |
| **EMBASSY OF THE UNITED** ) | |
| **STATES OF AMERICA** ) | |

I certify that the official named below, whose true signature and official seal are, respectively, subscribed and affixed to this document, was, on this day, empowered to action the official capacity designated in the document, to which faith and credit are due.

SHEKHAR YADAV
_____
**NAME OF INDIVIDUAL**

_____
**SIGNATURE OF CONSULAR OFFICER**

Patrick McNeil
Consul
U. S. Embassy
New Delhi, India
COMMISSION EXPIRES : INDEFINITE
_____
**NAME/TITLE OF THE OFFICER**

2 2 FEB 2007
_____
**DATE**

IN THE COURT OF SH. ACMM, ROHINI DISTRICT, COURT, DELHI

COMPLAINANT NUMBER _____ OF 2006

IN THE MATTER OF: -

M/S Amerindia Foods Limited
14E/CC Harinagar
New Delhi 110064

...COMPLAINANT

VERSUS

Sh. Jagjit Singh Randhawa
395 Sparrow Drive
Hercules, California
United States of America

Smt. Baljit Singh Randhawa
395 Sparrow Drive
Hercules, California
United State of America

...ACCUSED PERSONS

COMPLAINT U/S 156 (3) Cr.P.C READ WITH 420/120B/471/191 OF IPC ON
BEHALF OF COMPLAINANT.

COMPLAINANT FILED UNDER IPC SECTIONS 191 THROUGH 209
INCLUSIVE FOR FILING FALSE EVIDENCE AND COMMITTING PERJURY
UNDER OATH: IPC SECTION 120B, CRIMINAL CONSPIRACY READ WAITH
SS 471 AND 420, IPC FOR CONSPIRING WITH THE STATE BAR OF
CALIFORNIA, USA, PROSECUTOR TO USE FORGED DOCUMENTS AND IPC
SECTIONS 206 TO 211, INCLUSIVE, ABUSE OF PROCESS.

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ram Pura, Delhi-110035.

IN THE COURT OF:

COMPLAINT

IN THE MATTER OF:

M/S Anardana Foods Limited
145/CC Hamsagar
New Delhi 11064

VERSUS:

Sh. Jagti Singh Ran
395 Sparrow Dri
Hercules C
United

1356
14/9/07

727 F-360
29/-
38 5/-

Sayut singh

प्रमाणित किया जाता है / सब-डिविजनल
मजिस्ट्रेट / पंजीकरण पदाधिकारी / विवाह
रजिस्ट्रार / नगर निगम के हस्ताक्षर
प्रस्तुत...
M/S / SDM (Executive)
Marriage / Sub-Registrar of / Marriage /

शेखर यादव SHEKHAR YADAV
अनुभाग पदाधिकारी (ओ.आई.)
Section Officer (O.I.)
सीपीवी प्रभाग CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

21 FEB 2007

~ 16 ~

## THE COURT OF SH. ACMM, ROHINI DISTRICT, COURT, DELHI

COMPLAINANT NUMBER _____ OF 2006

IN THE MATTER OF :-

M/S Amerindia Foods Limited
14E/CC Harinagar
New Delhi 110064

...COMPLAINANT

VERSUS

Sh. Jagjit Singh Randhawa
395 Sparrow Drive
Hercules, California
United States of America

Smt. Baljit Singh Randhawa
395 Sparrow Drive
Hercules, California
United State of America

...ACCUSED PERSONS

LIST OF DOCUMENTS

| S.NO | DATE | DESCRIPTION | PAGE |
|------|------|-------------|------|
| 1. | 30.10.92 | Photocopy of certificate of incorporation | 17, 48 |
| 2. | 03.03.94 | Photocopy of Commencement of Business | |
| 3. | 04.11.06 | Photocopy of Resolution of AFL | 18 |
| 4. | 13.11.03 | Photocopy of Share Certificate (Jagjit Randhawa) | 19 |
| 5. | 30.12.96 | Photocopy of Bank Deposit Receipt (Randhawa) | 20 |
| 6. | 15.09.96 | Photocopy Hand Written Note | 21 |
| 7. | 21.12.96 | Photocopy of Director of Finance Letter | 22 |
| 8. | 07.07.07 | Photocopy Arthur Berg Letter | 23 |
| 9. | 19.09.97 | Photocopy Secretary-Corporate Affairs | |
| 10. | 19.02.03 | Photocopy State Bar California Letter | ~ 24 ~ |
| 11. | 12.19.03 | Photocopy of Chiter Khanna Letter | 25, 26 |
| 12. | 21.10.04 | Photocopy of Decision of State Bar Court | 27 to 32 |
| 13. | 21.10.04 | Photocopy of Decision of State Bar Court | 32, 34 to 59 |

PLACE: NEW DELHI
DATE :- 11.12.06

VIJAY BATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rama Pura, Delhi.

सं॰ 29055 दिनांक
No. .............. Date 21 FEB 2007

II/CS M(Executive)

जुबर यादव/SHEKHAR YADAV
अनुभाग अधिकारी (कां॰ मां॰)
Section Officer (O.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
M/o. of External Affairs, New Delhi

ANNEXURE No.



पाटन फार्म आई.आर.
Form I.R.

निगमन का प्रमाण-पत्र

# CERTIFICATE OF INCORPORATION

No. 01-14978 of 19 92-93

में एतद्द्वारा प्रमाणित करता हूं कि आज

कम्पनी अधिनियम, 1956 ( 1956 का 1 ) के अधीन निगमित की गई है और यह
कम्पनी परिसीमित है ।

I hereby certify that **AMERINDIA FOODS LIMITED**

is this day incorporated under the Companies Act, 1956 (No. 1 of 1956) and that the
Company is limited.

मेरे हस्ताक्षर से आज ता............................को दिया गया ।

Given under my hand at **HYDERABAD** this **30th**

day of **October** One thousand nine hundred and **Ninety two.**

(8th Kartika 1914 saka)

**(P. RAMA RAO)**

ASST. कम्पनियों का रजिस्ट्रार
Registrar of Companies
Andhra Pradesh.

ANNEXURE No. **1**

COPY TO COPY
Examiner
Date............

**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ram Pura, Delhi-110035.



सं० ........... दिनांक... 2.1 FEB 2007
No. .......................... Date ..............

(Executive)

(शेखर यादव/SHEKHAR YADAV)
अनुभाग अधिकारी (सी०वी०)
Section Officer (C.I.)
सीoपीoवी० प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

ANNEXURE No. **2**

_ 18 ~



Co.No. 01-14978



### Certificate for Commencement of Business

Pursuant of Section 149 (3) of the Companies Act, 1956.

I hereby certify that the **AMERINDIA FOODS LIMITED**

which was incorporated under the Companies Act, 1956, on the **30th**

day of **October** 19**92** and which has this day filed a duly verified

declaration in this prescribed form that the conditions of section 149 (1) (a) to

(d)/149(2)(a) to (c) of the said Act, have been complied with is entitled to

commence business.

Given under my hand at **Hyderabad**

this **Third** day of **March** One thousand nine

hundred and **Ninety four.**

(N.R.SRIDHARAN)
Registrar of Companies
ANDHRA PRADESH: HYDERABAD

J.S C.-10

ANNEXTURE '2'

ANNEXTURE No. **2**

c/s 24/1/07

**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ram Pura, Delhi-110035.



COPY TO COPY

Date.............. Examiner



By tunani
company has un
Rajiu Panchn

सं. .29.93. दिनांक 2.7 FEB 2007
No.

(Executive)

(शेखर यादव/SHEKHAR YADAV)
अनुभाग अधिकारी (बी॰ आई॰)
Section Officer (O.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

ANNEXTURE No. **3** — 19 —



### RESOLUTION OF

### AMERINDIA FOODS LIMITED

By unanimous vote, the Board of Directors, hereby passes a Resolution that the company has undertaken to file criminal complaint against Jagjit Singh Randhawa and Baljit Randhawa of California, U.S.A. for committing Criminal Conspiracy, Giving and Fabricating False Evidence, Perjury and Abuse of Process against the company for causing irreparable injury and harm to the company and its officers.

It has also been decided to retain the services of Shree C. S. Khanna as the Lead Advocate and Advocate on Record.

For Amerindia Foods Limited

Managing Director

Kanwal Sain

DATED: 8TH December, 2006

Managing Director

ANNEXTURE No. **3**

COPY TO COPY

Date...........    Examiner

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ram Pura, Delhi 110035.



Authorised Signatory

ANNEXTURE No. 4



सं० 2405
No.

दिनांक 1 F.EB 2007

(शेखर यादव SHEKHAR YADAV)
अनुभाग अधिकारी (बो० आ०)
Section Officer (O.I.)
सीपीवी प्रभाग CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi