PADAM KUMAR KHANNA
2600 Tenth Street
Berkeley, CA. 94710

Tel: 1-510-549-2786
Fax: 1-510-549-2832

EMail: pkhanna@pacbell.net
*Pro Se*

FILED
07 OCT 22 PH 12: 01

UNITED STATES DISTRCIT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| PADAM KUMAR KHANNA, | ) | Case No: C07-5136 EMC |
| Plaintiff, | ) | |
| vs. | ) | MOTION FOR FINAL DEFAULT |
| JAGJIT SINGH RANDHAWA, | ) | JUDGMENT AGAINST DEFENDANT, |
| Defendant. | ) | JAGJIT SINGH RANDHAWA |

Plaintiff hereby submits this Memorandum of Law in support of his Motion for Final Judgment against defendant Jagjit Singh Randhawa.

MOTION FOR FINAL DEFAULT JUDGMENT - 1

I

Factual Background

Plaintiff filed a complaint against defendant Jagjit Singh Randhawa (Jagjit) on May 16, 2007 in the United States District Court for the Northern District of California, San Francisco Division along with five other defendants, State Bar of California, Pat McElroy, State Bar Court judge in her official as well as personal capacity, Tammy Albertsen-Murray, Deputy Trial Counsel in her official as well as personal capacity, Alice Verstegen, Investigator for the State Bar in her official as well as personal capacity and Baljit Randhawa. The Complaint raises Federal Questions and alleges violation of his civil rights in six counts most particularly alleging that defendant Jagjit Singh Randhawa (Jagjit) conspired with Deputy Trial Counsel, Tammy Albertsen-Murray (Murray) to fabricate, destroy evidence and submitted to subornation of Murray to commit blatant perjury and cause irreparable harm and injury to plaintiff.

On the same day Plaintiff filed his Complaint, the Court issued a Summons in a Civil Action which, in part, notified defendant that it must, within twenty days after service of the Summons, file with the Clerk of Court, and serve upon plaintiff an Answer to the Complaint. Defendant, through a recognized process server, Pro Serve of Alameda County received service of the Complaint and Summons on June 6, 2007. Defendant duly received the Complaint and Summons at his place of residence in Hercules, California. By the expiration of the twenty-day period specified on the Summons, the defendant had not filed an Answer to the Complaint with the Clerk of this Court, nor had it served a copy of the Answer upon plaintiff. To date, the defendant has not responded to the Complaint, nor otherwise appeared in this action.

On July 3, 2007, plaintiff filed with this Court, a Request for Entry of Default against defendant which was entered on July 24, 2007 by the clerk of the Court.

On August 7, 2007, United State Magistrate Judge, Hon. Edward M. Chen, issued an Order severing plaintiff's claim against defendants Jagjit Singh Randhawa and Baljit Randhawa after conferring with State Bar Defendants' (Pat McElroy, Tammy Albertsen

Murray and Alice Verstegen) attorney, Mr. Mark Torres-Gil, and plaintiff. Both plaintiff and Mr. Torres-Gil agreed that for the case to proceed smoothly against the State Bar Defendants who all have promptly made appearances before the Court, it was proper and necessary to sever plaintiff's claim against Randhawas in the interest of a prompt, orderly, economical and efficient disposal of this litigation. A copy of the Order severing plaintiff's claims against defendants jagjit and Baljit Randhawa have been duly served upon both Jagjit and Baljit Randhawa at their residence address by certified mail on August 14, 2007 as per the instructions of Hon. United States Magistrate Judge, Edward M. Chen. A Certificate of Service is attached herewith.

    In his Order severing plaintiff's claims against defendant Jagjit Singh Randhawa, issued on August 7, 2007, Judge Chen indicated that he would assign the Randhawas case to a District Judge and would notify plaintiff about the new case number. As of October 10, 2007, plaintiff had not received any communication from Judge Chen. On October 11, 2007, plaintiff received an Order Setting Briefing Scheduled for Plaintiff's Motion for Default Judgment or, Alternatively, Requiring Plaintiff to Show Cause. In this Order a new case number was assigned but no District Judge was mentioned who is supposed to hear the Motion for Final Default Judgment. Docket Entry 38. Plaintiff, as per the instruction, has duly served a copy of this order on Jagjit Singh Randhawa and Baljit Randhawa on October 19, 2007 at the same address, 280 Sparrow Drive, Hercules, CA 94547 where he was personally served the summons and complaint. A Certificate of Service is attached herewith for filing with the Court.

II

Defendant Has Failed to Answer the Complaint or Otherwise

Defend This Action and Plaintiff is Entitled to a

<u>Judgment By Default</u>

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides that a defendant shall serve its answer to a complaint within twenty days of service of the latter. As noted above, the Complaint in this case was filed on May 16, 2007, and personally served upon the defendant.

The Summons, issued by the Court on May 16, 2007 and served upon the defendant on June 6, 2007, together with the Complaint, notified the defendant of its obligation to file an answer with the Clerk of Court, and to serve a copy of the Answer upon plaintiff, within twenty days from the date of service. Twenty days, from the June 6, 2007 service date was June 26, 2007. Plaintiff gave an extra seven days for defendant to file his answer. As of July 3, 2007, defendant had not filed an answer with the Clerk, had not served an answer upon plaintiff, had made no entry of appearance in this matter, and had not otherwise responded to the civil action instituted. To this date, defendant has undertaken no defense in this matter.

Plaintiff recognizes that entry of a default judgment against a defendant is a severe remedy. See, e.g., *E.F. Hutton & Co., Inc. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972). Where, as here, however, a party does not respond to a properly served Complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. See *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) (where party offers no good reason for late filing of answer, entry of default judgment appropriate); *First City Nat'l Bank of Fort Worth v. Cook*, 117 F.R.D. 390 (N.D. Tex. 1987)(default judgment appropriate where party served has failed to answer). Plaintiff would prefer that this case be decided upon its merits and has every confidence he would prevail at a trial. Since the defendant does not appear disposed to defend this action, however, this Court has as the only avenue available to conclude this matter, the entry of a default judgment against defendant.

III

The Default Judgment Sought by Plaintiff Should Be

<u>Awarded by this Court</u>

When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true, and this rule applies whether the complaint seeks legal or equitable relief. *Fed. Trade Comm'n v. Kitco of Nevada, Inc.* 612 F. Supp. 1282 (D.C. Minn. 1985). For the benefit of this Court in determining the remedy to apply in this case, should the Court agree to enter a judgment by default against defendant, plaintiff offers the following summary of

what he expects his evidence would have shown at a trial of this matter.

New evidence recently discovered in the form of a criminal complaint filed by Amerindia Foods Limited (AFL) in India proves beyond any reasonable doubt that Jagjit conspired with the Deputy Trial Counsel, Tammy Albertsen-Murray (Murray) of the State Bar Office of the Chief Trial Counsel, during the investigative stages of his complaint, to harm and injure plaintiff by fabricating, destroying and spoliating material evidence and agreeing with Murray to commit perjury during the depositions and trial and thus violate plaintiff's civil rights deliberately and intentionally. The complaint filed with this Court fully outlines most of the salient violations committed by Jagjit.

IV

Plaintiff Should Be Awarded Just And reasonable

Compensatory Damages

Even though plaintiff deserves both compensatory and punitive damages for the calculated harm and injury meted out to him by Jagjit by fraudulent and deliberate deception, plaintiff is foregoing his request for punitive damages.

Plaintiff respectfully requests this Court to please grant a just and reasonable compensatory damage award to plaintiff in the sum of Three Hundred seventy Thousand U.S. Dollars.

Loss of income for the following periods:

1. November 2001 through October 2004:    $120,000 per year for three years for defending wrongful conviction suit in the State Bar Court:    $120,000 X 3=$360,000

2. November 2004 through June 2006:    $15,000 per month for Nineteen Months for being on the inactive list by the order of the Hearing Judge.    $15,000 X 19=$285,000.

3. July 2006 through August 2007 for being unable to make a living by the order of the Supreme Court:    $15,000 X

13=$195,000

Total for ACTUAL loss of income to-date (August 2007) = $740,000*

Total judgment amount against Jagjit= $370,000**

* This is an estimated sum based on the current available average income of attorneys who have had over 25 years of practice.

** Plaintiff has equally divided the damages between Jagjit Singh Randhawa and Baljit Randhawa.

Respectfully submitted.

Dated this 19th day of October, 2007

_____
Padam K. Khanna, *Pro Se*

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA        )
                           ) ss    CASE NO:   C-07-5136 EMC
COUNTY OF ALAMEDA          )

I, Arthur Arenas, declare under penalty of perjury that the foregoing is true and correct. That I am over the age of 18 and not a party to the within action. I am a process server and my business address is: 414 Pendleton Way, Suite #2, Oakland, CA 94621.

On 08/14/2007, I served the foregoing document described as the following on the parties:

ORDER SEVERING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS JAGJIT SINGH RANDHAWA AND BALJIT RANDHAWA

in this action by placing a copy thereof enclosed in the sealed envelope addressed as follows:

JAGJIT SINGH RANDHAWA
280 Sparrow Drive
Hercules, CA 94547

BALJIT RANDHAWA
280 Sparrow Drive
Hercules, CA 94547

**[X] (BY CERTIFIED MAILING)** On 08/14/2007 from Oakland, CA, I enclosed a copy in an envelope and deposited the sealed envelope with the United States Postal Service Office by certified mailing, with postage fully pre-paid addressed above.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed at Oakland, California on 08/14/2007.

Arthur Arenas (#633 San Francisco County)



# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA       )
                          ) ss     CASE NO:    C-07-5136 EMC
COUNTY OF ALAMEDA         )

I, Arthur Arenas, declare under penalty of perjury that the foregoing is true and correct. That I am over the age of 18 and not a party to the within action. I am a process server and my business address is: 414 Pendleton Way, Suite #2, Oakland, CA 94621.

On 10/19/2007, I served the foregoing document described as the following on the parties:

> ORDER SETTING BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT OR, ALTERNATIVELY, REQUIRING PLAINTIFF TO SHOW CAUSE;

in this action by placing a copy thereof enclosed in the sealed envelope addressed as follows:

JAGJIT SINGH RANDHAWA
280 Sparrow Drive
Hercules, CA 94547

BALJIT RANDHAWA
280 Sparrow Drive
Hercules, CA 94547

**[X] (BY CERTIFIED MAILING)** On 10/19/2007 from Oakland, CA, I enclosed a copy in an envelope and deposited the sealed envelope with the United States Postal Service Office by certified mailing, with postage fully pre-paid addressed above.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed at Oakland, California on 10/19/2007.

_____
Arthur Arenas (#633 San FranciscoCounty)

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.41 |
| Certified Fee | | $2.65 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $3.06 |

Sent To: JAGJIT SINGH RANDHAWA
Street, Apt. No.; or PO Box No.: 280 SPARROW DRIVE
City, State, ZIP+4: HERCULES, CA 94547

PS Form 3800, June 2002         See Reverse for Instructions

7006 0810 0005 1546 8861