PADAM KUMAR KHANNA
2600 Tenth Street
Berkeley, CA. 94710

Tel: 1-510-549-2786
Fax: 1-510-549-2832

EMail: pkhanna@pacbell.net
*Pro Se*

UNITED STATES DISTRCIT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PADAM KUMAR KHANNA, | Case No: C07-5136-EMC |
| Plaintiff, | |
| vs. | |
| BALJIT RANDHAWA, | MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT, BALJIT RANDHAWA |
| Defendant. | |

Plaintiff hereby submits this Memorandum of Law in support of his Motion for Final Judgment against defendant BALJIT Randhawa.

MOTION FOR FINAL DEFAULT JUDGMENT - 1

I

Factual Background

Plaintiff filed a complaint against defendant BALJIT Randhawa (Baljit) on May 16, 2007 in the United States District Court for the Northern District of California, San Francisco Division along with five other defendants, State Bar of California, Pat McElroy, State Bar Court judge in her official as well as personal capacity, Tammy Albertsen-Murray, Deputy Trial Counsel in her official as well as personal capacity, Alice Verstegen, Investigator for the State Bar in her official as well as personal capacity and Baljit Randhawa. The Complaint raises Federal Questions and alleges violation of his civil rights in six counts, most particularly alleging that defendant BALJIT Randhawa (Baljit) conspired with Deputy Trial Counsel, Tammy Albertsen-Murray (Murray) to fabricate, destroy evidence and submitted to subornation by Murray to commit blatant perjury and cause irreparable harm and injury to plaintiff.

On the same day Plaintiff filed his Complaint, the Court issued a Summons in a Civil Action, which, in part, notified defendant that she must, within twenty days after service of the Summons, file with the Clerk of Court, and serve upon plaintiff an Answer to the Complaint. Defendant, through a recognized process server, Pro Serve of Alameda County, received service of the Complaint and Summons on June 6, 2007.  Defendant duly received the Complaint and Summons at her place of residence in Hercules, California.  By the expiration of the twenty-day period specified on the Summons, the defendant had not filed an Answer to the Complaint with the Clerk of this Court, nor had she served a copy of the Answer upon plaintiff. To date, the defendant has not responded to the Complaint, nor otherwise appeared in this action.

On July 3, 2007, plaintiff filed with this Court a Request for Entry of Default against defendant, which was entered on July 24, 2007 by the clerk of the Court.

On August 7, 2007, United State Magistrate Judge, Hon. Edward M. Chen, issued an Order severing plaintiff's claim against defendants Jagjit Randhawa and Baljit Randhawa after conferring with State Bar Defendants' (Pat McElroy, Tammy Albertsen Murray and Alice

Verstegen) attorney, Mr. Mark Torres-Gil, and plaintiff. Both plaintiff and Mr. Torres-Gil agreed that for the case to proceed smoothly against the State Bar Defendants who have all promptly made appearances before the Court, it was proper and necessary to sever plaintiff's claim against Randhawas in the interest of a prompt, orderly, economical and efficient disposal of this litigation. A copy of the Order severing plaintiff's claims against defendants Jagjit and Baljit Randhawa has been duly served upon both Jagjit and Baljit Randhawa at their residence address by certified mail as per the instructions of Hon. United States Magistrate Judge, Edward M. Chen. A Certificate of Service is attached herewith.

In his Order severing plaintiff's claims against defendant Jagjit Singh Randhawa, issued on August 7, 2007, Judge Chen indicated that he would assign the Randhawas case to a District Judge and would notify plaintiff about the new case number. As of October 10, 2007, plaintiff had not received any communication from Judge Chen. On October 11, 2007, plaintiff received an Order Setting Briefing Scheduled for Plaintiff's Motion for Default Judgment or, Alternatively, Requiring Plaintiff to Show Cause. In this Order a new case number was assigned but no District Judge was mentioned who is supposed to hear the Motion for Final Default Judgment. Docket Entry 3. Plaintiff, as per the instruction, has duly served a copy of this order on Baljit Randhawa on October 19, 2007 by certified mail. A Certificate of Service is attached herewith for filing with the Court.

II

Defendant Has Failed to Answer the Complaint or Otherwise

Defend This Action and Plaintiff is Entitled to a

<u>Judgment By Default</u>

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides that a defendant shall serve its answer to a complaint within twenty days of service of the latter. As noted above, the Complaint in this case was filed on May 16, 2007, and personally served upon the defendant. The Summons, issued by the Court on May 16, 2007 and served upon the defendant on June 6, 2007, together with the Complaint, notified the defendant of her obligation to file an answer

with the Clerk of Court, and to serve a copy of the Answer upon plaintiff, within twenty days from the date of service. Twenty days, from the June 6, 2007 service date was June 26, 2007. Plaintiff gave an extra seven days for defendant to file her answer. As of July 3, 2007, defendant had not filed an answer with the Clerk, had not served an answer upon plaintiff, had made no entry of appearance in this matter, and had not otherwise responded to the civil action instituted. To this date, defendant has undertaken no defense in this matter.

Plaintiff recognizes that entry of a default judgment against a defendant is a severe remedy. See, e.g., E.F. Hutton & Co., Inc. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972). Where, as here, however, a party does not respond to a properly served Complaint and ignores a duly issued and properly served Summons of a Court, a default judgment is the appropriate and, indeed, only recourse. See In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987) (where party offers no good reason for late filing of answer, entry of default judgment appropriate); First City Nat'l Bank of Fort Worth v. Cook, 117 F.R.D. 390 (N.D. Tex. 1987)(default judgment appropriate where party served has failed to answer). Plaintiff would prefer that this case be decided upon its merits and has every confidence he would prevail at a trial. Since the defendant does not appear disposed to defend this action, however, this Court has as the only avenue available to conclude this matter, the entry of a default judgment against defendant.

### III
### The Default Judgment Sought by Plaintiff Should Be
### Awarded by this Court

When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true, and this rule applies whether the complaint seeks legal or equitable relief. Fed. Trade Comm'n v. Kitco of Nevada, Inc. 612 F. Supp. 1282 (D.C. Minn. 1985). For the benefit of this Court in determining the remedy to apply in this case, should the Court agree to enter a judgment by default against defendant, plaintiff offers the following summary of what he expects his evidence would have shown at a trial of this matter.

New evidence recently discovered in the form of a criminal complaint filed by Amerindia Foods Limited (AFL) in India proves beyond any reasonable doubt that Baljit

conspired with the Deputy Trial Counsel, Tammy Albertsen-Murray (Murray) of the State Bar Office of the Chief Trial Counsel, during the investigative stages of her complaint, to harm and injure plaintiff by fabricating, destroying and spoliating material evidence and agreeing with Murray to commit perjury during the depositions and trial and thus violated plaintiff's civil rights deliberately and intentionally. The complaint filed with this Court fully outlines most of the salient violations committed by Baljit. However, one glaring example of deliberate commission of perjury under oath is Baljit's testimony during trial. Under questioning, she testified as follows:

> Q. Did you get a citation on February 22nd, 1996 from a police officer?
> A. Yes.
> Q. Do you remember what was that case about?
> A. ***I was driving the car*** (Emphasis added). I had no license, but I had a license from India, so I don't speak much English on that time, so I couldn't explain to the officer that I had a license from India. I don't have a license from here.
> Q. So this is your testimony that you were driving the car at that time this accident happened.
> A. Yes.
>
> (Trial .Trans. III-60:24-25, 61:1-9)

However, in her affidavit submitted under oath and under the penalty of perjury for the Temporary Restraining Order (TRO) in her Order to Show Cause in the Contra Costa Court, Case Number FL019677 dated <u>April 10, 1996</u>, (Emphasis added) she stated that at that point in time, February 22, 1996, she was NOT driving the Car as she did not know how to drive the car.   (Trial.Trans. II-73:8-25, 9:1-2)

Petitioner introduced his Exhibit OO, an Order to Show Cause filed by Baljit under the penalty of perjury under the laws of the State of California in the City and County of San Francisco, Superior Court, Case Number FL019677, filed April 10, 1996 showing that Baljit was represented by another attorney, Ms. Judy B. Louie, Esq.

Petitioner also drew the Court's attention to the statement made by Baljit about the Vehicle Code violation of February 1996 in her affidavit in the Order to Show cause. She stated:

> " 8.   On February 22, 1996, Respondent drove me to his brother's home to pick-up my social security card. When I got into the car, I noticed that Respondent was drunk. Respondent was driving very fast and was weaving between cars on the freeway. I was very afraid and told Respondent to slow down and drive carefully. Respondent then said, "I am going to kill you." Respondent hit 2-3 cars and accelerated toward a commercial truck. Respondent rammed my side of the car into the commercial truck. Respondent then pulled the car to the side of the freeway and got out of the car to talk to the truck driver. Respondent then drove away and let me on the side of the road.
>
> 9.   A passerby let me use his cellular phone and I called my brother-in-law and told him what happened. The police arrived and questioned me and issued a citation. I do not know how to drive a car and have never driven a car. ( See Exhibit A)"
>
> <u>Exhibit OO, Marriage of Randhawa</u>
> <u>Attachment to Application and</u>
> <u>Declaration for Order</u>
> <u>Page 3:1-17</u> Case No. FL019677, Filed April 10, 1996 in the San Francisco City and County and represented by an

Attorney by the name of Judy B. Louie of the Nihonmachi Legal Outreach.

Exhibit OO is attached herewith.

### IV

### Plaintiff Should Be Awarded Just And Reasonable

#### Compensatory Damages

Even though plaintiff deserves compensatory and punitive damages for the calculated harm and injury meted out to him by Baljit by fraudulent and deliberate deception, plaintiff is foregoing his request for punitive damages.

Plaintiff respectfully requests this Court to please grant a just and reasonable compensatory damage award to plaintiff in the sum of Three Hundred seventy Thousand U.S. Dollars.

Loss of income for the following periods:

1. November 2001 through October 2004: $120,000 per year for three years for defending wrongful conviction suit in the State Bar Court: $120,000 X 3=$360,000

2. November 2004 through June 2006: $15,000 per month for Nineteen Months for being on the inactive list by the order of the Hearing Judge. $15,000 X 19=$285,000.    July 2006 through August 2007 for being unable to make a living by the order of the Supreme Court: $15,000 X 13=$195,000

Total for ACTUAL loss of income to-date (August 2007) = $740,000*

Total judgment amount against Baljit= $370,000

* This is an estimated sum based on the current available average income of attorneys who have had over 25 years of practice.

MOTION FOR FINAL DEFAULT JUDGMENT - 7

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA         )
                            ) ss    CASE NO:    C-07-~~2507~~ 5136 EMC
COUNTY OF ALAMEDA           )

I, Arthur Arenas, declare under penalty of perjury that the foregoing is true and correct. That I am over the age of 18 and not a party to the within action. I am a process server and my business address is: 414 Pendleton Way, Suite #2, Oakland, CA 94621.

On 08/14/2007, I served the foregoing document described as the following on the parties:

ORDER SEVERING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS JAGJIT SINGH RANDHAWA AND BALJIT RANDHAWA

in this action by placing a copy thereof enclosed in the sealed envelope addressed as follows:

JAGJIT SINGH RANDHAWA
280 Sparrow Drive
Hercules, CA 94547

BALJIT RANDHAWA
280 Sparrow Drive
Hercules, CA 94547

**[X] (BY CERTIFIED MAILING)** On 08/14/2007 from Oakland, CA, I enclosed a copy in an envelope and deposited the sealed envelope with the United States Postal Service Office by certified mailing, with postage fully pre-paid addressed above.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed at Oakland, California on 08/14/2007.

_____
Arthur Arenas (#633 San Francisco County)

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $0.58 |
| Certified Fee | $2.65 |
| Return Receipt Fee (Endorsement Required) | $2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here — OAKLAND AIRPORT CA 94614 AUG 14 2007 USPS

Sent To: BALJIT RANDHAWA
Street, Apt. No.; or PO Box No.: 280 Sparrow Drive
City, State, ZIP+4: Hercules, CA 94547

PS Form 3800, June 2002        See Reverse for Instructions

7006 0100 0002 7811 6715

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss     CASE NO:     C-07-5136 EMC
COUNTY OF ALAMEDA            )

I, Arthur Arenas, declare under penalty of perjury that the foregoing is true and correct. That I am over the age of 18 and not a party to the within action. I am a process server and my business address is: 414 Pendleton Way, Suite #2, Oakland, CA 94621.

On 10/19/2007, I served the foregoing document described as the following on the parties:

> ORDER SETTING BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT OR, ALTERNATIVELY, REQUIRING PLAINTIFF TO SHOW CAUSE;

in this action by placing a copy thereof enclosed in the sealed envelope addressed as follows:

JAGJIT SINGH RANDHAWA
280 Sparrow Drive
Hercules, CA 94547

BALJIT RANDHAWA
280 Sparrow Drive
Hercules, CA 94547

**[X] (BY CERTIFIED MAILING)** On 10/19/2007 from Oakland, CA, I enclosed a copy in an envelope and deposited the sealed envelope with the United States Postal Service Office by certified mailing, with postage fully pre-paid addressed above.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed at Oakland, California on 10/19/2007.

_____
Arthur Arenas (#633 San FranciscoCounty)

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.41 |
| Certified Fee | | $2.65 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $3.06 |

Sent To: JAGJIT SINGH RANDHAWA
Street, Apt. No.; or PO Box No.: 280 SPARROW DRIVE
City, State, ZIP+4: HERCULES, CA 94547

PS Form 3800, June 2002          See Reverse for Instructions

7006 0810 0005 1546 8861