UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PADAM KUMAR KHANNA,<br><br>    Plaintiff,<br><br>    v.<br><br>BALJIT RANDHAWA, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-07-5136 EMC<br><br><br>**REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Docket Nos. 4-5 )** |

Plaintiff Padam Kumar Khanna moves for default judgment against defendants Baljit Randhawa and Jagjit Singh Randhawa. The Clerk of the Court entered default against the Randhawas on July 24, 2007.

Mr. Khanna alleges that the Randhawas offered perjurious testimony at a State Bar Court proceeding that ultimately ended in his disbarment. As a result, Mr. Khanna seeks a total of $740,000 in damages based on a theory that such recovery is allowed under 18 U.S.C. § 1621, the federal perjury statute.

Having considered Mr. Khanna's brief and supporting documents, the Court hereby issues the following report and recommends that his motion for default judgment be **DENIED**.

## I.    FACTUAL & PROCEDURAL BACKGROUND

In December 2001, Jagjit Singh Randhawa and Baljit Randhawa (husband and wife) filed a complaint against Mr. Khanna over an investment transaction involving $31,000 of the Randhawas' money. *See In re Khanna (State Bar Decision)*, No. 02-O-11383-PEM, at 7 (Cal. State Bar Ct. Oct. 20, 2004). Following an investigation of the complaint, the State Bar of California filed a seven-

count Notice of Disciplinary Charges against Mr. Khanna with the State Bar Court on June 25, 2003, leading to the a three-day trial before the court from August 17-19, 2004. *Id.* at 2. The State Bar Court found that the Randhawas gave Mr. Khanna the money to invest in Amerindia Foods Limited, a food company that Mr. Khanna knew or should have known was a sham. *Id.* at 21. Further, the court found that the Randhawas' money was deposited into a bank account, which was eventually depleted to pay for Mr. Khanna's "personal bills and expenses." *Id.* at 6.

On October 20, 2004, the State Bar Court recommended that Mr. Khanna be disbarred for his misappropriation of the Randhawas' money and other related charges.[1] On June 21, 2006, the California Supreme Court summarily rejected Mr. Khanna's petition for review of the State Bar Court's decision and formally ordered that he be disbarred. *See Khanna on Discipline*, No. S141019, 2006 Cal. LEXIS 9943 (Cal. June 21, 2006).

On May 16, 2007, Mr. Khanna filed suit against the Randhawas and several State Bar officials alleging multiple causes of action related to his State Bar Court proceeding. He alleged, in part, that there was new evidence discovered in India that showed that the defendants conspired to commit perjury. *See* Compl. ¶ 12, *Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633 (N.D. Cal. 2007) (No. C07-2587 EMC). The only cause of action explicitly asserted against the Randhawas was "Violation of 18 U.S.C. § 1621 - Perjury." Mr. Khanna alleged that the Randhawas "resorted to lies and false statements" in order to attack his credibility during the State Bar Court trial. *Id.* ¶ 76. Specifically, Mr. Khanna alleged that there were inconsistencies in Baljit Randhawa's testimony regarding whether she was driving when a vehicle citation was issued in 1996. *Id.* ¶¶ 76-78. Mr. Khanna also made a similar allegation against Jagjit Randhawa about his testimony regarding the same incident. *Id.* ¶ 81.

The Randhawas never responded to Mr. Khanna's complaint, and default was thereby entered upon them by the Clerk of the Court on July 24, 2007. By defaulting, the Randhawas effectively withheld consent to be heard before this Court. Since both Mr. Khanna and the State Bar

---

[1] In total, the State Bar Court concluded that Mr. Khanna failed to avoid interests adverse to his client, misappropriated the Randhawas' funds, failed to return the Randhawas' files, failed to complete an accounting of the Randhawas' funds, made misleading statements regarding client funds to the State Bar, and misled the State Bar regarding the Randhawas' files. *See State Bar Decision*, at 11-17.

defendants had already consented, the Court severed the claims against the Randhawas to allow the suit proceed.[2] *See Khanna v. State Bar of Cal.*, No. C-07-2587 EMC, 2007 U.S. Dist. LEXIS 59945 (N.D. Cal. Aug. 7, 2007) (order severing plaintiff's claims against the Randhawas). In the order severing the Randhawas, the Court provided that upon a motion for default judgment by Mr. Khanna, a report and recommendation would be prepared and that the case against the Randhawas would be reassigned to a District Judge for proper disposition. *See id.* at *9.

Motions for default judgment against the Randhawas were filed by Mr. Khanna with this Court on October 22, 2007. Though not explicitly stated in the instant motions, a reading of Mr. original complaint shows that the only cause of action at issue in these motions is Mr. Khanna's perjury claim. This is the only claim to be considered by this Court.[3]

Mr. Khanna has provided notice to the Randhawas of this suit on three occasions. First, copies of Mr. Khanna's original complaint were served against the Randhawas on June 6, 2007. He then provided the Randhawas with notice of the order severing the claims against them from the original suit on August 14, 2007 by certified mail. Most recently, he served the Randhawas with his motions for default judgment on October 19, 2007 by certified mail. As of the date of this order, the Randhawas have yet to answer.

## II. DISCUSSION

A. <u>Adequacy of Service of Process</u>

When deciding a motion for default judgment, a court must first "assess the adequacy of the service of process on the party against whom default is requested." *Bd. of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D.

---

[2] Mr. Khanna's claims against the State Bar defendants were eventually dismissed by this Court with prejudice. *See Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633 (N.D. Cal. 2007) (granting defendants' motion to dismiss).

[3] Mr. Khanna implies in his motions for default judgment that the Randhawas conspired with the State Bar defendants to deprive him of his civil rights. *See* Mot. for Default J. Against Jagjit Singh Randhawa at 5; Mot. for Default J. Against Baljit Randhawa at 4-5. However, a formal claim was not pleaded in his original complaint, and therefore, will not be considered as part of the instant motions. Mr. Khanna was given prior notice that his perjury claim would be the only one at issue in a motion for default judgment. *See also Khanna v. State Bar of Cal.*, No. C07-2587 EMC, 2007 U.S. Dist. LEXIS 59945 (N.D. Cal. Aug. 7, 2007) (order severing plaintiff's claims against Randhawa defendants) (stating that the only claim severed is the perjury claim against the Randhawas).

Cal. Jan. 2, 2001). The Federal Rules of Civil Procedure provide that defendants can be served by "delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age." Fed. R. Civ. P. 4(e)(2).

The process server left a copy of the Mr. Khanna's complaint at a home in Hercules, California with a female who withheld her name, but was described to be in her mid-40s and of East Indian descent. *See* Docket Nos. 9-10, *Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633 (N.D. Cal. 2007) (No. C07-2587). Service was effected on June 6, 2007, and a certificate of service was filed with this Court on June 21, 2007. *Id.* There is no indication before this Court that the address served was not the Randhawas' dwelling. Since such service complies with Rule 4(e)(2), the Court accordingly concludes that service of process was proper.

B.   Default Judgment and *Eitel* Factors

After an entry of default, a court may grant a default judgment on the merits of the case. *See* Fed. R. Civ. P. 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Where default has already been entered, a court must take as true all factual allegations in the plaintiff's complaint, except for those related to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

The Court concludes that an entry of default judgment is not proper in the case at bar. Weighing in favor of Mr. Khanna are the fifth and sixth *Eitel* factors. There is no evidence that the Randhawas' default was likely due to excusable neglect. Also, since Mr. Khanna's allegations must be accepted as true and there has been no submission otherwise, there is no suggestion that there would be a dispute as to the material facts. However, the remaining *Eitel* factors weigh heavily

against default judgment. For example, Mr. Khanna would not suffer prejudice from a denial of his default judgment motion. As will be discussed, Mr. Khanna's claim is not actionable and therefore he cannot suffer any prejudice. Moreover, Mr. Khanna is seeking $740,000 against the Randhawas. This would represent a substantial judgment against these individual defendants, taking into account that as of 2004, Mr. Randhawa worked as a gas station attendant and at a rental car company, and Mrs. Randhawa worked at a fast food restaurant. *See State Bar Decision*, No. 02-O-11383-PEM, at 2.

The only factors deserving an extended discussion are the second and third *Eitel* factors - *i.e.*, the merits of Mr. Khanna's claim and the sufficiency of his complaint

Mr. Khanna claims that the Randhawas perjured themselves during their testimony during his State Bar Court trial. He states that he has a cause of action pursuant to 18 U.S.C. § 1621, which provides that anyone found guilty of perjury "shall, except as otherwise expressly provided by law, be fined . . . or imprisoned not more than five years, or both." This theory lacks merit.

Mr. Khanna has not shown that a private right of action is available under 18 U.S.C. § 1621. The statute does not expressly provide for a private right of action for perjury. Additionally, there is no indication that an implied right of action exists. Implied private rights of action through federal criminal statutes rarely arise, and where they do, there must be some statutory basis to make an inference that one exists. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). To guide this analysis, the Ninth Circuit continues to use the four considerations announced by the Supreme Court in *Cort v. Ash*, 422 U.S. 66 (1975). *See Williams v. United Airlines*, 500 F.3d 1019, 1023 (9th Cir. 2007). *Cort* requires the court to consider

> [f]irst, is the plaintiff one of the class for whose especial benefit the statute was enacted-that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* at 1023 (quoting *Cort*, 422 U.S. at 78). Out of these four factors, the second weighs most heavily. *Williams*, 500 F.3d at 1023. "The judicial task is to interpret the statute Congress has

passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

Quite obviously, the criminal perjury statute provides a heavy incentive for the truth to come out at trial, thereby benefitting the entire judicial process. This speaks to the first *Cort* factor, and supports the view that Mr. Khanna, as a plaintiff and a party to the judicial process, can be seen as within the class of persons that the statute is meant to benefit. However, there is no indication of congressional intent that a private remedy should be available. Neither Mr. Khanna nor a plain reading of the statute indicate that Congress intended to provide private citizens with the right to enforce the criminal perjury statute. The statute merely provides that persons found guilty of perjury shall be subjected to criminal fines and imprisonment. *See* 18 U.S.C. § 1621. The final two *Cort* factors also fail to support a finding of a private right. As mentioned prior, private rights of action rarely arise out of federal criminal statutes, and finding a remedy for the plaintiff here would be inconsistent with the purposes of the legislative scheme - *i.e.*, to provide *criminal* penalties for perjury. Finally, Mr. Khanna has not shown that a remedy for perjury is one traditionally relegated to state law.

With no congressional intent to create a private right of action present, and with negligible support from the other subsidiary *Cort* factors, the Court finds no implied private right of action available under 18 U.S.C. § 1621. The Court notes that by concluding that no such private right of action exists, it joins other courts that have already concluded the same. *See, e.g.*, *Roemer v. Crow*, 993 F. Supp. 834 (D. Kan. 1998), *aff'd*, 162 F.3d 1174 (10th Cir. 1998) (citing *Ippolito v. Meisel*, 958 F. Supp. 155, 167 (S.D.N.Y. 1997) and *LaBoy v. Zuley*, 747 F. Supp. 1284 (N.D. Ill. 1990)).

Even assuming *arguendo* that there was a private cause of action under 18 U.S.C. § 1621, Mr. Khanna's claim would still fail since the Randhawas are immune to civil liability for their testimony. Under long-standing common law doctrine, witnesses are given absolute immunity from

civil liability for their testimony in judicial proceedings.[4] *See Briscoe v. LaHue*, 460 U.S. 325, 330-34 (1983); *Franklin v. Terr*, 201 F.3d 1098, 1101 (9th Cir. 2000) (stating that witness immunity is based on policy of protecting the judicial process). The Supreme Court further emphasized the durability of this immunity by observing that it was even extended in cases where the witnesses "knew the statements were false and made them with malice." *Briscoe*, 460 U.S. at 332. The Court acknowledges that Mr. Khanna's complaint questions the Randhawas' credibility at the State Bar hearing, but this does nothing to subvert the Randhawas' absolute witness immunity to his civil claims.[5]

At common law, absolute witness immunity was not granted where the allegations of a complaining witness "wrongfully bring about a prosecution." *See Harris v. Roderick*, 126 F.3d 1189, 1198 (9th Cir. 1997). *See also Malley v. Briggs*, 475 U.S. 335, 340 (1986); *Paine v. City of Lompoc*, 265 F.3d 975, 981 n.2 (9th Cir. 2001). Though the Randhawas filed the original complaint that precipitated the disciplinary process, this exception is inapplicable since their complaint did not lead to a malicious and baseless prosecution. A malicious prosecution charge under California law requires that the underlying proceedings end in the plaintiff's favor. *See Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006). Even if Mr. Khanna alleged malicious prosecution in his complaint, this cause of action would have clearly failed since the State Bar Court and the California Supreme Court ruled against him on the disciplinary charges. Moreover, the testimony Mr. Khanna complains about was related to a driving incident, which was immaterial to the Randhawas' complaint and the State Bar charges prosecuted against him.

---

[4] The Court notes that the Ninth Circuit has ruled that State Bar Court proceedings can be defined as judicial in character. *See Hirsh v. Justices of the Supreme Court of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995).

[5] To the extent that Mr. Khanna suggests in his motions for default judgment that the Randhawas conspired with the State Bar defendants to violate his civil rights, the Randhawas' common law witness immunity would shield them. In *Franklin v. Terr*, the Ninth Circuit explicitly held that common law immunity "applies to allegations of conspiracy to commit perjury by someone who has testified as a witness." 201 F.3d at 1102. The *Franklin* plaintiff alleged that a psychiatrist conspired with prosecutors to give false testimony at a murder trial. 201 F.3d at 1099-1100. The Ninth Circuit, affirming the district court's decision granting the psychiatrist's motion to dismiss, reasoned that allowing a plaintiff to claim that a conspiracy existed to circumvent absolute witness immunity would "undermine the purposes served by granting witnesses absolute immunity from damages under § 1983." *Id.* at 1101.

Finally, Mr. Khanna suggests in his original complaint that he may have a cause of action under California Penal Code Section 118, the state counterpart to 18 U.S.C. § 1621. However, this argument is unavailing for reasons similar to those that defeated his claim under federal law. Most significantly, California courts have explicitly held that there is no civil cause of action for perjury. *See Rusheen v. Cohen*, 128 P.3d 713, 723 (Cal. 2006) (citing *Pollock v. Univ. of S. Cal.*, 6 Cal. Rptr. 3d 122 (Cal. Ct. App. 2003)). Furthermore, California has codified the common law witness immunity that provided a shield to Mr. Khanna's federal perjury claim. *See* Cal. Civ. Code § 47(b) (providing that any "broadcast" in a judicial proceeding is privileged); *see also Moore v. Conliffe*, 871 P.2d 204, 207 (Cal. 1994) (finding that the state legislature through Section 47(b) has "accorded an absolute privilege or immunity to statements made in" judicial proceedings and any other official proceeding authorized by law).

Accordingly, the Court concludes that Mr. Khanna cannot maintain a perjury action against the Randhawas under 18 U.S.C. § 1621. As such, this sole claim lacks merit and is insufficient.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Mr. Khanna's motions for default judgment be **DENIED** with prejudice. Mr. Khanna has failed to plead any actionable claims against the Randhawas.

Mr. Khanna is directed to serve a copy of this report and recommendation on defendants Baljit Randhawa and Jagjit Singh Randhawa forthwith, with a Certificate of Service to be filed with the Court.

Any party may file objections to this report and recommendation with the district judge within ten days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

Dated: December 4, 2007

EDWARD M. CHEN
United States Magistrate Judge

**United States District Court**
For the Northern District of California

1
2
3
4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PADAM KUMAR KHANNA,    No. C-07-5136 EMC

    Plaintiff,

  v.

**CERTIFICATE OF SERVICE**

JAGJIT SINGH RANDHAWA, *et al.*,

    Defendants.

_____/

    I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Padam Kumar Khanna
Khanna & Narain
2600 10th Street
Berkeley, CA 94710-2522
*AND VIA ELECTRONIC FILING*

Dated: December 4, 2007        RICHARD W. WIEKING, CLERK

    By: _____/s/_____
        Leni Doyle
        Deputy Clerk

9