PADAM KUMAR KHANNA
2600 Tenth Street
Berkeley, CA. 94710

Tel: 1-510-524-6181
Fax: 1-510-524-6765

EMail: pkhanna@pacbell.net
*Pro Se*



FILED

DEC 1 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRCIT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

PADAM KUMAR KHANNA,

        Plaintiff,

    vs.

JAGJIT SINGH RANDHAWA , BALJIT
RANDHAWA,

        Defendants.

Case No: C-07-5136 ~~EDC~~ CW

**OBJECTIONS TO REPORT AND**

**RECOMMENDATIONS OF**

**MAGISTRATE JUDGE EDWARD CHEN**

**RE PLAINTIFF'S MOTION FOR**

**DEFAULT JUDGMENT**

    Plaintiff filed a Complaint for money damages against State Bar of California, State Bar Court Judge, McElroy, Deputy Trial Counsel, Albertsen-Murray, State Bar investigator Verstegen, Jagjit Randhawa and Baljit Randhawa for money damages under 42 U.S.C. 1983 for six counts of violation of his civil rights. All counts raised federal questions. 1) Fifth Amendment –fair trial. See Compl. 52-64, 2) Fourteenth Amendment – Due Process, both Procedural and Substantive. Compl 65-69, 3) 42 U.S.C. 1985(2) – Conspiracy to violate civil

1    rights. 70-72, 4) Fourteenth Amendment – Equal Protection. Compl. 70-72, 5). 18 U.S.C. 1621 –
2    Perjury. 75-86, 6) Sixth Amendment –Right to Counsel. Compl. 87-89.

3        On July 24, 2007, plaintiff obtained an entry of default against Randhawa.

4        On August 7, 2007 Judge Chen on his own motion severed the claims of Jagjit Randhawa
5    and Baljit Randhawa (Collectively 'Randhawas') following a brief telephone conversation with
6    plaintiff and Mr. Mark Torres-Gil, representing only the State Bar defendants.  No appearance
7    was made by Randhawas.    Randhawas refused to follow orders of the court despite proper
8    service of Summon and Complaint by a process server and neither filed any responsive pleadings
9    as to the complaint nor signed and filed the Consent Order for Judge Chen to try the case. Mr.
10   Torres-Gil representing all State Bar defendants filed a Motion to Dismiss in place of answers
11   and filed the Consent Order.

12       In the telephone conversation between Judge Chen, Mr. Torres-Gil and Plaintiff,
13   Judge Chen stated that he was going to sever the claims against Randhawas because the
14   Randhawas had not filed the Consent Order which prohibited him to proceed.

15       Judge Chen decided to sever the claims for two reasons: One for the case to
16   proceed against the State Bar defendants quickly and two for economic and judicial
17   efficiency.  Both plaintiff and Mr. Torres-Gil agreed about the severance.  Judge Chen
18   also stated that he would immediately assign the case re Randhawas to a District Court
19   judge and Mr. Khanna, the plaintiff, would be hearing directly from the assigned district
20   judge soon.

21       As of August 21, 2007, the date of hearing of the Motion to Dismiss filed by the
22   State Bar defendants, plaintiff had not received any Notice of Impending Reassignment
23   to a United States District Judge.  Judge Chen had not filed his Report and
24   Recommendations re severance and default judgment prior to the hearings on State Bar
25   defendants' Motion to Dismiss.

26       Hearing on defendants State Bar's Motion to Dismiss was held on August 22,
27   2007.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OBJECTION NUMBER ONE**

**RECUSAL OF MAGISTRATE JUDGE CHEN**

Plaintiff, respectfully states that Judge Chen should have recused himself from

Filing a Report and Recommendation Re Plaintiff's Motion for Default Judgment against Jagjit

Randhawa and Baljit Randhawa under 28 U.S.C. Section 455, Disqualification of Justice, Judge,

or Magistrate which states:

"a) Any justice, judge, or magistrate of the United States shall disqualify himself in any

proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or a
personal knowledge of disputed evidentiary facts concerning the
proceeding; .."

Judge Chen was fully cognizant of the fact that he had a clear conflict of interest and

carried a personal bias and prejudice against plaintiff because of the following reasons:

1.    Judge Chen was the Magistrate Judge in case *Khanna v. State Bar of*

*California et.al,* 505 F. Supp. 2d 633 (N.D. Cal. 2007) (No. C07-2587 EMC) wherein both

Jagjit Singh Randhawa (Jagjit) and Baljit Randhawa (Baljit) were also the defendants.  On

his own motion before the hearing on defendant State Bar's Motion to Dismiss, Judge Chen,

severed Plaintiff's claims against defendants Jagjit Singh Randhawa and Baljit Randhawa.

See *Order Severing Plaintiff's Claims Against Defendants Jagjit Singh Randhawa and Baljit*

*Randhawa.* As such he had personal knowledge of disputed evidentiary facts concerning the

proceedings.

2.    During the half hour period of hearing held on August 22, 2007, Judge Chen

showed and clearly exhibited bias and prejudice against plaintiff.  There were numerous

incidents during this brief period where Honorable Judge Chen's tone and inflections were

condescending and appear to demean plaintiff's integrity.  Plaintiff fully honored the dignity of

the bench and accorded all due respect to the judge and the position he occupied.  However,

plaintiff felt quite intimidated and nervous as it was obvious that the judge was biased and

prejudicial.  Plaintiff's ethnicity is that of East Indian descent and judge Chen's ethnicity is

probably Chinese.  As there is an age old animosity between people of Chinese origin and Indian

origin, the racial and ethnicity issue did cross plaintiff's mind.  It could be plaintiff's nervousness

and/ or figment of his imagination, or may be he is paranoid, but plaintiff did believe that there

was bias and prejudice present.  (Plaintiff does apologize for entertaining such thoughts).  A clear

example of Judge Chen's attitude against plaintiff" was during the arguments where plaintiff

tried to explain that the Ninth Circuit Court *Hirsh* case might be in conflict with U.S. Supreme

Court's case *Keeler v. State Bar*.  Judge Chen got angry, interrupted plaintiff and remanded

plaintiff that he was talking to a trial court lawyer. (That's what plaintiff believes was said but

the Transcript of the proceedings indicates, " You are talking to a Trial  Court Level." *Page 14 of

the Transcript of Proceedings.*  In another instance Judge Chen's tone was very angry and it

appeared that he had decided to punish plaintiff for no apparent reason.

     3.     It was also obvious that the outcome of the Motion to Dismiss would be granted.

That's acceptable, legal and very much within his discretion.  However, Judge Chen appeared to

be enjoying by subtly punishing plaintiff.  Plaintiff did mention that he is being punished.  See

*Page 24, Lines 20-21 of the Transcript of Proceedings*.

     4.     Recusal or disqualification was further warranted as Judge Chen had ALREADY

GRANTED defendant State Bar's Motion to Dismiss <u>with prejudice</u> (emphasis added)[1].

     He had first hand personal knowledge of the disputed facts.  He did not pay any attention

to the NEW EVIDENCE submitted with the complaint.  Though damage has already been done

and his decision has been appealed to the Ninth Circuit Court of Appeal, plaintiff believes that

---

[1] See *Freeman v. Oakland U.S.D.* (Docket No. 981686o) (9th Cir. 1999) where the Court ordered the district court to modify its Order from "dismissed with prejudice to "dismiss without prejudice so that plaintiff could pursue his remedies in the State Court.

1  said "Recommendations" should have been submitted PRIOR to the hearing and therefore,

2  should be disregarded and the District Court should assess the Motion to Enter Default *de novo*.

3       U.S. Supreme Court has explained, "[t]he very purpose of [section] 455(a) is to promote

4  confidence in the judiciary by avoiding even the appearance of impropriety." *Liljeberg v. Health*

5  *Services Acquisition Corp.*, 486 U.S. 847 at 858-62 (1988).

6

7                              **OBJECTION NUMBER TWO**

8                    **DEFAULT JUDGMENT AND *EITEL* FACTORS**

9

10      Plaintiff has been unable to find a single Supreme Court or U.S. Court of Appeals case

11  which denies Default Judgment by Court where the defendants have blatantly defied court

12  orders, summons, and various requests to make an appearance.  There are cases where

13  defendants have petitioned the Court for vacating default judgment after it has been entered.  The

14  case in point is *Eitel v. McCool*, 782 F.2d 1470,  which has been prominently cited by Judge

15  Chen.  In that case NO disregard for the complaint and summons was made.  Responsive

16  pleading was filed and the Court took into consideration responses made by McCool.  Here there

17  is a total disregard for court orders.  Judge Chen has acted as defense lawyer for Jagjit and Baljit

18  and has advanced some very scholarly and interesting but inapplicable theories.

19      Judge Chen advances two novel theories in his report wherein he argues that two factors

20  enumerated by *Eitel* Court, namely the merits of plaintiff's substantive claim and the sufficiency

21  of the complaint.

22      a)Private Right of action for violation of a federal criminal statute:

23      Judge Chen depending considerably on *Cort v. Ash*, 422 U.S. 66 (1975), forcefully argues

24  that a private right of action is not available under 18 U.S.C. § 1621 which is a criminal statute.

25  Rept.¶¶ 5.  He further argues that even the implied private rights of action through federal

26  criminal statutes rarely arise and that there must be a statutory basis to make an inference that it

27  exists.  Judge Chen is misguided in this analysis.  First the criminal statute, he has cited in *Cort*

28  *v. Ash* is a 'bare' criminal statute which has no bearing on the perjury statute. It is a criminal

statute which prohibits corporations from making contributions or expenditures in connection with specified federal elections. This §601should not and cannot be applied to other criminal statutes such as perjury 18 U.S.C. 1621, 1623. In *Cort, supra,* itself, the Supreme Court stated that clearly, provision of a criminal penalty does not necessarily preclude implication of a private cause of action for damages. *Wyandotte Transportation Co. v. United States,* 389 U.S. 191, 201 - 202 (1967); see also *J. I. Case Co. v. Borak,* 377 U.S. 426, 434; *Texas & Pacific R. Co. v. Rigsby,* 214 U.S. 33,39-42 (1916). However, in *Wyandotte, Borak,* and *Rigsby* as there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone. See, *Cort v. Ash,* 422 U.S. 66 at 80. Here in our case, there are numerous civil causes of action against the defendants – conspiracy, malicious prosecution, abuse of process, misrepresentation, fraud and intentional infliction of emotional distress to name a few.

Furthermore, it must be pointed out that in civil proceedings, most courts have applied 18 U.S.C §1621 where it is apparent that the false statement is material. In *Kungys v. United States, 485 U.S. 759 (1988)*, the Supreme Court set forth the primary definition of materiality for all false statement statutes. A false statement is material if it had a "natural tendency to influence, or was capable of influencing, the decision of the decision making body to which it was addressed."

The Ninth Circuit has clearly defined the issue of materiality in *United States v. Clark,* 918 F. 2d 843 (1990). In *Clark,* the defendants had been charged and convicted under 18 U.S.C § 1621 as a result of false deposition testimony they provided during the course of their employment discrimination lawsuit against the Oakland Police Department. Id at 844-45. In their depositions, they falsely claimed that they had missed work due to illness on a particular occasion and denied that they had ever abused the department's policy. The Court held that such false statements were material to the defendants' **civil suit**, for a truthful answer could have influenced jury in deciding whether the defendants were disciplined for legitimate or discriminatory reasons. Id at 846-47.

Here it were the false statements of Jagjit and Baljit which were the primary reason for judge McElroy of the State Bar Court to rule against plaintiff. Judge McElroy emphasized 1)

that the monies Jagjit gave plaintiff was NOT transmitted to Indian company – Jagjit testimony,
2) that Jagjit never received the stock certificate promised to him – Jagjit testimony, 3) that Jagjit
never received any communication from the Indian company  - therefore the company was sham
and non-existent.  These are some of these material statements.  These were false and
complainants knew them to be false. Plaintiff is enclosing documents which are  duly attested,
notarized and authenticated by the American Embassy is India which speak for themselves. See
Exhibit A, Exhibit B, Exhibit C and  Exhibit D.[2]

## OBJECTION NUMBER THREE
## ABSOLUTE IMMUNITY FOR WITNESSES

Judge Chen has made a grave error by designating Jagjit and Baljit as witnesses.  They
are not witnesses.  They are complainants.  They have filed a complaint under the penalty of
perjury and under the laws of the State of California.  State Bar attorney, Murray is pursuing
Jagjit and Baljit's complaint.  This is a State Bar Court trial.  State Bar Court is not a Court of
Law.  It is *sui geniris*. *OBrien v. Jones*, 23 Cal. 4th 40, 999 P.2d 95 (2000), *In re Attorney
Discipline System*, 19 Cal.4th 582 (1998), *In re Rose*, 22 Cal. 4th 430.  Jagjit and Baljit are the
real parties in interest.  The common law doctrine of absolute immunity from civil liability does
not extend to complainants who testify at the trial.

## OBJECTION NUMBER FOUR
## FAILURE TO STATE ACTIONABLE CLAIM BY PLAINTIFF

Judge Chen concentrates on the allegation of perjury ONLY against Jagjit and Baljit and
totally ignores the main allegations and crux of the entire complaint.  Plaintiff has stressed and
emphasized the issues of conspiracy between Jagjit, Baljit, Murray and Verstegen to violate

---

[2]  These foreign documents are admissible in U.S. Courts. See *Societe National Industrielle Aerospatiale v. U.S.
District Court*, 107 S. Ct. 2542 & N. 28 (1987). *Grand Jury Proceedings: The Bank of Nova Scotia II, In re* , 740
F.2d 817 (11th Cir. 1984), *cert. den.*, 469 U.S. 1106 (1985); 105 S. Ct. 778 (1985); *United States v. Bank of Nova
Scotia I*, 691 F.2d 1384 (11th Cir. 1982), cert. denied, 103 S. Ct. 3086 (1983); *Richmark Corp. v. Timber Falling
Consultants*, 959 F.2d 1468 (9th Cir. 1992); *In re Perrier Bottled Water Litigation*, 138 F.R.D. 348 (D. Conn.
1991); *Reinsurance Co. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275 (7th Cir. 1990*); In Re Grand Jury
Proceedings Yanagihara*, 709 F. Supp. 192 (C.D. Cal 1989);

1    various of his constitutional rights. This conspiracy is enmeshed, intertwined and central to

2    plaintiff's claim against Jagjit and Baljit. Commission of perjury by these two defendants is one

3    of the elements in furtherance of the scheme to deprive plaintiff of his liberty and property rights.

4    Prior to filing the Notice of Disciplinary Charges in June 2003, complainants undertook various

5    overt acts of falsifying records, fabricating documents, destroying material and crucial evidence

6    in *collusion* with the State Bar prosecutors and investigators. This scheme was solely intended to

7    get plaintiff disbarred wherein plaintiff would lose his license to practice law, thus depriving

8    plaintiff of his due process rights of liberty and property. There is more than sufficient evidence

9    now before the Court to convince any jury about this sinister scheme of complainants

10   accomplished in collusion with the prosecutor under 'color of state law' involving various

11   Business and Profession Code statutes and Rules of Procedure and Rules of Practice Before the

12   State Bar.

13       Judge Chen knows and is cognizant of the fact that plaintiff did suggest in his motion for

14   default judgment about Randhawas (Jagjit and Baljit) conspiring with the State Bar defendants to

15   violate his civil rights. See *Footnote 5, page 7 of the Report and Recommendation.*

16   However, by relying on the ruling of *Briscoe v. LaHue*, 460 U.S. 325 and *Franklin v. Terr*, 201

17   F. 3d 1098 1101 (9th Cir. 2000), Judge Chen dismissed conspiracy allegations against the

18   Randhawas by according them absolute immunity as witnesses. As stated this is incorrect,

19   inapplicable and prejudicial ruling. Judge Chen had known and knows that Jagjit Randhawa and

20   Baljit Randhawa are NOT witnesses. They are complainants.

21       Plaintiff 's main cause of action against Jagjit and Baljit is that of Conspiracy with

22   the State Bar prosecutors aimed at deprivation of his constitutional rights wherein

23   plaintiff was to be deprived of his constitutional rights of liberty and property by

24   subjecting him to disbarment. Complainants Jagjit and Baljit, in collusion with the State

25   Bar trial counsels, developed an illegal plot and scheme of violating his due process

26   rights (both procedural as well as substantive), violating his Equal Protection rights under

27   the Fourteenth Amendment, violating his due process rights, his constitutional rights of

28

1  liberty and property under the color of state law guaranteed under the Fourteenth

2  Amendment.

3        Plaintiff would prove to the jury that both Jagjit and Baljit were absolutely

4  responsible, both directly and indirectly, and instrumental in depriving plaintiff of his

5  federally protected constitutional rights to a fair trial by submitting false documents and

6  withholding crucial evidence.

7        Plaintiff heavily relies upon Justice Harlan's analysis in *Adickes v. Kress & Co.*,

8  398 U.S. 144 (1970) wherein Justice Harlan laid down governing principles about

9  conspiracies between public official and private persons.  Justice Harlan stated:

> "Although this a lawsuit against a private party, not the state
> or one of its officials, our cases make clear that petitioner will
> have made out a violation of her Fourteenth Amendment rights
> and will be entitled to relief under 1983 if she can prove that a
> Kress employee, in the course of employment and a Hattiesburg
> policeman somehow reached an understanding to deny Miss
> Adickes service in the store, or to cause her subsequent arrest
> because she was a white person in the company of Negroes."
> 398 U.S. at 152-153.

Mr. Justice Black, concurring in the judgment, stated:

> "The existence or non-existence of a conspiracy is essentially
> a factual issue that the jury, not the trial judge, should decide."
> 398 U.S. at 176.

## CONCLUSION AND PRAYER

        Plaintiff certainly wants the trial before the jury.  Plaintiff wants Randhawas to answer some vital questions about the horrific scheme to destroy plaintiff's hard earned license, reputation and means of making a living.  Randhawas are afraid that now the truth has come out and Ms. Murray and company are not there to defend them. Plaintiff wants this case to be decided on merits They don't want to face the truth and have chosen not to respond.  Plaintiff respectfully requests this Court to GRANT plaintiff's Motion

1   for Entry of Default against complainants who have brazenly defied ALL notices from
2   the court.  Not to do so would have a very chilling effect on the entire public with a
3   message that, "Yes sir,  you can disregard any summons, any notices from the United
4   States Courts if you have a sympathetic judge.  Even if the judge knows and agrees that
5   you have committed OBVIOUS perjury under the laws of the State and have
6   CONSPIRED with a state or public official to deprive a citizen of his constitutional rights
7   under the color of state laws, the judge would get you off on his own motion by clever
8   legal theories."

9          It is respectfully requested that the Court should disregard Judge Chen's
10  recommendations for want of actionable claims as it is well settled that a complaint should
11  be dismissed ONLY for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)
12  where it appears **beyond doubt** that the Plaintiff can prove no set of facts in support of his claim,
13  which would entitle him to relief. *Terracom v. Valley National Bank*, 49 F.3d 555, 558 (9th Cir.
14  1995) (quoting Conley v. Gibson, 355 U.S. 41, 45- 46, 2 L.Ed. 2d 80, 78 S.Ct. 99 (1957)). Here
15  plaintiff has clearly alleged that Randhawas conspired with State Bar defendants to deprive him
16  of his constitutional rights.  There is ample attested, authenticated and notarized documentation
17  which clearly points out the conspiracy.  Furthermore, allegations of fact in the complaint must
18  be taken as true and construed in a light most favorable to a non-moving party. *Symington*, 51
19  F.3d at 1484. Judge Chen, himself agrees that "Mr. Khanna's allegations must be accepted as
    true." See *Recommendations, page 4, Lines 26, 27.*

20         Plaintiff's primary concern is to clear this  horrible stigma of being a 'dishonest man.'
21  Plaintiff in his seventy years has never ever been regarded as a dishonest or unlikable person.
22  For over twenty five years he has practiced project finance and has excelled in his legal field.  He
23  has provided excellent legal services to all his clients. He has been hired as consultant and
24  advisor on international project finance matters by reputable firms like Gibson, Dunn and
25  Crutcher; White & Case; Gray Cary; Akin Gump Straus et.al.  He wanted to help this couple
26  because they could not speak English well and spoke plaintiff's mother tongue.  Plaintiff does
27  not practice criminal law yet he helped this couple because of their language difficulty.  Plaintiff
    provided extraordinary legal services to these clients and is still owed over $19,000 as fees.

28

1   Randhawas took advantage of the good and trustworthy nature of plaintiff. His only brush with
2   the law has been a speeding ticket, long time ago, for driving at 40 M.P.H. in a 35 M.P.H. zone.
3       Judge Chen has suggested that a judgment of approximately $740,000 would be too much
4   of a burden on complainants. Though this team of husband and wife owns real estate properties,
5   houses, in this state and agricultural land and real property in India, plaintiff would be satisfied if
6   the monetary judgment is reduced to mere $150,000 which is very affordable as it would pay for
    the litigation expenses incurred by plaintiff for the past five years. Plaintiff will accept whatever
7   this Honorable Court decided to be the fair compensation. It must be pointed out to the Court
8   that the Supreme Court has allowed even punitive damages in section 1983 cases. See *Smith v.*
9   *Wade*, 461 U.S. 30. There the court stated:

10

11          "The large majority of state and lower federal courts were in agreement that
            punitive damages awards did not require a showing of actual malicious intent;
12          they permitted punitive awards on variously stated standards of negligence,
            recklessness, or other culpable conduct short of actual malicious intent.
13          The same rule applies today. The Restatement (Second) of Torts (1979), for
14          example, states: "Punitive damages may be awarded for conduct that is
            outrageous, because of the defendant's evil motive or his reckless indifference to
15          the rights of others." 908(2) (emphasis added); see also id., Comment b." Id 461
16          U.S. at 46-47

17      Because of these false, intentional inflictions of harm and collusions with the State Bar
18   prosecutors 'under the color of state law, plaintiff has NOT been able to make a living for five
19   years.

20

21   *Respectfully Submitted*

22   Dated this 14th day of December, 2007

23                                                           *signature*
                                                             PADAM KUMAR KHANNA
24                                                           *Pro Se*

25                                                           2600 Tenth Street, Suite 407
                                                             Berkeley, CA. 94710
26
                                                             Tel: 1-510-549-2786
27                                                           Fax:1-510-549-2832
                                                             EMail: pkhanna@pacbell.net
28

1

## CERTIFICATE OF SERVICE

2

3    STATE OF CALIFORNIA    )
                          ) ss       **CASE NO:    C-07-2587 EMC**

4    COUNTY OF ALAMEDA    )

5    I, John Napiza, declare under penalty of perjury that the foregoing is true and correct.  That I am over the age of 18 and not a party to the within action. I am a process server and my business

6    address is: 414 Pendleton Way, Suite #2, Oakland, CA 94621.

7    On 12/11/2007, I served the foregoing document described as the following on the parties:

8    REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT(Docket Nos.4-5), CERTIFICATE OF SERVICE;

9    in this action by placing a copy thereof enclosed in the sealed envelope addressed as follows:

10   JAGJIT SINGH RANDHAWA
     280 Sparrow Drive
11   Hercules, CA 94547

12   BALJIT RANDHAWA
     280 Sparrow Drive
13   Hercules, CA 94547

14   **[X] (BY CERTIFIED MAILING)** On 12/11/2007 from Oakland, CA, I enclosed a copy in an envelope and deposited the sealed envelope with the United States Postal Service Office by

15   certified mailing, with postage fully pre-paid addressed above.

16   I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

17

18   Executed at Oakland, California on 12/11/2007.

19

20

21   John Napiza (#964 Alameda County)

22

23

24

25

26

27

28



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.58 |
| Certified Fee | | $2.65 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $3.23 |

0007
07
12/11/2007

Postmark Here
OAKLAND CA AIRPORT STA 94614 USPS
DEC 11 2007

*Sent To*
**BALJIT RANDHAWA**
*Street, Apt. No.; or PO Box No.*
**280 SPARROW DRIVE**
*City, State, ZIP+4*
**HERCULES, CA 94547**

PS Form 3800, June 2002                    See Reverse for Instructions

7006 0810 0005 1546 8491



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.58 |
| Certified Fee | | $2.65 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $3.23 |

0007
07
12/11/2007

Postmark Here
OAKLAND CA AIRPORT STA 94614 USPS
DEC 11 2007

*Sent To*
**JAGJIT SINGH RANDHAWA**
*Street, Apt. No.; or PO Box No.*
**280 SPARROW DRIVE**
*City, State, ZIP+4*
**HERCULES, CA 94547**

PS Form 3800, June 2002                    See Reverse for Instructions

7006 0810 0005 1546 8484

EXHIBIT A

Certificate of Incorporation

Of the Indian Company AFL

ANNEXURE No. **1**

प्राप्त भारत आर्य
Form I.R.

निगमन कर प्रमाण–पत्र

# CERTIFICATE OF INCORPORATION

ता............... ........................यम् म ..............................

No.......01-14978...... of 19...92-93....

मैं एतद्द्वारा प्रमाणित करता हूं कि आज्ञ ............

कम्पनी अधिनियम, 1956 ( 1956 को 1 ) के अधीन निगमित की गई है और यह
कम्पनी परिसीमित है ।

I hereby certify that....AMERINDIA FOODS LIMITED................................

.........................................................................................................

.........................................................................................................

is this day incorporated under the Companies Act, 1956 (No.1 of 1956) and that the
Company is limited.

मेरे हस्ताक्षर से आज्ञ ता...... ........................ ........................को दिया गया ।

Given under my hand at ..........HYDERABAD...............this....30th................

day of......October........ ....One thousand nine hundred and....Ninety two..

(8th Kartika 1914 saka)

P. Rama Rao
(P.RAMA RAO)

कम्पनियों का रजिस्ट्रर
ASST. Registrar of Companies
Andhra Pradesh.

ANNEXURE No....**1**



COPY TO COPY
Date.............  Examiner

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Co...
Ram Pura, Delhi-110035.

EXHIBIT B

Certificate of Commencement of Business

Of the Indian Company AFL

ANNEXURE No. **2**

— 18 —

Co.No. 01-14978    

**Certificate for Commencement of Business**

Pursuant of Section 149 (3) of the Companies Act, 1956.

I hereby certify that the AMERINDIA FOODS LIMITED _____

_____

_____

which was incorporated under the Companies Act, 1956, on the __30th__

day of __October__ 19 92 and which has this day filed a duly verified

declaration in this prescribed form that the conditions of section 149 (1) (a) to

(d)/149(2)(a) to (c) of the said Act, have been complied with is entitled to

commence business.

Given under my hand at __Hyderabad__ _____

this __Third__ _____ day of __March__ _____ One thousand nine

hundred and __Ninety four.__ _____

(N.R.SRIDHARAN)
Registrar of Companies
ANDHRA PRADESH:HYDERABAD

J.S C.-10

ANNEXTURE '2'

ANNEXTURE No. **2**



**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ram Fura, Delhi-110035.

COPY TO COPY

Date.................

EXHIBIT C

PHOTOCOPY OF THE SHARE CERTIFICATE

IN THE NAME OF JAGJIT SINGH RANDHAWA

ANNEXURE No....4....

ANNEXURE No....4....

Certificate No......8......

No. of Shares ....50,000.....

Share Ledger Folio ...37....

# SHARE CERTIFICATE
## AMERINDIA FOODS LIMITED

(Incorporated under the Indian Companies Act, 1956)
Authorised Capital Rs. 10,000,000/-
Divided into 1,000,000 Shares of Rs.10/-...........each

INDIAPO

This is to Certify that .Jagjit Singh Randhawa....
is the Registered holder of .50,000.... Shares of Rupees 10/-......... each
numbered from ......7/........ to .500,30...... both inclusive in the above named
Company subject to the provisions of the Memorandum and Articles of
Association thereof & upon which calls have been made as per endorsement
on reverse.

Given under the common Seal of the said company this 12th day of May 2003

For Amerindia Foods Limited

Authorised Signatory

Director                    Director
                            Managing Director Managing Director

COPY TO COPY
Date.........  Examiner

VIJAY DATTA
Sub Divisional
Rajouri Garden
Old Middle School Complex
Ram Pura, Delhi-110035

EXHIBIT D

BANK RECEIPT INDICATING THAT JAGJIT

RANDHAWA'S MONEY WAS

RECEIVED WITHIN ONE MONTH

OF DEPOSIT IN MR. KHANNA'S ACCOUNT



यूनियन बैंक ऑफ इंडिया
**UNION BANK OF INDIA**

नाशिक शहर—422001 (महाराष्ट्र)
Nasik City—422001 (Maharashtra)

No. 001108

53 238  21

30 - 12 - 1996

Pay to AMERINDIA FOODS LTD या धारक को or Bearer

रुपये Rupees Five Lacs only

अदा करें

₹.Rs. 5,00,000

N.R.E.
बचत बैंक खाता नं. S.B. A/C No. 12454

FOR THE A/c of.
SHRI JAGJIT SINGH RANDHAWA
U.S.A

ATTN. SHRI S. BHATIA
D.F

**ANNEXTURE No. 5**

COPY TO COPY
Date.......

Examiner

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ramn Pura, Delhi-110036.