EXHIBIT 'A'

ATTESTED, AUTHENTICATED AND NOTARIZED COPY OF THE
CRIMINAL COMPLAINT FILED AGAINST JAGJIT SINGH
RANDHAWA BY AMERINDIA FOODS LIMITED (AFL) INDIA
IN AN INDIAN COURT

## GENERAL AUTHENTICATION CERTIFICATION

| | | |
|---|---|---|
| **REPUBLIC OF INDIA** | ) | |
| **CITY OF NEW DELHI** | ) | **SS:** |
| **EMBASSY OF THE UNITED** | ) | |
| **STATES OF AMERICA** | ) | |

I certify that the official named below, whose true signature and official seal are, respectively, subscribed and affixed to this document, was, on this day, empowered to action the official capacity designated in the document, to which faith and credit are due.

*Sanjeev Manchanda*

NAME OF INDIVIDUAL

SIGNATURE OF CONSULAR OFFICER

Patrick McNeil
Consul
U. S. Embassy
New Delhi, India
COMMISSION EXPIRES : INDEFINITE

NAME/TITLE OF THE OFFICER

8 FEB 2007

DATE

IN THE COURT OF SH. ACMM, ROHINI DISTRICT, COURT DELHI

COMPLAINANT NUMBER _____ OF 2006

IN THE MATTER OF: -

M/S Amerindia Foods Limited
14E/CC Harinagar
New Delhi 110064

...COMPLAINANT

VERSUS

Sh. Jagjit Singh Randhawa
395 Sparrow Drive
Hercules, California
United States of America

Smt. Baljit Singh Randhawa
395 Sparrow Drive
Hercules, California
United State of America

...ACCUSED PERSONS

COMPLAINT U/S 156 (3) Cr.P.C READ WITH 420/120B/471/191 OF IPC ON
BEHALF OF COMPLAINANT

COMPLAINANT FILED UNDER IPC SECTIONS 191 THROUGH 209
INCLUSIVE FOR FILING FALSE EVIDENCE AND COMMITTING PERJURY
UNDER OATH; IPC SECTION 120B, CRIMINAL CONSPIRACY READ WAITH
SS 471 AND 420, IPC FOR CONSPIRING WITH THE STATE BAR OF
CALIFORNIA, USA, PROSECUTOR TO USE FORGED DOCUMENTS AND IPC
SECTIONS 206 TO 211, INCLUSIVE, ABUSE OF PROCESS.



**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035

सं० 20138 दिनांक 7 FEB 2007
No. ........ Date ........ / सब डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / मामलतदार के हस्ताक्षर
सत्यापित किये जाते हैं।
The Signature of SDM/DM(Executive)
Magistrate / Registrar of Marriage /
Mamlatdar Attested.

(संजीव मनचन्दा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (ओ०आई०)
Section Officer (O.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

MINISTRY OF EXTERNAL AFFAIRS · GOVT. OF INDIA · विदेश मंत्रालय · भारत सरकार

27/11/7

C.S. 1 ... 1

... की संख्या
... प्रस्तुत करने की तारीख
185 /
... जार हो गई
... की गई और
25
... फीस
30 x 5 = 150
(a) 1-4-6
8
(क) ... पर्ची पर
(ज) ... यह ... निकाले ... सूची में निर्धारित है
(a) 1-56
... और ... व्यय
और
(ङ) ... व्यय
कुल वसूली
देने या भेजने की तारीख
दिनांक

— 2 —

1.  Complaint Company, Amerindia Foods Limited, hereinafter referred to as AFL, is a duly registered Indian Corporation in the State of Andhra Pradesh with offices at New Delhi and Nasik, Maharashtra. It was incorporated on 30th October, 1992 (8th Kartikika 1914saka), under the Indian Company Act 1956 pursuant to Section 149 (3). Its corporate number is 01-14948. The Certificate of Incorporation is attached herewith as ANNEXTURE 1.

2.  AFL commenced its agriculture based business on 3rd March, 1994. The Certificate of Commencement of Business is attached as ANNEXTURE 2. Mr. Kanwal Sain is the Chairman and Managing Director of the company and is fully conversant with the facts and is authorised by the Resolution dated November 4, 2006, unanimously passed by the Board of Directors, to sign, verify and institute the present suit. The said Resolution is attached herewith as ANNEXTURE 3.

3.  Accused Number One, Jagjit Singh Randhawa, hereinafter referred to as 'Randhawa', is a United States citizen and a person of Indian origin who has conducted business with AFL since November 20, 1996 and is a duly registered shareholder of AFL holding Share Certificate Number 8, issued on 13th of November, 2003 against the payment of Rupees 5,00,000 duly received by AFL on 30th December, 1996. The Share Certificate is attached herewith as ANNEXTURE 4. The receipt of Rs. 5,00,000 for the account of Shri Jagjit Singh Randhawa deposited in the Union Bank of India, Nasik is attached herewith as ANNEXTURE 5 and it bears the Union Bank of India deposit receipt number 001108 and the account number of AFL.

4.  Accused Number Two, Baljit Singh Randhawa, who is also a United States citizen and a person of Indian origin, is the wife of Defendant Number One. Defendant Number Two claims that the

2



VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035



सं० ...२०१३६... दिनांक :...
No. ............. Date ............ **1 7 FEB 2002**
क्रतिरिथा दिला मजिस्ट्रेट / राम डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विबाह
रजिस्ट्रार / नाम वादार के दुस्त.खर
सत्य.पित किये जाने हैं ।
The Signature of / SDM/SDM(Executive)
Magistrate / Registrar of marriage /
ATTESTATION attested

(संजीव मनचन्दा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी, (सी०भा०)
Section Officer (O.I.)
बीपीबी प्रभाग/CPV Division
विदेश मन्त्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

- 3 -

amount of Rs. 5,00,000 sent to AFL by *Accused* Number One,
also belonged to her in part.

## INTRODUCTION

5.     This is a case of first impression before this Honourable Court.
The crucial referenced case before this Hon'ble Court is the
California, U.S.A., Case of Padam Kumar Khanna v. State Bar
of California, Supreme Court case No. S141019, decided by
summary disposal of the Petition of Padam Khanna on June 21,
2006. It is a historical case which challenges the capricious and
arbitrary condemning of a duly registered Indian company by a
non judicial referee of the State Bar Court of the State of
California. As the California Supreme neither granted a hearing
nor gave any written opinion in this matter, the decision of the
State Bar Court was held to be the final decision of the Supreme
Court of California itself. This decision, unprecedented even in
the United States courts, violates the very basic principles of
jurisdiction, service of notices and processes and right to a
judicial hearing under our judicial system. Furthermore, by
committing serious acts of Perjury, Falsification of Evidence
and Abuse of Process, Defendants Jagjit Randhawa and Baljit
Randhawa, herein after referred to collectively as 'Randhawas',
have deliberately, knowingly, wantonly and with total
disregards to the truth and veracity, have subjected Plaintiff to
world-wide disgrace, shame, ridicule, hatred and slander *per se*.

6.     The Supreme Court of California, the highest court of the state
has absolute jurisdiction over the State Bar Court. After the
decision of the judge of the State Bar Court, the Supreme Court
summarily affirmed the said decision. It is not clear whether the
Supreme Court read or vetted the documents presented at the
trial at the State Bar Court level or not but by summary disposal,
the decision is allowed to stand as the decision of the Supreme

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
School Complex,
0035



27 FEB 2001

सं० .....2017 दिनांक........
No. ...................... Date ...................
अतिरिक्त विवाह रजिस्ट्रार / राज डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / वास्तव २ के हस्ताक्षर
सत्य.पित्त किये गये हैं ।
The Signature of Adl./SDM/(Executive)
Magistrate / Registrar of Marriage /
Maintainer Attested

(संजीव मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (को.वार्ता)
Section Officer (C.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

-4-

Court. It is very bizarre and outre action by the Supreme Court.
As the facts and the law of this case stand, by summary
affirmation it has overruled a number of its own cases,
positively set precedents of denial of due process of law both of
liberty and property to the petitioner, has directly ridiculed,
debased, defamed and attacked Amerindia Foods Limited, a
duly registered company of India which was neither a party in
the proceedings nor was ever served with summons and
complaint. Plaintiff humbly requests this Court to protect the
honour, dignity and mere survival of a small Indian duly
registered corporation from this published decision which has
blatantly and discriminatively been ridiculed, slandered and
libeled *per se* in the Court of California, U.S.A., which had no
jurisdiction over our Indian corporation. Leave alone the issue
of jurisdiction, the California High Court did not even consider
the following basic legal principles, prevalent in almost all
civilized and decent democratic countries.

A. No complaint or summons were ever filed, issued or
served on our corporation. [It is not that our Indian
Courts only serve the defendants with proper
summons and complaint, the California Courts also
require service of summons and complaint before
any judgment is passed. See California Code of Civil
Procedure.

B. No opportunity to defend or be heard was accorded
to AFL.

C. Officers of our corporation were labeled as
dishonest, conniving, liars and untrustworthy persons
*in absentia.*

D. Duly stamped copies by the Registrar of Companies
of the State of Andhra Pradesh of a) Certificate of
Incorporation and b) Commencement of Business
Certificate were summarily rejected as sham and thus
dishonoured by the California Court without any
proof or explanation whatsoever.

E. _____ were allowed by the sitting referee of the
State Bar Court where the three days trial was held to



**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden
Old Middle School Complex,
Rampura, Delhi-110035



सं० 20175 ....... दिनांक ....................

No. ...................... Date ..............

बनिर्देशक रिज्य पंजिकेट / राज डिविजनल

मजिस्ट्रे / प्रशासनिक पंजितृ: / विवाह

पंजिकृत / कमचारार के हस्त पार

बरम.मित दिरो जाते हैं ।

The Signature of ADJ/SDM (Executive)

Magistrate / Registrar of marriage /

Mamlatdar Attested

(संजीव मनचंदा)

(SANJEEV NANCHANDA)

अनुभाग अधिकारी (सी०ना०नि०)

Section Officer (C.O.I)

सीपीवी प्रभाग/CPV Division

विदेश मंत्रालय, नई दिल्ली

Min. of External Affairs, New Delhi

17.FEB 2007

- 5 -

tell incredulous and totally unbelievable lies under
oath. A direct and mind-boggling example is where
Defendant Two, Baljit Randhawa, testified that she
drove a car for the First Time in her life on
California Freeways all by herself on reaching the
country from her village in Punjab on a visa where in
another court affidavit she testified that she had
never ever driven a car not even in India and she had
no license. [It is an established fact that even expert
drivers from India are very careful in driving on the
Freeways of America because of keeping to the right
of the road and the steering wheel of American cars
is on the left side of the road. The State Bar Court
judge WAS FULLY COGNIZANT OF THIS FACT
and yet she ignored it and by implication believed
Defendant Two. Because the California Supreme
Court summarily denied judicial hearing and written
opinion, the State Bar Court judge's opinion is now
the standing judgment. Over ONE BILLION people
of our country are going to be in awe and would
never believe such fabricated story – a village girl
from Amritsar, who had never driven a car, got
behind a parked car on the streets of San Francisco,
California, on arrival into the country and took off on
the Freeways..

F.  There are seventeen instances of lies and
contradictions of both defendants stated under oath
in both the depositions and the trial. These instances
are well documented and shall be presented to this
Honourable Court at the time of trial.

## STATEMENT OF FACTS

7.  Mr. Padam Kumar Khanna, hereinafter referred to as 'Mr.
Khanna',an attorney in the State of California, was retained by
AFL in November 1995 to negotiate purchase of food processing
machinery from the United States and Italy for our new plant, to be
constructed, in Nasik.

8.  Early 1996, Mr. Khanna had a client, named Jagjit Singh
Randhawa who hailed from India. In September 1996, Randhawa
approached Mr. Khanna

9.  On September 17th, 1996, our Chairman and General Counsel, Mr.
Chiter S. Khanna, Advocate of Supreme Court of India met with

VIJAY DATTA
Sub-Divisional Magistrate

2 7 FEB 2002

2 7 FEB 200

सं० 2०।24 दिनांक
No. .............. Date .............
अतिरिक्त जिला मजिस्ट्रेट / सब डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / बक्सादार के हस्ता0 पर
सत्य0चित0 किये जाते हैं ।
The Signature of Ar.D.M./S.D.M.(Executive)
Magistrate / Registrar of marriage /
Mamlatdar Attested



(संजीव मनिवंदन)
SANJEEV MANIBANDAN
अनुभाग अधिकारी (सी0पी0वी0)
Section Officer (CPV)
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

— ૬ —

Mr. Rachhpal Singh, hereinafter referred to as 'Singh', brother in
law of Randhawa at Hilton Hotel, Barakhamba Road, New Delhi.
Singh needed help in immigration issue and stated to Mr. Chiter
Khanna that he had to migrate to U.S.A. as soon as possible. The
meeting was set up through Mr. Padam Khanna of California who
had given instructions to Defendants Randhawas in the United
States. A copy of said instructions is attached herewith as
ANNEXTURE 6.

10.   During this meeting Singh learned about AFL and its connection
      with Mr. Khanna, his brother-in-law's lawyer. Singh enquired
      from Mr. Chiter S. Khanna whether he or his brother-in-law could
      invest in AFL. Mr. Chiter Khanna advised that he did not see any
      problem in an Indian citizen investing in an Indian company.
      Three days later Singh visited AFL's offices in Nasik and received
      the investment application.

11.   On or about November 18, 1996, AFL was informed by Mr.
      Khanna that one of his client, Mr. Jagjit Singh Randhawa,
      hereinafter referred to as 'Randhawa', had deposited $16,000 U.S.
      Dollars in Khanna Foods, USA, dormant account. Khanna Foods
      account was set up in the USA exclusively for dealing with AFL
      and for no other purpose. Khanna Foods account number was duly
      registered with the Reserve Bank of India for receiving royalties
      and payments in U.S. dollars. Mr. Khanna informed AFL that this
      deposit was made by Randhawa without his knowledge.

12.   .On learning about this deposit, AFL consulted its lawyers in India
      and Reserve Bank of India consultants and advisors. AFL was
      advised as follows:
      "The Foreign Exchange Regulation Act, 1973 (FERA) as amended
      strictly disapproved hard currency investments by foreigners in an
      Indian Public Limited Company such as AFL."

6.



AY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035

सं० 20173 दिनांक 7 FEB 2007
No. ........ Date ........

अतिरिक्त जिला मजिस्ट्रेट / सब डिविजनल मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह रजिस्ट्रार / मामलतदार के हस्ताक्षर सत्यापित किये जाते हैं ।

The Signature of ADM/SDM/(Executive) Magistrate / Registrar of Marriage / Mamlatdar Attested

(संजीव मनचन्दा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (ओ०आई०)
Section Officer (O.I)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

- 7 -

13.   Mr. Khanna was, therefore, advised to remit the said investment of $16,000 to AFL's Bank Account Number 12457 at the Union Bank of India at Nasik City – 422 001, Maharashtra. Mr. Khanna duly deposited this sum on or about November 25th, 2006 which was finally deposited on the books of AFL on 30th December, 1996. At that point in time, $16,000 amounted to approximately Rs. 5,52,000. After other extraordinary bank and overseas transfer fees etc., a sum of Rs. 5,00,000 was duly deposited in the account of Shri Jagjit Singh Randhawa in the books of AFL. See ANNEXTURE 5.

14.   AFL, as an Indian corporation was duly bound to obey, honour and follow the laws of its land. Therefore, AFL advised Mr. Khanna that after informing the Reserve Bank of India about this unsolicited and illegal investment, it will duly refund the money to Randhawa.

15.   In accordance with the company practice, AFL, Director of Finance, Shri Suresh Bhatia, duly acknowledged the receipt of $16,000 amounting to Rs. Five Lakhs and Fifty Two Thousand only (Rs.5,52,000) on 21st December, 1997. This letter was mailed by regular airmail, postage prepaid to Randhawa's address in El Cerrito, California- 2023 Key Boulevard Street. An office copy of AFL letter is attached herewith as ANNEXTURE 7.

16.   In January, 1997, Randhawaa called AFL from United States and stated that his brother in-law, Singh, would remit the other Rs.5,00,000 because of his mistake of depositing $16,000 in Khanna Foods, USA so that all transaction are proper and legal according to Reserve Bank of India. AFL officer who talked to Randhawa would testify before this Hon'ble Court under oath.

17.   In July, 1997, one of AFL's officers, Mr. Arthur Berg met with Randhawa in the Berkeley, California offices of Mr. Padam

7

AY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035



सं० . 20-12 दिनांक ... **17 FEB 2007**
No. ........ Date ...........
अतिरिक्त जिला मजिस्ट्रेट / सब डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / नम्बरदार के हस्ताक्षर
सत्यापित किये जाते हैं ।
The Signature of ADM/SDM(Executive)
Magistrate / Registrar of Marriage /
Mamlatdar Attested



(संजीव मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (ओ-आई.)
Section Officer (O.I)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

- 8 -

Khanna where AFL had set up temporary arrangement to negotiate purchase of machinery. Randhawa investment was duly discussed and he was informed that he had to fill certain applications for purchase of shares as required by the Reserve Bank of India. He was given those forms. Randhawa also discussed the job application of his brother-in-law and his friend with AFL. A tentative offer of employment was made by Mr. Berg and a letter was issued which on July 7, 1997 which is attached herewith as ANNEXTURE 8. It should be pointed out to this Hon'ble Court that there is a typographical error in the date of the letter which reads July 7, 1007 instead of 1997. Mr. Arthur Berg is ready to testify before this Hon'ble Court about his meeting with Randhawa and the subsequent offer of employment.

18. Sometime in September, 1997, Singh called Mr. Virender Kumar, Secretary Corporate Affairs in Nasik and promised remittance of another Rs. 5,00,000 for the account of Randhawa to make his total investment as Rs. 10,00,000. [Mr. Virender Kumar is unsure of the exact date. However, he can testify that it was prior to 19th of September, 1997.] On 19th September, Mr. Virender Kumar issued a letter to Randhawa at his work place and informed him that o the strength of his brother-in-law's promise of remittance of another Rs.5,00,000, and completion of application and approval of Reserve Bank, he would be issued AFL stock worth Rs. 10, 00,000. This letter is attached herewith as ANNEXTURE 9.

19. No remittance was ever received by either Randhawa or Singh ever since.

20. During the period of 1997 and up to February 2003 there were severe financial problems were faced by AFL management including delivery of machinery from abroad and the problem of agricultural land owned by AFL in Nasik. Nasik offices were temporarily closed in March 2003.

8.



**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035

सं० .20।7।. दिनांक 17.FEB 2002
No. ...................... 'Date'...............
कनिष्ठ जिला मजिस्ट्रे / सब डिविजनल
मजिस्ट्रे / कार्यकारी मजिस्ट्रे / विवाह
रजिस्ट्रार / म.म सदार के हस्ताक्षर
सत्य.पित किये जाते हैं ।
The Signature of ADM/SDM(Executive)
Mag strate / Reg strar of marriage /
Mamlatdar attested



(संबी ( मनचन्दा)
(RANJEEV MANCHANDA)
अनुभाग अधिकारी (सी.वी.पी.)
Section Officer (O I)
वीसीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

–9–

21.  In September 2003, AFL received a redirected letter of one Ms. Alice Verstegen, Senior Investigator of Office of the Chief Trial Counsel of the State Bar of California enquiring about the amount of $16,000 as investment in AFL by Randhawa. A copy of that letter is attached herewith as ANNEXTURE 10.

22.  Immediately on receipt of this letter, Mr. Chiter Khannna, as the acting Chairman of AFL along with Mr. Kanwal Khanna, the addressee of The State Bar of California's letter replied IN DETAIL ALL THE QUESTION. A reading of this letter, ANNEXTURE 11, is extremely important as it clearly and unequivocally affirms the correspondence and telephone conversations between Randhawa and AFL and it chronologically details the relationship. Because AFL had not received any reply to its previous letters to Randhawa at his previous address of El Cerrito, California and even to AFL's letter addressed to his work place, AFL sent this important letter duly signed by both officers. after discussing it at AFL's Board Meeting, AFL made sure to have a record of this letter. Therefore, AFL, in accordance with the international practice of receipt enclosed the letter in an envelop and placed the envelop in a DHL COVER and sent it to the State Bar of California addressed to Ms. Alice Verstegen, Special Investigator on 17 September, 2003. A true copy of the said Airway Bill, Number 190179750 is attached herewith a ANNEXTURE 12

23.  The State Bar of California Prosecutor in a most bizarre, outré, illegal and unethical manner destroyed, hid or withheld the DHL Cover during the trial before the State Bar Court judge and stated that there was NO DHL cover and that AFL NEVER mailed that letter from India. Prosecutor placed the enclosed ordinary envelop containing the letter of AFL and displayed surprise about the appearance of the letter at the desk of the Special Investigator. To add insult to the injury, the Special Investigator also testified that

9

**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035

7 FEB 2007

सं० ....20170.... दिनांक..................
No. ............ Date ..................
अतिरिक्त जिला मजिस्ट्रेट / उप डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / मामलतदार के हस्ताक्षर
सत्यापित किये जाते हैं।
The Signature of ADM/SDM(Executive)
Magistrate / Registrar of Marriage /
Mamlatdar Attested

(संजीव मनचन्दा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (ओ०आई०)
Section Officer (O.I)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

MINISTRY OF EXTERNAL AFFAIRS
विदेश मंत्रालय
GOVT. OF INDIA
भारत सरकार
558

— 10 —

the said letter mysteriously appeared at her desk and that there was no DHL Cover to it. The DHL Cover was intentionally, deliberately, knowingly and wantonly destroyed or withheld by the Prosecutor in criminal conspiracy with defendant Jagjit Singh Randhawa.

## CAUSES OF ACTION

I.  **a. Giving and Fabricating false Evidence:**

Section 191 of the Indian Penal Code states that whoever, being legally bound by an oath or by an express provision of law to state the truth, or by being bound by law to make a declaration upon any subject, makes any statement which is false, and which he either knows or believes to be false or does not believe to be true, is said to give false evidence.

By making untrue and fabricating statements, under oath and before the Court as a witness, Randhawas have committed criminal offence under IPC Section 191. A glaring example of one of such acts is Jagjit Randhawa's statement to the Court that Amerindia is a non-existent and a sham corporation, not incorporated in India and that he had neither received any correspondence nor communicated with its officers. [Officers of Amerindia are standing by to testify otherwise before this Hon'ble Court.

**b. Fabricating false evidence:**

Section 192 of the Indian Penal Code states that whoever causes any circumstances to exist or makes any false entry in any book or record, or makes any document containing a false statement, may appear in evidence in a judicial proceeding, or in a proceeding taken by law before a public servant as such, or before an arbitrator, and that such circumstance, false entry or false statement, so appearing in evidence, may cause any person who in such proceeding is to form an opinion upon the evidence, to certain an erroneous opinion touching any point material to the result of such proceeding, is said 'to fabricate false evidence'.

10

**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035





सं॰ No. 20169    दिनांक 27.FEB.2007

अतिरिक्त निर्देश/अनुदेश/अनुमत/अनुमोदन विचिनल
अनिवार्य / आवश्यक आदेश / निर्णय
अनुसरण / प्रचार करें /कर
हस्तांतरित की जाए
To .............................(Executive)
Mos ............................(Marriage)
Maintained attested



(संजीव मनचन्दा)
SANJEEV MANCHANDA
अनुभाग अधिकारी (औ॰कार्य॰)
Section Officer (O.I.)
वीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Mis. of External Affairs, New Delhi

— ( ( ̅

By filing a false complaint with the State Bar of California with allegations that they had not received the Stock Certificate from Amerindia, Randhawas have committed a Criminal Offence under Section 192 of IPC.

**c. Punishment for false evidence:**

Section 193 of the Indian Penal Code states that whoever intentionally gives false evidence in any stage of a judicial proceeding, or fabricates false evidence for the purpose of being used in any stage of a judicial proceeding, shall be punished with imprisonment of either description for a term which may extend to seven years, and shall also be liable for fine.

As there is an ample proof, supported by fully authenticated documents, this Court has the proper jurisdiction to impose the maximum penalty of imprisonment of full seven years upon Randhawas. Their various deliberate criminal acts have caused a very severe economic and irreparable harm and injury to Amerindia and this Hon'ble Court must impart justice.

**II.    Criminal Conspiracy:**

Section 120A of the Indian Penal Code states that when two or more persons agree to do, or cause to be done (1) an illegal act, or (2) an act which is not illegal by illegal means, such an agreement is designated a criminal conspiracy provided that no agreement except an agreement to commit an offence shall amount to criminal conspiracy unless some act besides the agreement is done by one or more parties to such agreement in pursuance thereof.

Section 120B read with sections 471 and 420 of the Indian Penal Code proscribes punishment for conspiring to use forged documents and thereby obtain a conviction based upon false and fabricated documents.

By conspiring with the State Bar Prosecutor to destroy the crucial evidence of DHL Cover; to hide the fact that Amerindia never issued stock certificate and concealing the stock certificate in secret illegal

11

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035





**27 FEB 2007**

सं० 20/08

No. .................... दिनांक .......................

जनिष्ठ/वरिष्ठ शाखाधिकारी / पत्र डिविजनल

महिला / .............. / .............. / विशाखा

वरिष्ठ / .............. / .............. / विशाखा द्वार

सरप.मित लि. है ना ना ना

The Signature of ...

Mag .............. (Executive)

Monolasser **(संजीव मनचन्दा)** guage /

**(SANJEEV MANCHANDA)**

अनुभाग अधिकारी (ओ-वाई॰)

Section Officer (O.I)

सीपीवी प्रभाग/CPV Division

विदेश मंत्रालय, नई दिल्ली

Mis. of External Affairs, New Delhi

— 12 —

agreement with the Prosecutor with a clear criminal itent to harm and injure Amerindia, Randhawas have committed Criminal Conspiracy as defined in our Penal Code and made abundantly clear by our courts in India.

III.    Abuse of process:

Sections 206 to 211 of the Indian Penal Code provide punishment for abuse of process of courts. Section 206 particularly makes fraudulent withdrawal or concealment, transfer or removal of property so as to defeat the just claims of those who may have a right it, a non-cognisable offence.

By intentional and deliberate actions undertaken by Randhawas before the State Bar of California and such actions summarily declared as admissible against Amerindia, Defendants have abused the process of court and as such must be punished to the degree which this Hon'ble and just Court deems fit.

After the criminal sanctions and damages, the most important issue before this Hon'ble Court is the validity of the Decision of the State Bar Court, ANNEXTURE 13, attached herein and made a part hereof. This Decision which though rendered by a State Bar Court judge has become the final decision because of the summary disposal by the Supreme Court of California. It has become a Public Matter and can be viewed by anyone in this world on the internet.

It is an extremely contradictory decision. Here the judge of the State Bar Court, Pat McElroy, blasts AFL as a sham corporation

"In fact, the Randhawas were never given any interest in AFL." (Dec. p.12. Lines 13-14). This statement is not true. Randhawas hold 50,000 shares of AFL under Certificate of Shares Number 8. This fact was

12

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035



सं॰ 20167 दिनांक 27.FEB 2007
No. ............... Date
अनिलेखा जिल्ला गेजिस्ट्रे / उप डिविजनल
मनिस्ट्रेट / कार्य करणे गेजिस्ट्रे / विवाह
पंजीकार / नाम सत्यर के हस्ताक्षर
सत्य.षित किये जाते हैं ।
The Signature of SDM/ADM/(Executive)
Magistrate / Registrar of marriage /
Mamlatdar attested

(संजीव मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (ओ॰आई॰)
Section Officer (O.I.)
वीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Mfn. of External Affairs, New Delhi

— 13

known to Randhawas and either not communicated to the Court or withheld by the Prosecutor.

"[There is] no banking statements to support the banking transactions among AFL." (Dec. p. 23. Lines 4-5). This statement is not true. ANNEXTURE 5 clearly shows a banking transaction of Rs. 5,00,000 in the name of Jagjit Singh. This document was withheld by the Randhawas and the Prosecutor from the Court.

"Despite Respondent's and AFL's repeated promises and Jagjit's constant inquiries regarding AFL stock, to date, the Randhawas have not received a single stock certificate or any evidence of their investment." (Dec. p. 6. Lines 7-9) How can this statement be made a public matter which clearly slanders AFL when in fact the Randhawas DID receive the stock certificate. It is an extremely prejudicial and degrading statement and must be PERMANENTLY enjoined by this Hon'ble Court.

This Decision is full of inconsistencies, contradictions and insults to AFL and its officers. The State Bar Court judge knew these facts to be false or should have known them to be false. Yet, she made this decision on extremely flimsy and non-existent and concealed facts without issuing a complaint, summons and any notice, whatsoever, for a hearing and presentation of defense to the severe and degrading comments made public.

The most damaging statement which this Decision makes as to AFL is the statement that AFL had prepared an 'Investment Brochure' (Emaphasis added) which the Randhawas reviewed and on that reliance invested in AFL. This statement subjects AFL to CRIMINAL SANCTIONS AND PENALTIES under our SEBI Regulations and FERA (1973) now FEMA. As is very clear AFL never issued any such brochure. The Court has NOT seen any such brochure as no such brochure ever existed.

13

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035



सं० ....20166.. दिनांक ...27 FEB 2007
No. ......    Date ........
अनिम्न्त जिला मजिस्ट्रेट / उप डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / मामलादार के हस्ताक्षर
प्रमाणित किये जाते हैं ।
The Signature of ....M/SDM/(Executive)
Mag strati / Registrar of Marriage /
Mamlatdar attested



(संजीव मनचन्दा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (मो॰कार्य॰)
Section Officer (O.I)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

— 14 —



It is, therefore, before this Hon'ble Court to prevent this injustice to its citizens imparted by a foreign judge who based her decision of absolutely false and non-existent evidence.

## JURISDICTION

This Court have full, clear and proper jurisdiction over both 'Comp.' and 'Pres-t '. Jurisdiction over 'Comp', Amerindia is invoked as it is an Indian company which has offices in New Delhi. Jurisdiction over Accounts is hereby invoked for the following three factors:

    i)      The business was conducted in New Delhi

    ii)     The transaction was performed in New Delhi,

    iii)    The Stock Certificate was issued in New Delhi,

Furthermore, jurisdiction for Criminal Sanctions is invoked through a landmark yet very tragic case of *CBI v. Warren Anderson, Union Carbide*,(1992) Docket R. T. Number 2792 in the Court of Judicial Magistrate, Bhopal under Section 70 of the Code of Criminal Procedure, 1973, Criminal Procedure Act II, 1974.

Jurisdiction is also invoked under *Satya v. Teja Singh* (1975) 1. SCC, 120 A.I.R. 1975, S.C. 105 which held that all judgments, whether domestic or foreign, are void if obtained by fraud. Accordingly, a foreign decree procured by fraud bearing a jurisdictional facts would not be recognized under this section as being contrary to public policy and as offending against notions of substantial justice.

Contemporarily, even under Code of Civil Procedure, Section 20 (c) confers jurisdiction on courts in India over foreigners if the cause of action arises, as here in this case, within the jurisdiction of a particular court in India even in the absence of the foreigner and even where he has not submitted to its jurisdiction, See *Sahib Thambi v. Hamid* (1913) 1 L.R. 36 Mad. 414.

14



c/s 5/1/07

**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035

सं० . 20|05    दिनांक ...... 7 FEB 2007
No. ......    .... .... Date .........
अनिल्लिखित जिला मजिस्ट्रेट / उप डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / मामलातदार के हस्ताक्षर
सत्य.पित किये जाते हैं ।
The Signature of ...... /SDM/(Executive)
Magistrate / Registrar of Marriage /
Mamlatdar attested



(संजीव मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (सीपीवी)
Section Officer (C.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi.

— 15 —

## PRAYER

It is, therefore, most respectfully prayed that this Hon'ble Court may kindly please to take appropriate action against the accused person and also be pleased to direct the concern authority to investigate the matter and also be lodged the FIR in appropriate section against the accused persons. It is further prayed t ..... claim that AFL is legitimate, law-abiding, duly incorporated company registered in India and not a non existent sham corporation and also further prayed that AFL's officer are not lairs and are a respectable Indian who are proud of there heritage and also prayed that the accused Randhawas has been given false evidence before the court undertaking oath as witnesses and also he had fabricated evidence due to gain advantage from that court under taking oath as a witness so the accused persons are liable to punish under appropriate section Indian Penal Code.

And Any other orders this Hon'ble Court may kindly be pleased which deem fit and proper under the facts and circumstances of the case may also be pleased in favour of complainant and against the accused persons in the interest of justice.

DELHI

DATED: -                    THROUGH

COMPLAINANT

COUNSEL ... ..... Advocate



**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035

सं० No. 501 84 ............ दिनांक ...... 27 FEB 2007

अनिवासी जिला मजिस्ट्रेट / एस डिविजनल
मजिस्ट्रेट / कार्यपालक दण्डाधिकारी / विवाह
रजिस्ट्रार / नामपदार की हस्ताक्षर
सत्य.पित किये जाते हैं ।
The signature of .......  /SDM/(Executive)
Magistrate / Registrar of Marriage /
Mamlatdar attested



(संजीव मनचन्दा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (सी०पी०वी०)
Section Officer (O.I)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

— 16 —

IN THE COURT OF SH. ACMM, ROHINI DISTRICT, COURT, DELHI

COMPLAINANT NUMBER _____ OF 2006

IN THE MATTER OF: -

M/S Amerindia Foods Limited
14E/CC Harinagar
New Delhi 110064

...COMPLAINANT

VERSUS

Sh. Jagjit Singh Randhawa
395 Sparrow Drive
Hercules, California
United States of America

Smt. Baljit Singh Randhawa
395 Sparrow Drive
Hercules, California
United State of America

...ACCUSED PERSONS

LIST OF DOCUMENTS

| S.NO | DATE | DESCRIPTION | PAGE |
|------|------|-------------|------|
| 1. | 30.10.92 | Photocopy of certificate of incorporation | 17, 18 |
| 2. | 03.03.94 | Photocopy of Commencement of Business | 18 |
| 3. | 04.11.06 | Photocopy of Resolution of AFL | 19 |
| 4. | 13.11.03 | Photocopy of Share Certificate (Jagjit Randhawa) | 20 |
| 5. | 30.12.96 | Photocopy of Bank Deposit Receipt (Randhawa) | 21 |
| 6. | 15.09.96 | Photocopy Hand Written Note | |
| 7. | 21.12.96 | Photocopy of Director of Finance Letter | 22 |
| 8. | 07.07.07 | Photocopy Arthur Berg Letter | 23 |
| 9. | 19.09.97 | Photocopy Secretary-Corporate Affairs | 24 |
| 10. | 19.02.03 | Photocopy State Bar California Letter | |
| 11. | 12.19.03 | Photocopy of Chiter Khanna Letter | 25, 26 |
| 12. | 21.10.04 | Photocopy of Decision of State Bar Court | 27 to 32 |
| 13. | 21.10.04 | Photocopy of Decision of State Bar Court | 31 34 to 59 |

PLACE: NEW DELHI
DATE: - 11.12.06



VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035



सं॰ 2013 दिनांक .................
No. ....... .... .... .... .. Date 7 FEB 2007
अतिरिक्त जिला मजिस्ट्रेट / तहसीलदार
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / नामदारी के हस्ताक्षर
सत्यापित किये जाते हैं ।
The Signature of ADM/SDM(Executive)
Magistrate / Registrar of marriage /
Mamlatdar attested

(संजीव मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (ओ॰आई॰)
Section Officer (O I )
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi



12.12.2006

The present case received _____ of assignment from the court of Ld ACMM. It be checked and registered as per rules .

Present:          Sh C.S. Khanna ld counsel for the complainant company.

Ld counsel for the complainant submits that he is residing within the jurisdiction of P.S Shalimar Bagh that's why P.S Shalimar Bagh has been shown as a concerned P.S in the complaint but the complainant company is having its office at 14 E /CC , Hari Nagar, New Delhi which is within the jurisdiction of P.S Hari Nagar. Ld counsel for the complainant submits that inadvertently he has mentioned the P.S. Shalimar Bagh and the same should have been P.S. Hari Nagar. It is further submitted that it would appropriate and in the interest of justice if the present case is tried by the court who has jurisdiction over P.S. Hari Nagar. A request has been made to sent the case to the court having jurisdiction over P.S. Hari Nagar .

Heard and perused the record. In view of the submission made and at the request of the complainant, let the present file be place before Ld ACMM with a request to assign the present case to the court concerned.

Ahimad is directed to sent the file will in advance for 13.12.2006.

(Rajesh Kumar Goel)
MM/Delhi /12.12.2006

प्रमाणित
तिथि          जाँच कर्ता

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rampura, Delhi-110035



सं० 20112
No. .............. दिनांक ........... ■7.FEB 2002
No. .............. Date ..........
कार्यकारी जिला मजिस्ट्रेट / एस डिविजनल
मजिस्ट्रेट / कार्यकारी मजिस्ट्रेट / विवाह
रजिस्ट्रार / कानूनगोदार के हस्ताक्षर
सत्य.पित किये जाते हैं ।
The Signature of SD M/SDM/(Executive)
Magistrate / Registrar of marriage /
Mamlatdar attested            ■7.FEB 2002

(संजीव रामचन्दा)
(SANJEEV RAMCHANDA)
अनुभाग अधिकारी (सी०पा०)
Section Officer (O.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

CC No.
M/s Amerindia Foods Limited Vs. Shri Jagjit Singh Randhawa & Another

13.12.2006.

        Pr:- None for the complainant.

        Considering the request of Shri Rajesh Kumar Goel, MM, Rohini, this case is withdrawn from his court and assigned to Shri Manoj Kumar, MM, Rohini for 14.12.2006 (2.00 pm).

        Let Ahalmad of the transferor court deliver the file complete in all respect to the Ahalmad of the transferee court today itself.

                ACMM/Rohini/Delhi

                  13.12.2006.

14.12.2006

Case received by way of transfer.
It be checked & registered.
Pr. Sh. C.S. Khanar, counsel for complainant.
Put up for consideration on 15.12.2006

(MANOJ KUMAR)
MM Rohini/Delhi
14.12.2006

15/12/2006

Present:
Sh. C.S. Khanna Adv.
for complainant

matter partly heard. Put up for further
consideration and order on 18/12/2006

c/s V8
5/10



सं० No. ...296... दिनांक 27 FEB 2007

(संजीव मनचंदा)
(SANJEEV MANCHANDA)
अनुभाग अधिकारी (ओ.आई०)
Section Officer (O.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi