# EXHIBIT 'B'

## ATTESTED, AUTHENTICATED AND NOTARIZED COPY OF THE FOLLOWING DOCUMENTS

1. Copy of the Certificate of Incorporation of AFL

2. Copy of Commencement of Business of AFL

3. Copy of the Resolution of AFL

4. Copy of Share Certificate (Jagjit Randhawa)

5. Copy of Bank Deposit Receipt (Randhawa)

6. Copy of Hand Written Note

7. Copy of Letter of Director of Finance – Designated as **Letter Two**, Page 23 of the Complaint

7. Copy of Arthur Berg Letter – Designated as **Letter Three**, Page 23 of the Complaint

8. Copy of Letter from Secretary-Corporate Affairs – Designated as **Letter One**, Page 22 of the Complaint

9. Copy of State Bar of California Letter

10. Copy of the Airway Bill showing receipt of DHL letter by the State Bar

11. Copy of Chite Khanna Letter

12. Copy of Decision of State Bar Court

13. Copy of the Letter from R. S. Mahla, Advocate

## GENERAL AUTHENTICATION CERTIFICATION

| | | |
|---|---|---|
| **REPUBLIC OF INDIA** | ) | |
| **CITY OF NEW DELHI** | ) | **SS:** |
| **EMBASSY OF THE UNITED** | ) | |
| **STATES OF AMERICA** | ) | |

I certify that the official named below, whose true signature and official seal are, respectively, subscribed and affixed to this document, was, on this day, empowered to action the official capacity designated in the document, to which faith and credit are due.

SHEKHAR YADAV
_____
NAME OF INDIVIDUAL


_____
SIGNATURE OF CONSULAR OFFICER


Patrick McNeil
Consul
U. S. Embassy
New Delhi, India
COMMISSION EXPIRES : INDEFINITE
_____
NAME/TITLE OF THE OFFICER


2 2 FEB 2007
_____
DATE



IN THE COURT OF SH. ACMM, ROHINI DISTRICT, COURT, DELHI

COMPLAINANT NUMBER _____ OF 2006

IN THE MATTER OF: -

M/S Amerindia Foods Limited

14E/CC Harinagar

New Delhi 110064

...COMPLAINANT

VERSUS

Sh. Jagjit Singh Randhawa

395 Sparrow Drive

Hercules, California

United States of America

Smt. Baljit Singh Randhawa

395 Sparrow Drive

Hercules, California

United State of America

...ACCUSED PERSONS

COMPLAINT U/S 156 (3) Cr.P.C READ WITH 420/120B/471/191 OF IPC ON BEHALF OF COMPLAINANT.

COMPLAINANT FILED UNDER IPC SECTIONS 191 THROUGH 209 INCLUSIVE FOR FILING FALSE EVIDENCE AND COMMITTING PERJURY UNDER OATH: IPC SECTION 120B, CRIMINAL CONSPIRACY READ WAITH SS 471 AND 420, IPC FOR CONSPIRING WITH THE STATE BAR OF CALIFORNIA, USA, PROSECUTOR TO USE FORGED DOCUMENTS AND IPC SECTIONS 206 TO 211, INCLUSIVE, ABUSE OF PROCESS.

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ram Pura, Delhi-110035.



IN THE COURT OF:
... COMPLAINT

IN THE MATTER OF:

M/S Anaconda Foods Limited
I NE/CC Faridabad
New Delhi 110064

VERSUS—

Sh. Jagdit Singh ...
395 Sparrow K...
Hercules C...
Unise...

1356
19/7207

KY-360
US 295
38 5/

Jagdit singh

27 FEB 2007

...(Executive)
...d in Marriage

SHEKHAR YADAV
अनुभाग अधिकारी ( O.1.)
Section Officer (O.1.)
सी.पी.बी. प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

− 16 −

IN THE COURT OF SH. ACMM, ROHINI DISTRICT, COURT, DELHI

COMPLAINANT NUMBER _____ OF 2006

IN THE MATTER OF: -

M/S Amerindia Foods Limited
14E/CC Harinagar
New Delhi 110064

...COMPLAINANT

VERSUS: -

Sh. Jagjit Singh Randhawa
395 Sparrow Drive
Hercules, California
United States of America

Smt. Baljit Singh Randhawa
395 Sparrow Drive
Hercules, California
United State of America

...ACCUSED PERSONS

LIST OF DOCUMENTS

| S.NO | DATE | DESCRIPTION | PAGE |
|------|------|-------------|------|
| 1. | 30.10.92 | Photocopy of certificate of incorporation | 17, 18 |
| 2. | 03.03.94 | Photocopy of Commencement of Business | 18 |
| 3. | 04.11.06 | Photocopy of Resolution of AFL | |
| 4. | 13.11.03 | Photocopy of Share Certificate (Jagjit Randhawa) | 20 |
| 5. | 30.12.96 | Photocopy of Bank Deposit Receipt (Randhawa) | 21 |
| 6. | 15.09.96 | Photocopy Hand Written Note | |
| 7. | 21.12.96 | Photocopy of Director of Finance Letter | 22 |
| 8. | 07.07.07 | Photocopy Arthur Berg Letter | |
| 9. | 19.09.97 | Photocopy Secretary-Corporate Affairs | 23 |
| 10. | 19.02.03 | Photocopy State Bar California Letter | −24− |
| 11. | 12.19.03 | Photocopy of Chiter Kharina Letter | 25, 26 |
| 12. | 21.10.04 | Photocopy of Decision of State Bar Court | 27 to 32 |
| 13. | 21.10.04 | Photocopy of Decision of State Bar Court | 31 34 to 39 |

PLACE: NEW DELHI
DATE: - 11.12.06

d/s 21/1/07

**VIJAY BATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Rama Pura, Delhi-35.

सं. 29055 दिनांक
No. .......... Date 12 FEB 2007
प्रतिलिपि निम्न प्रति ........ / विवाह
सहित / प्रमाणित प्रतिलिपि / विवाह
रं. प्रेस / महानगर .. .. कार
वरुण विश ...
To. ............
Mag ........ DVI(Executive)
Mar .......... (Judicial)
Presidial



शेखर यादव/SHEKHAR YADAV
अनुभाग अधिकारी (सी. पी. वी.)
Section Officer (C.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs New Delhi

ANNEXTURE No. **3** — 19—



### RESOLUTION OF

### AMERINDIA FOODS LIMITED

By unanimous vote, the Board of Directors, hereby passes a Resolution that the company has undertaken to file criminal complaint against Jagjit Singh Randhawa and Baljit Randhawa of California, U.S.A. for committing Criminal Conspiracy, Giving and Fabricating False Evidence, Perjury and Abuse of Process against the company for causing irreparable injury and harm to the company and its officers.

It has also been decided to retain the services of Shree C. S. Khanna as the Lead Advocate and Advocate on Record.

For Amerindia Foods Limited

Managing Director

Kanwal Sain

DATED: 8TH December, 2006

Managing Director

ANNEXTURE No. **3**

COPY TO COPY

Date................ Examiner

**VIJAY DATTA**
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ram Pura, Delhi-110035.



Authorised Signatory

ANNEXTURE No.....4



सं० 29051 27 FEB 2007
No. .................
अनिवासित विदेश प्रभाग / प्रषासनिक
प्रविदेश / ................ / विभाग
.................................... यर
सदस्य .............................
Trustee ................... (Executive)
M............. (.........) (........)
Member ................ (........)

(शखर यादव/SHEKHAR YADAV)
अनुभाग अधिकारी (सी०पी०)
Section Officer (O.I.)
सी०पी०वी० प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
M/o. of External Affairs, New Delhi

ANNEXTURE No. 6    — 22

Dec 17 03 04:38p    Bryant H Byrnes    5107632406

TAKE HIS PASSPORT & ALL THE PAPERS
WHICH HE HAS FILED WITH THE U.S. EMBASSY

GIVE HIM ONLY Rs. 10,000.

CHITER SAIN KHANNA, ADVOCATE
QU-39 PITAMPURA    SUPREME COURT
NEW DELHI-1    OF INDIA
TEL. 513-3530

IN REFERENCE TO.
TELEPHONE CONVERSATION
RE: IMMIGRATION - (G.C. STATUS)
OF RACHHPAL SINGH
S/O BALWINDER SINGH

TUESDAY, SEPT. 17th 1996.

MEET MR. KHANNA AT THE
HILTON HOTEL LOBBY
AT 10:00 A.M.

HILTON HOTEL IS
AT BARAKHAMBA ROAD
IN NEW DELHI
91/1/332 0101
— GO TO THE LOBBY MANAGER OF THE
HOTEL & ASK FOR MR. KHANNA

ANNEXTURE No. 6

COPY TO COPY
Examiner
Date.........

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ram Pura, Delhi-110035.

LAW OFFICE
TENTH STREET, SUITE 439
BERKELEY, CA. 94710
U.S.A.
Tele: 001-2454355

21 December, 1
Shri Jagjit Si
2023 Key Boule
El Cerrito, Ca
S.A. 94530

No. ...29249... दिनांक .................

.................... विजनथ

2 1 FEB 2007

(शेखर पाचव/SHEKHAR YABAW)
सहायक अधिकारी (को॰ बा॰)
.......... Officer (O.I.)
........ CPV Division
जि... ........ नई दिल्ली
.. Personnel Affairs, New Delhi

# AMERINDIA FOODS LIMITED
231 JAINA TOWERS
VIKASPURI, NEW DELHI 110 018

~~...STREET, SUITE 439~~
~~...CA 94710~~
~~...001-549-1855~~

Telephone: 5346451
Fax      : 5346452

21 December, 1996

Shri Jagjit Singh Randhawa
2023 Key Boulevard Street
El Cerrito, California
U.S.A. 94530

Reference Number: Corp.3/USA/34

Respected Shri Randhawa Ji:

Today we have received an amount of Five Lakhs and Fifty Two Thousand Rupees towards your investment in our company through Mr. Padam Khanna, our lawyer in the USA. We thank you very much for this investment and hereby inform you that we have already dispatched company material and our proposed construction schedule of our plant at Nasik.

On Fourth of January in the coming New Year, we are holding a Corporate meeting here at our offices in New Delhi. At that time we will issue all the stocks and shares to all the shareholders and elect the Board of Directors. Please confirm your mailing address.

Once again, we thank you for your investment

Very truly yours,

Suresh Bhatia
Director of Finance

cc. Mr. Chiter Sain Khanna
    Chairman

EXHIBIT 6

ANNEXTURE No. 7

0020

COPY TO COPY

Date...........

VIJAY DATTA
Sub Divisional Magistrate
Rajouri ...
Old Middle School ...
Ram Pura, Delhi ...



India Office
202 Tumsing Ford
Clearia Center
Near, Mahanahais Place, India 422 002

India Plant
Doren, Nosk, India

Jagjit Singh
ge Randass (Kothe
sil Ajnala



No. 500/0 Date 2 1 FEB 2007

(SHEKHAR TABAK)
Section Officer (O.I.)
CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

ANNEXTURE No. **8** 24

**AMERINDIA FOODS LIMITED**
2600 Tenth Street
BERKELEY, CALIFORNIA 94710

Telephone: (510) 549-2786
Facsimile: (510) 549-2832

Head Office:
Shining Prong
Somras Corner
Nasik, Maharashtra State, India 422 002

India Plant:
Dundon, Nasik, India

July 7, 1997

Mr. Jagjit Singh
Village Ramdass (Kothe)
Tehsil Ajnala
Amritsar, INDIA

Dear Mr. Rachhpal Singh:

 This is to inform you that finally we have been able to secure the permission from the central government for shipping machinery from the United States. We expect to receive the final permission from the Reserve Bank of India very soon. As soon as we have RBI permission we will start shipping the machinery to Nasik. Immediately thereafter you and Mr. Jagjit Singh will be asked to leave for Nasik. We will send you Rs. 5,000 each for the month of August, 1997 along with moving expenses to Nasik. As soon as our machinery and financing is in place, we will raise your salary considerably and invite you and Mr. Jagjit Singh to the United States for training.

 Very truly yours,

 *Arthur Berg*

 Arthur Berg

AB/ms

ANNEXTURE No. **8**          *EXHIBIT 6*     0050

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ram Pura, Delhi-110035.



U.S. Officer
3600 Trask Road, #4210
Berkeley, California

India Plant:
District Nasik, India

19th September

Mr. Jasjit S
... Resi A

2 1 FEB 2007

सं. / दिनांक
No.                  Date
अनु                   / तथ दिविजनवे
भि                    / दिल्ली
यं                              खर
                           (.....tive)

शेखर यादव/SHEKHAR YADAV
अनुभाग अधिकारी (सी.पी.वी.)
Section Officer (C.P.V.)
सी.पी.वी. प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

TEL:510-549-2832    Oct   1 97   15:41 No.001 P.01

ANNEXTURE No. **9**

# AMERINDIA FOODS LIMITED
202, Turning Point, Canada Center
NASHIK, MAHARSHTRA

*Office:*
~~2210 Tenth Street~~
~~Berkeley, California 94710~~

*India Plant:*
~~Dindori, Nasik, India~~

Telephone: (0253) 577-336
Facsimile: (0253) 313-733

19th September, 1997

Mr. Jagjit Singh Randhawa
Avis Rent A Car System, Inc.
Oxford & Hearst Street
Berkeley, California 94704
__UNITED STATES OF AMERICA__

## RE: ISSUANCE OF CLASS 'A' PREFERRED STOCK

Dear Mr. Randhawa:

We are pleased to inform you that our registration formalities with the Indian government have been completed. We are now in the process of issuing the stock certificate to our preferred investors. Class 'A' Preferred Stock has been valued at the corporate books at Rs. 50 per share. As you total investment is Rs.10,00,000, you are entitled to a stock certificate worth 20 lakhs shares.

Our financing is near completion and we will begin constructing our plant in the month of January, 1998.

Please keep us informed of any change in your address.

Sincerely,

Virender Kumar
Secretary-Corporate Affairs

ANNEXTURE No. **9**

**EXHIBIT 4**

0051

COPY TO COPY
Date........    Examiner

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden
Old Middle School Complex,
Ram Pura, Delhi - 110035



February 19, 2003

PERSONAL AND CO

Kanwal Sain, Financial
Amerindia Foods, Limi
202 Turning Point
Canada Center
k 422-002 M.S.



No. 29040    दिनांक 2 1 FEB 2007
Date
                           इंडिजनल
                           िंडिज
                           (
                        cutive)

(शेखर यादव/SHEKHAR YADAV
अनुभाग अधिकारी (सी॰ आई॰)
Section Officer (C.I.)
सी॰पी॰वी॰ प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

THE STATE BAR
OF CALIFORNIA
1149 SOUTH HILL STREET, LOS ANGELES, CALIFORNIA 90015-2299

OFFICE OF THE CHIEF TRIAL COUNSEL
ENFORCEMENT

TELEPHONE: (213) 765-1000
TDD: (213) 765-1566
FAX: (213) 765-1318

DIRECT DIAL: (213) 765-1171

February 19, 2003

**PERSONAL AND CONFIDENTIAL**

Kanwal Sain, Financial Controller
Amerindia Foods, Limited
202 Turning Point
Canada Center
Nashik 422-002 M.S.
India

In Re:  Case Number:  02-Q-11383
        Respondent:   Padam Kumar Khanna

        Your Reference No.:  IN/IN/AM-06

Dear Mr. Sain:

This office is investigating a complaint filed against the California attorney, named above, regarding monies Jaggit and Baljit Randhawa paid to the attorney in the amount of $25,000.00. These funds were paid to Mr. Khanna in the belief that these funds were being invested in Amerindia Foods, Ltd., otherwise known as Khanna Foods, USA.

On November 18, 1996, Jaggit and Baljit Randhawa deposited a total of $16,000.00 in an account in the name of Khanna Foods, USA as an investment. However, they never received an accounting from either the attorney, Khanna Foods, USA or Amerindia Foods, Ltd.

Jaggit and Baljit Randhawa state that they requested a refund of their money, however, they were informed that the monies could not be withdrawn from the account, that the account was closed in 1999 by the attorney and allegedly the funds were turned over to Amerindia Foods, Ltd. and they would have to get the funds from Amerindia. Mr. Khanna states that he requested Amerindia to refund the monies to the Randhawas. However, they never received any portion of these funds.

The bank these funds were placed into was Bank of America, account number 05559-07175, in the name of Khanna Foods, USA. $9,000.00 was deposited on November 18, 1996 and $7,000.00 on November 19, 1996.

ANNEXTURE No. 10 (1)

EXHIBIT 'B' 0037

COPY TO COPY

VIJAY DATTA
Sub Divisional Magistrate

...Sain, Financial ...
...ary 19, 2003
...age 2

I would appreciate any assis...
Amerindia Foods, Ltd. eve...
Khanna account.

Mr. Khanna contends that ...
account to be used strictl...
legal representative of Am...

Please provide me with doc...
January 1, 1996 through D...

Please provide a response ...
expe... ously as possible.

Thank you for your courte...

सं. / No. 29040    दिनांक / Date 2 1 FEB 2007

...(Executive)

(शेखर यादव)/SHEKHAR YADAV
अनुभाग अधिकारी (बो॰ मा॰)
Section Officer (O.I.)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

10.(2)

_____, Financial Controller
_____ 19, 2003
___ 2

I would appreciate any assistance you can give me in tracking these funds to establish whether Amerindia Foods, Ltd. ever received these funds and whether Mr. Khanna was authorized to open the Khanna account.

Mr. Khanna contends that Amerindia Foods, Ltd. authorized him to open the Khanna Foods, USA account to be used strictly to pay for expenses and other related expenses incurred by Mr. Khanna as the legal representative of Amerindia Foods, Ltd. in the United States.

Please provide me with documentation that Amerindia Foods, Ltd. did exist during the period from January 1, 1996 through December 31, 1999.

Please provide a response to this letter as soon as possible so that we can resolve this investigation as expeditiously as possible.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

Alice Verstegen
Senior Investigator

AV/nb

10.(2)

h:\work\verstegen\02o11383\versain\nb                                                0038

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ram Pura, Delhi-110035.



No. 2404    Date 24 FEB 2007

(बेखर यादव/SHEKHAR YADAV)
अनुभाग अधिकारी (सी.पा.प.)
Section Officer (C I.)
सी.पी.वी. प्रभाग CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi





सं. 29988 दिनांक 2 1 FEB 2007

(Executive)
Marriage

(शेखर यादव/SHEKHAR YADAV)
अनुभाग अधिकारी (ओ.आई.)
Section Officer (O.I.)
सी.पी.वी. प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

**PUBLIC MATTER**

**FILED**

OCT 21 2004

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

**STATE BAR COURT**

**HEARING DEPARTMENT – SAN FRANCISCO**

| | |
|---|---|
| In the Matter of | Case No. 02-O-11383-PEM |
| PADAM KUMAR KHANNA, | DECISION AND ORDER OF INVOLUNTARY INACTIVE ENROLLMENT |
| Member No. 85229; | |
| A Member of the State Bar. | |

## I. INTRODUCTION

This disciplinary case involves a seasoned attorney who had created a web of deceptions to seduce his unsophisticated clients to invest $31,000 in a sham corporation and who insists on these same fraudulent and contrived misrepresentations before this Court. His acts of moral turpitude and dishonesty shock the conscience of the legal profession, pose a danger to the public, and degrade the highest possible professional standards for attorneys.

Respondent PADAM KUMAR KHANNA is charged with multiple acts of misconduct in one client matter. The charged misconduct includes (1) failing to comply with certain prophylactic requirements regarding an adverse interest; (2) misappropriating client's investment funds; (3) failing to return client files; (4) failing to render an accounting; (5) misrepresenting to the State Bar regarding the disposition of client funds; (6) misrepresenting to the State Bar about the client files; and (7) failing to cooperate in the State Bar investigation.

This Court finds, by clear and convincing evidence, that Respondent is culpable of all but one of the charged acts of misconduct. Based upon the egregious nature and extent of culpability, as well as the applicable aggravating circumstances, the Court recommends that Respondent be disbarred from the practice of law in California.

kwiktag*    022 604 822

ANNEXURE No. 13(1)

COPY TO COPY
Examiner
Date.........

ols 21/3/07
VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden
Old Middle School Co
Ram Pura, Delhi-11.



21 FEB 2007

29033



(........SHEKHAR TABAR.....)
CPV Division
नई दिल्ली
New Delhi

## II. PERTINENT PROCEDURAL HISTORY

The Office of the Chief Trial Counsel of the State Bar of California (State Bar) initiated this proceeding by filing a seven-count Notice of Disciplinary Charges (NDC) on June 25, 2003. On August 4, 2003, Respondent filed a response to the NDC.

At the August 2, 2004 pretrial conference, the parties stipulated to some of the facts underlying the State Bar's charges. These agreed-upon facts were memorialized in a Stipulation As to Facts on August 17, 2004.

A three-day trial was held August 17-19, 2004. The State Bar was represented in this proceeding by Deputy Trial Counsel Tammy Albertsen-Murray. Respondent represented himself.

At the close of the hearing, the parties agreed to submit closing trial briefs on September 1, 2004. The Court took this proceeding under submission on September 7, 2004, after the parties had filed closing trial briefs.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.   Jurisdiction

Respondent was admitted to the practice of law in California on May 15, 1979, and has been a member of the State Bar of California at all times since that date.

### B.   Findings of Fact

The following findings of fact are based on the parties' partial stipulation of facts and the evidence and testimony introduced at this proceeding. Other than Respondent, the witnesses who testified at trial were Jagjit Sing Randhawa, Baljit Randhawa, attorney Bryant H. Byrnes, and State Bar investigator Alice Verstegen. The Court finds Respondent's testimony to be self-serving and not credible. However, the Court finds the other witnesses to be credible.

### 1.   Representation of Baljit Randhawa

Jagjit Sing Randhawa and Baljit Randhawa are Indian immigrants who speak very limited English. Jagjit has been a gas station attendant in Oakland since 1989 and had a second job at a car rental company in Berkeley until 2000. His wife, Baljit, has worked at a fast food restaurant for the past six years.

While working at the car rental company, Jagjit met Respondent, who was a frequent

-2-

ANNEXTURE No. 13(2)

COPY TO COPY

Date................Examiner

c/s

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ram Pura, Delhi-110035.



सं० 29057(H)    21 FEB 2007

C/PV Division
Affairs, New Delhi
(शेखर यादव/SHEKHAR YADAV)

...mer there and speaks Jagjit's native language, Punjabi. Jagjit considered Respondent to be a
friend because of their common culture and language.

Between 1996 and 1999, the Randhawas hired Respondent to represent them in several legal
matters.

In 1996, Respondent provided legal services on behalf of and advice to Baljit in three
matters: (1) Vehicle Code violations; (2) Temporary Restraining Order (TRO); and (3) shoplifting.
There was no fee agreement.

The Randhawas testified that they paid Respondent the fees he had charged. Jagjit paid
Respondent $1,000 for the Vehicle Code violations case and $500 for the shoplifting matter. He did
not ask for a receipt. Respondent discussed the TRO matter with Baljit but did not charge any legal
fees.

Therefore, the Randhawas did not owe Respondent any legal fees in those three matters.

    a.    <u>Respondent's Contentions</u>

Respondent denies that he had ever received any compensation for his services in the
Vehicle Code violations case or the TRO matter. Respondent testified that although he did not
represent Baljit on the TRO matter, he did discuss the matter with her and had expected to be paid.
But Respondent did not have a written fee agreement with the Randhawas and never asked for any
fees.

Respondent further claims in a July 13, 2001, letter to the Randhawas' subsequent
counsel, attorney Bryant H. Byrnes,[1] that the Randhawas owed him an additional $4,500 for his
representation in the shoplifting matter. But Baljit did not plead guilty to shoplifting and was let off
on a fine of $100. Moreover, Respondent testified he did not have a copy of any written fee
agreement and that he does not remember whether he charged a flat fee.

Thus, Respondent's contention that the Randhawas still owe him legal fees in Baljit's
three matters is without merit.

//

_____

[1] State Bar exhibit 9, p. 9.

-3-

No. 13(3)

COPY TO COPY

Date.................

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ram Pura, Delhi-110035



2 1 FEB 2007

(SHEKHAR YADAV)
Under Secretary (O.I.)
CPV Division
Ministry of External Affairs, New Delhi

**2.    *Representation of Jagjit Randhawa***

Respondent represented Jagjit in two legal matters.

In or about 1996, Respondent represented Jagjit in one DUI case. Respondent charged him $2,500 which Jagjit paid. Again, there was no written fee agreement.

In 1997, Jagjit hired Respondent to retrieve some of his personal property from a friend's house. Jagjit paid Respondent $700 to handle the case, as charged by Respondent. The Randhawas paid Respondent in full.

**a.    Respondent's Contentions**

Respondent claims that he charged Jagjit $3,000 for the DUI matter and that he received only $500. As a result, Respondent argues that Jagjit still owes him the balance of $2,500.

Respondent also contends that he charged the Randhawas $3,500 for the personal property case but received only $500. Respondent admits that while he thinks he gave Baljita a fee agreement in this matter, he does not have a copy even though it is his policy to keep a copy of his fee agreements.

Respondent's contention that the Randhawas still owe him legal fees in Jagjit's two matters is rejected.

**3.    *The Randhawas' Investment in Amerindia Foods Limited***

Amerindia Foods Limited (AFL) is a food company incorporated in 1992 that is supposedly located in India. AFL's primary business purpose was to manufacture mango juice and manage a large tomato farm in India. According to Respondent, he was one of AFL's principal founders. Other founders included his family and relatives. Respondent was AFL's President of the North American branch and legal counsel in the United States. Respondent's brother, Chiter S. Khanna, was AFL's chairman. In 1996, when his brother had a heart attack, Respondent was sometimes referred to as the chairman of AFL. Respondent testified that between 1995 and 2003, the company tried to acquire machinery but was unsuccessful.

In June 1995, Respondent opened a checking account at Bank of America in the name of Khanna Foods, USA, account number 05559-07175 (Khanna Foods account). According to Respondent, Khanna Foods, USA was not a company – it was his own business name. Respondent

-4-

ANNEXTURE No. 13 (4)

COPY TO COPY

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ram Pura, Delhi-110035.

2 1 FEB 2002

(शेखर तबड/SHEKHAR TABAD)
अनुभाग अधिकारी (सीoपीoवीo)
Section Officer (C.I.)
CPV Division
विदेश मंत्रालय, नई दिल्ली
Ministry of External Affairs, New Delhi

admitted that he was the sole proprietor of Khanna Foods, USA. He set up the account to receive

royalty payments from AFL for technology that he and his mother had developed with respect to

3  hybrid tomato seeds and to pay any incidental expenses that Respondent as legal counsel for AFL

4  incurred in the United States.

5          In 1996, while representing the Randhawas, Respondent frequently discussed with Jagjit

6  about AFL, its lucrative potentials, and the window period that the Randhawas could also partake

7  in this business venture. Respondent enticed the Randhawas to invest in AFL. After viewing the

8  company brochure and placing their trust on Respondent as a friend and attorney, the Randhawas

9  became convinced of AFL's profitability and hurriedly gave Respondent $25,000 for investment in

10  AFL within the deadline before Respondent left for India in November 1996. In return, the

11  Randhawas were to receive certain shares of stock in AFL.

12          Respondent provided the Randhawas with deposit slips to his personal bank account and

13  Khanna Foods account. Respondent instructed them that each deposit should be less than $10,000

14  to avoid the scrutiny of tax officials. The deposit made in Respondent's personal bank account was

15  for investment and not for payment of legal fees.

16          In accordance with Respondent's instructions, the Randhawas invested $25,000 in AFL by

17  making three deposits in Respondent's bank accounts at Bank of America as follows:

18  | Date of Deposit | Amount | Account No. |
| --- | --- | --- |
| 11/18/96 | $ 9,000 | 05557-07176 (Respondent's personal account) |
| 11/18/96 | $ 9,000 | 05559-07175 (Khanna Foods account) |
| 11/19/96 | $ 7,000 | 05559-07175 (Khanna Foods account) |
| Total | $25,000 | |

23  Respondent then left for India. On November 25, 1996, Respondent issued a check made payable

24  to himself from the Khanna Foods account in the amount of $4,000 for his Indian trip. (State Bar

25  exhibit 6, p. 47.)

26          While Respondent was in India, he called the Randhawas to tell them that they would have

27  //

28  //

-5-

ANNEXTURE No. 13 (5)



COPY TO COPY

Date..................          Examiner

VIJAY DATTA
Sub Divisional Magistrate
Report Gorden
Old Middle School Complex,
Ram Pura, Delhi-110035.

21 FEB 2007

SHEKHAR TADAS
Section Officer (11 L)
CPV Division
Ministry of External Affairs, New Delhi

1    to pay an additional $5,000 to $6,000 in cash in order to have an investment of ten lakhs of Indian

2    Rupees. When Respondent returned from India, the Randhawas paid Respondent the additional

3    $6,000 in cash as requested. They had borrowed the money from Jagjit's father.

4          Between December 1996 and September 1997, AFL sent three letters to Jagjit, confirming

5    the receipt of his investment funds and promising the imminent issuance of stock certificates worth

6    20 lakhs shares.[3]

7          Despite Respondent's and AFL's repeated promises and Jagjit's constant inquiries regarding

8    AFL stock, to date, the Randhawas have not received a single stock certificate or any evidence of

9    their investment.

10         Contrary to Respondent's assertion that he set up the Khanna Foods account to receive

11   royalty payments from AFL and to pay any incidental expenses that Respondent as legal counsel for

12   AFL incurred, Respondent used the account to pay Respondent's personal bills and purchases. In

13   December 1996, he paid $1,827 for a computer, $1,028.38 for another computer and $200 with a

14   notation "Happy Holiday," and $100 to Household Credit Services, Inc. In January 1997, he paid

15   $330.97 to PacBell and $20 for a parking citation.

16        In 2001, after it became clear to the Randhawas that they were never going to receive a single

17   stock certificate or any evidence of their investment, the Randhawas hired attorney Bryant H. Byrnes

18   to assist them in recovering and/or obtaining an accounting of their investment funds. On June 29,

19   2001, Attorney Byrnes wrote to Respondent, asking for an accounting of the investment funds and

20   legal fees that the Randhawas had paid.[4]

21        On July 13, 2001, Respondent listed the Randhawas matters and stated that he had received

22   $2,100 in legal fees from the clients but that they still owed him about $19,000.[5] However, he did

23   not provide an accounting of the fees or the investment funds. Respondent further wrote:

24

25    [2] A lakh is a unit in Indian currency.

26    [3] State Bar exhibit 28, pp. 3, 4 and 6.

27    [4] State Bar exhibit 9, pp. 8-12.

28    [5] State Bar exhibit 9, p. 8.

-6-

---

ANNEXTURE No. 13(6)



COPY TO COPY
Date:     Examiner

c/s

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden
Old Middle School Complex,
Ram Pura, Delhi-110036.



2 1 FEB 2007

No. ...................

शेखर यादव/SHEKHAR YADAV
अनुभाग अधिकारी (कॉन्सुलर)
Section Officer (CPV)
सी.पी.वी. प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

> "Since June 1999, when I disassociated from Mr. Randhawa, he has repeatedly threatened and harassed me about his claimed investment in the Indian project.  I have repeatedly told him to please show the receipts of the money which he claims he sent to India or deposited in my account for payment of fees."

3

4   In other word, Respondent was denying he had ever received the investment funds from the

5   Randhawas unless they had proof.  Meanwhile, the $16,000 in the Khanna Foods account was

6   depleted by 2001.

7           On July 18, 2001, attorney Byrnes again wrote to Respondent requesting that Respondent

8   allow him an opportunity to see six Randhawas client files.[6]  On August 7, 2001, Respondent replied

9   that these were closed files, he would have to locate them, and due to the press of business he would

10  not be able to do anything about the files until the end of August.  On September 18, 2001, attorney

11  Brynes again requested that Respondent make available to him the Randhawas' files.[7]  On September

12  21, 2001, Respondent replied:

13          "I am extremely busy till the 15th of October, 2001.  However, I can certainly send the copies of all the files ... which I have been able to
14          locate.  Those certainly belong to him and he has an absolute right to those files.  I will charge you the going rate for copying and my
15          time."[8]

16          Although Respondent replied, his answers were nonresponsive.  Respondent did not return

17  the files or provide an accounting.  In December 2001, attorney Byrnes assisted the Randhawas in

18  filing a complaint with the State Bar.  When the State Bar wrote to Respondent in January 2002

19  about the return of the client files, he replied:

20          "[T]his is the first time I have been requested to do so.  Neither the Randhawas nor their attorney Mr. Byrnes had asked for the files to be
21          sent."[9]

22          In the April 2002 response, Respondent wrote: "I did not know who to send the files to:"

23  Respondent finally returned the files to attorney Byrnes in April 2002.

24  _____

25  [6]State Bar exhibit 9, p. 13.

26  [7]State Bar exhibt 9, p. 15.

27  [8]State Bar exhibt 9, p. 17.

28  [9]State Bar exhibit 11.

-7-

ANNEXTURE No. 13(7)



VIJAY DATTA
Sub Divisional Magistrate



or instructed th
stolen from his
slips.

In a

Respondent wrote:

"The
As Ra
mone)

सं. २१०३५    दिनांक 2.1 FEB 2007
No.    Date

अनुप्रमाणित सिया गारेया है / सत्य प्रतिलिपि
प्रतिलि... / ...
दौलतराम /    / विवाह
प्राधि...    घर
The ...    (Executive)
Mag...tal / ...r of marriage /
Magistrate attested

(शेखर यादव/SHEKHAR YADAV)
प्रशासन अधिकारी (सी॰पी॰वी॰)
Administration Officer (CPV)
श्रीपत्र पत्र, CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

a.    Respondent's Contentions

Respondent denies that he had ever given the bank deposit slips to the Randhawas or instructed them to make such deposits. He argues that those bank deposit slips must have been stolen from his office because he had no idea how the Randhawas obtained access to those deposit slips.

In a January 30, 2002 letter[10] to State Bar Complaint Analyst, Rebecca Foley, Respondent wrote:

> "The Randhawas never paid me $25,000 for a business investment. As Randhawas were my clients, they were strictly prohibited to invest money in any of my personal investments."

Respondent stated that on November 18, 1996, Jagjit called him after he deposited $9,000 in Respondent's personal bank account as partial payment for his legal fees and $9,000 in the Khanna Foods account and threatened that he was going to deposit another $16,000 into the Khanna Foods account in the next few days. Respondent recalled being very upset that Jagjit deposited $9,000 for investment in the Khanna Foods account. He also blamed the Randhawas for being "out of control and uncooperative during their status as [his] clients." He/opted to withdraw as their counsel but stayed on when they pleaded total ruin because of language and cultural barriers." He contended that the Randhawas still owed him more than $19,000 in legal fees.

He further alleged in his January 2002 letter that once he sent the money to AFL, it was AFL's responsibility to return the $16,000 to the Randhawas and that he had "nothing to do with [Jagjit's] investment."[11] He also wrote: "Because of not being able to exercise any control over Randhawas I closed both account sometimes in 1999."[12]

Respondent claimed that he told Jagjit that investing in AFL was absolutely forbidden

---

[10] State Bar exhibit 11.

[11] In Respondent's January 30, 2002 letter to the State Bar, Respondent stated, "Since 1999, Mr. Randhawa has been enquiring about his investment in AFL. I have repeatedly told him that I have nothing to do with his investment and that he should contact AFL directly." (State Bar exhibit 11.)

[12] State Bar exhibit 11.

-8-



2 1 FEB 2007

(Shekhar Yadav) (Executive)
(शेखर यादव/SHEKHAR YADAV)
अनुभाग अधिकारी (का.अधि.)
Section Officer (L)
सीपीवी प्रभाग/CPV Division
विदेश मंत्रालय, नई दिल्ली
Min. of External Affairs, New Delhi

that on November 18, 1996, he sent Jagjit a letter to that effect.[13] In the November letter Respondent warned Jagjit that he could not invest in any of Respondent's personal projects such as the AFL. He admonished Jagjit not to invest any money in AFL. He also told Jagjit that he was sending Jagjit's investment funds to India and would advise AFL not to allow Jagjit to invest and to return the money. But the Randhawas testified that they never saw that letter.

6       In an April 11, 2002 follow-up letter to the State Bar,[14] Respondent purported to be
7   intrigued by Jagjit's knowledge of his personal and AFL accounts at Bank of America. He also
8   claimed that since Jagjit, on his own initiative, deposited the funds for investment, his fiduciary duty
9   as the attorney for AFL was to forward the money to AFL (which was their notice of the investment)
10  and request that AFL then return the money to the Randhawas.

11      At trial, Respondent testified that when he learned that the Randhawas had deposited
12  $16,000 into his Khanna Foods account, he asked his mother in India, who was a shareholder in
13  royalties to AFL, to give $16,000 to AFL. Respondent reckoned that once his mother transferred
14  $16,000 to AFL, the $16,000 in his Khanna Foods accounts was then his personal money. He further
15  testified that the $9,000 deposited in his personal account was, for outstanding legal fees that the
16  Randhawas still owed.

17      The Court finds Respondent's contentions absolutely unbelievable and unreasonable
18  and rejects his fabricated stories. In particular, Respondent was at a loss to explain where his mother
19  obtained the $16,000 to give to AFL in India. Respondent told the Randhawas to pursue the refund
20  of their investment funds from AFL directly and not from him because he could not touch the funds
21  in the Khanna Foods account. Yet, he considered the $16,000 in the account as his personal money.

22      More important, the Court does not believe that the entity of AFL even existed.
23  Respondent has produced no independent reliable evidence, other than photocopies of uncertified
24  documents and letters from alleged officers of the company.

25      Assuming that AFL was incorporated in 1992 and the Khanna Foods account was

27  [13]State Bar exhibit 28, p. 2.
28  [14]State Bar exhibit 13.

-9-

ANNEXTURE No. 13 (9)

COPY TO COPY

Date_____  Examiner

VIJAY DATTA
Sub Divisional Magistrate
Rajouri Garden,
Old Middle School Complex,
Ram Pura, Delhi-110035.