PADAM KUMAR KHANNA
2600 Tenth Street
Berkeley, CA. 94710

Tel: 1-510-549-2786
Fax: 1-510-549-2832

EMail: pkhanna@pacbell.net
*Pro Se*

FILED
2008 APR 16 PM 3:13
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRCIT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PADAM KUMAR KHANNA, | Case No: C07-5136 CW |
| Plaintiff, | |
| vs. | |
| BALJIT RANDHAWA, | MOTION FOR FINAL DEFAULT |
| Defendant. | JUDGMENT AGAINST DEFENDANT, |
| | BALJIT RANDHAWA |

On March 20, 2008, the Clerk for the District Court, Northern District of California entered Default as to Jagjit Singh Randhawa and Baljit Randhawa on the First Amended Complaint of Plaintiff. District Court Judge, the Honorable Claudia Wilken issued an Order on March 24, 2006 for Plaintiff to file a motion for default judgment within 30 days from the date of the Order. She further ordered that the said motion shall be referred to Magistrate Judge, the Honorable Edward Chen for preparing findings and recommendation on the motion pursuant to Civ. L.R. 72-1.

MOTION FOR FINAL DEFAULT JUDGMENT - 1

Hon. Magistrate Judge Chen had earlier issued a Report and Recommendation Re Plaintiff's (Khanna) Motion for Default Judgment against Jagjit Randhawa and Baljit Randhawa after the default was entered by the clerk on July 24, 2007. Upon Khanna's Motion for default judgment against the Randhawas, Hon. Chen issued a report and recommendation on December 4, 2007 denying the said motion with prejudice

After overruling Khanna's Objections to the denial of the default judgment by Hon. Chen, Hon. Judge Wilken granted Khanna twenty days to file an amended complaint. Khanna filed a timely First Amended Complaint on January 29, 2008 which alleged violations of civil rights, fifth and fourteenth amendments to the United States constitution, 42 U.S.C, section 1983, conspiracy, 42 U.S.C. section 1985(2)(3), equal protection under 42 U.S.C. section 1981 (a)(c), perjury, 18 U.S.C. section 1621 and civil conspiracy.

The Clerk filed the First Amended Complaint and issued the summons. The professional process server spent almost a month tracking Randhawas for personal service. Randhawas were fully aware of the service of the complaint and were avoiding contact. Finally on Feb. 25, 2008, both Jagjit Randhawa and Baljit Randhawa were personally served with the Summons and New First Amended Complaint. They had twenty days to respond and or file answers to the complaint. They blatantly ignored the Court Order as they had done earlier. They must be of the opinion that they have ignored, disobeyed and violated Court Order re Motion for Default Judgment before on June 6, 2007 and nothing happened. Why then can they not do it again? Such attitude is an intolerable abuse and frightening disregard for the Court Orders.

The first Motion for Default Judgment against Randhawas which was denied by Magistrate Judge Hon. Chen was based upon the following facts:

MOTION FOR FINAL DEFAULT JUDGMENT - 2

1. The allegations against Randhawas were commingled with the State Bar defendants and could not be separated. These allegations were intertwined and applied collectively to all the defendants.

2. After the complaint against Randhawas was severed by acquiescence of all concerned except Randhawas, plaintiff was not given a chance to file a separate and amended complaint against Randhawas.

In the said Report, Magistrate Judge Hon. Chen recommended denial of the motion to enter default and award of claimed damages. The major points discussed by Hon. Chen were as follows:

1. Adequacy of Service of Process: The Hon. Chen concluded that the service of process was proper.

2. Default Judgment and *Eitel* Factors: By analyzing seven factors outlined in the *Eitel* decision, the Hon. Chen concluded that Khanna's sole cause of action against Randhawas was that of perjury which is a criminal statute and could not prevail. Therefore Khanna's complaint failed to plead a cause sufficient for the court to proceed. First Amended Complaint, very specifically, details the conspiracy between State Bar officials and Randhawas with proven and admissible documents.

MEMORANDUM OF POINTS AND AUTHORITIES

A. CONSPIRACY TO DEPRIVE KHANNA OF HIS RIGHTS GUARANTEED UNDER THE CONSTITUTION:

The First Amended Complaint, very specifically, alleges the conspiracy plotted by Randhawas and Deputy Trial Counsel and the investigator of the State Bar against Khanna. It was during the investigative stages of Randhawas' complaint to the State Bar that the Trial

Counsel, investigator and Randhawas collaborated to deprive Khanna of his license to practice law thus depriving him of his liberty and property rights protected by the Due Process Clause of the Fourteenth Amendment. Furthermore, they conspired to deprive Khanna his constitutionally protected rights of equal protection because of his race and ethnic origin.

Randhawas and co-conspirators, the State Bar officials orchestrated this conspiracy by withholding material and crucial evidence such as the stock certificate (the new evidence, attested, authenticated, notarized and admissible in the U.S. Courts) and other documents and filing a fraudulent and deceitful false complaint which led to filing of Disciplinary Charges and disbarment of Khanna. This deprivation of property and liberty of Khanna under color of state law was the direct product of conspiracy between Randhawas and Deputy Trial Trial Counsel and investigator.

Khanna relies heavily on United States Supreme Court decision of *Adickes v. Kress & Co.*, 348 U.S. 144 (1970).

In *Adickes*, petitioner was a white school teacher who was refused service in respondent's lunchroom when she was accompanied by six Negro students, and who was arrested for vagrancy by the Hattiesburg, Mississippi, police when she left respondent's premises. She filed a complaint in the Federal District Court to recover damages alleging deprivation of her right under the Equal Protection Clause not to be discriminated against on the basis of race. The complaint had two counts, each based on 42 U.S.C. 1983: (1) that she had been refused service because she was a "Caucasian in the company of Negroes" (under which she sought to prove that the refusal to serve her was pursuant to a "custom of the community to segregate races in public eating places") and (2) that the refusal of service and the arrest were the product of a conspiracy between respondent and the police (under which she alleged that the policeman who arrested her was in the store at the time of the refusal of service). The District Court ruled that to recover under the first count petitioner would have to prove a specific "custom of refusing service to whites who were in the company of Negroes" that was "enforced by the State" under its criminal

MOTION FOR FINAL DEFAULT JUDGMENT - 4

trespass statute. The court directed a verdict for respondent on this count because petitioner failed to prove other instances of whites having been refused service while in company of Negroes in Hattiesburg. The Court of Appeals affirmed, holding that 1983 requires the discriminatory custom be proved to exist in the locale where the discrimination took place and in the State generally, and that petitioner's proof was deficient on both points. The second count of her complaint, alleging that both the refusal of service and her subsequent arrest were the product of a conspiracy between Kress and the Hattiesburg police, was dismissed before trial on a motion for summary judgment. The District Court ruled that petitioner had "failed to allege any facts from which a conspiracy might be inferred." 252 F. Supp., at 144. This determination was unanimously affirmed by the Court of Appeals, 409 F.2d, at 126-127. *Adickes*, 398 U.S. 144-147.

The United States Supreme Court held that:

1. The District Court on the basis of this record erred in granting summary judgment on the conspiracy count. 398 U.S. 149-161.
(a) The involvement of a policeman, a state official, whether or not his actions were lawful or authorized, in the alleged conspiracy would plainly provide the state action needed to show a direct violation of petitioner's Fourteenth Amendment rights entitling her to relief under 1983, and private persons involved in such a conspiracy are acting "under color" of law and can be liable under 1983. 398 U.S. 150-152.

As to our case it is absolutely clear that the conspiracy did indeed take place and Khanna can certainly make out a violation of his constitutional rights of due process and equal protection.

The allegations in the First Amended Complaint were detailed with specific examples and incidents and were fully supported by attested, authenticated and notarized documents. The importance, relevancy, materiality and specificity of these documents cannot be stressed.

MOTION FOR FINAL DEFAULT JUDGMENT - 5

Randhawas plotted and hatched schemes to file Notice of Disciplinary Charges for which they supplied fraudulent documents, false statements, were promised money rewards and agreed to alter their complaint and testimony with cooperation of State Bar prosecutor and investigator. This fraudulent deception ultimately led to Khanna loss of his license to practice law.

### B. KHANNA'S ALLEGATIONS AND AVERMENTS IN THE FIRST AMENDED COMPLAINT MUST BE TAKEN AS TRUE.

As Randhawas have blatantly refused to honor Court Summons within the time limits and have defied this Court's Order willingly, knowingly and intentionally, the allegations in Khanna's complaint must be taken as true. *Pope v. United States*, 323 U.S. 1, 12, *Flaks v. Koegal*, 504 F. 2d 702, 707 (2nd Cir. 1074). In *Geddes v. United Financial group*, 559 F.2d 557, 563 (9th Cir. 1977), the Court stated that "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citations omitted).

In *Televideo Systems, Inc. et. al. v. Heidenthal*, 826 F.2d 915, the Court stated as follows:

> "Under the circumstances, the trial court accorded Heidenthal all the process that was his due. The court, proceeding under Rule 55(b)(2) of the Federal Rules of Civil Procedure, determined that a hearing should be held and that the plaintiffs should present in open court their prima facie case showing entitlement to judgment. At the hearing, the court heard substantial testimony and admitted documentary evidence on all of the plaintiffs' claims. Plaintiffs, as part of their presentation, furnished the court with an extensive memorandum that, inter alia, cited the court to the specific exhibits among the voluminous submissions that would support each of their claims. At the conclusion of the hearing the court stated that it was satisfied with proof on all claims with one caveat that it wished to give further consideration to the "RICO case," although it expressed the view that "there is little problem with it." (TR 140). Subsequently, it entered judgment for the plaintiffs on all claims.
>
> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. "The general rule of law is that

upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citations omitted). Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir.1977). The district court exceeded the requirements of the rule by taking extensive evidence on all allegations in the complaint including damages." 826 F.2d at 923-24

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides that a defendant shall serve its answer to a complaint within twenty days of service of the latter. As noted above, the First Amended Complaint was personally served upon the defendant. The Summons, issued by the Court were served upon the defendant on February 25, 2008 together with the Complaint, notified the defendant of its obligation to file an answer with the Clerk of Court, and to serve a copy of the Answer upon plaintiff, within twenty days from the date of service. Defendants have failed to do so.

Rule 12(b)-(h) of the Federal Rules of Civil Procedure permits Randhawas to serve several types of motions, including a motion to dismiss the complaint, a motion for a more definite statement, and a motion to strike, in lieu of serving an answer. Randhawas have done nothing except to absolutely disregard this court's numerous notices and order for almost a year now.

Khanna recognizes that entry of a default judgment against a defendant is a severe remedy. See, e.g., *E.F. Hutton & Co., Inc. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972). Where, as here, however, a party does not respond to a properly served Complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. See *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) appropriate); *First City Nat'l Bank of Fort Worth v. Cook*, 117 F.R.D. 390 (N.D. Tex. 1987)(default judgment appropriate where party served has failed to answer). Khanna would prefer that this case be decided upon its merits and would like Randhawas to deny before the judge and a jury that her husband Jagjit Singh Randhawa does not own a Stock Certificate worth 5,20,000 Indian Rupees in the Indian company AFL as attested by the Registrar of Companies,

MOTION FOR FINAL DEFAULT JUDGMENT - 7

India, Indian Courts, Ministry of External Affairs, India and notarized as authentic by the United States Embassy in India. Khannaf has every confidence that he would prevail at a trial. Since the defendant does not appear disposed to defend this action, however, this Court has as the only avenue available to conclude this matter, the entry of a default judgment against defendant.

## C. KHANNA SHOULD BE AWARDED JUST, REASONABLE AND FAIR COMPENSATORY DAMAGES:

Even though Khanna deserves both compensatory and punitive damages for the calculated harm and injury meted out to him by Jagjit by fraudulent and deliberate deception, plaintiff is foregoing his request for punitive damages.

Khanna respectfully requests this Court to grant a just and reasonable compensatory damage award to plaintiff in the sum of Three Hundred seventy Thousand U.S. Dollars.

Loss of income for the following periods:

1. November 2001 through October 2004: $120,000 per year for three years for defending wrongful conviction suit in the State Bar Court: $120,000 X 3=$360,000

2. November 2004 through June 2006: $15,000 per month for Nineteen Months for being on the inactive list by the order of the Hearing Judge. $15,000 X 19=$285,000.

3. July 2006 through August 2007 for being unable to make a living by the order of the Supreme Court: $15,000 X 13=$195,000

Total for ACTUAL loss of income to-date (August 2007) = $740,000*

Total judgment amount against Jagjit= $370,000**

\* This is an estimated sum based on the current available average income of attorneys who have had over 25 years of practice.

\*\* Khanna has equally divided the damages between Jagjit Singh Randhawa and Baljit Randhawa.

Khanna has also spent over $ 55,000 in legal fees and expenses for this six years of litigation.

Magistrate Judge, Hon. Chen cited State Bar Court decision wherein the State Bar Court judge adjudged the Randhawas as a working class husband and wife team where the husband is a gas station attendant/taxi driver while the wife works at a fast food chain. Whether these regular gainful employments for the past twelve years disqualify the amount of damages sought or not is countered by the evidence that they both own substantial real estate property in California including their family home and substantial agriculture land and real property in India.

Khanna would certainly defer to the judgment of this Court for the award of the just compensatory damages. Khanna further agrees that he will accept ANY compensatory award by this Court. However, Khanna must be given a judgment of his litigation expenses inclusive of legal fees for the past six years, plus $11,000 which Randhawas owed to Khanna for legal services provided in five cases and $31,000 which the State Bar gave to Randhawas from the Client Security Fund which rightfully belongs to the attorneys of the State Bar. Khanna would in turn hand over these $31,000 to the Client Security Fund.

| | |
|---|---|
| Legal fees and expenses: | $55,000 |
| Legal fees owed: | $11,000 |
| Client Security Fund: | $31,000 |
| TOTAL: | $97,000 |

Randhawas have clearly defrauded the State Bar Client Security Fund and this Court must make them appear before the Court and answer some questions for the justice to prevail. On the other side of the spectrum, Khanna has been unemployed for the past six years because of this litigation.

Respectfully submitted.

Dated this  16th day of April, 2008

*[signature]*

Padam K. Khanna, *Pro Se*

MOTION FOR FINAL DEFAULT JUDGMENT - 9

PROOF OF SERVICE

I am a resident of the City of Berkeley, California, County of Alameda, California. My address is 736 Grizzly peak Boulevard, Berkeley, CA 94710. I am over the age of eighteen.

Today, I served the following document,

MOTION FOR FINAL DEFAULT JUDGMENT – BALJIT RANDHAWA

by having it hand delivered to the person named herein and at the address as follows:

THE CLERK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

OAKLAND DIVISION

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and the declaration was executed on

April 16, 2008

*Candace D. Khanna*

Candace D. Khanna