PADAM KUMAR KHANNA
2600 Tenth Street
Berkeley, CA. 94710

Tel: 1-510-524-6181
Fax: 1-510-524-6765

EMail: pkhanna@pacbell.net
*Pro Se*

FILED

08 JUL 10 PM 1: 10

RICHARD W. WIEKING
CLERK. U.S DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRCIT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

PADAM KUMAR KHANNA,

      Plaintiff,

  vs.

JAGJIT SINGH RANDHAWA and

BALJIT RANDHAWA, DOES I

THORUGH X,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No: C-07-5136 EMC** CW

**RE COURT'S REQUEST FOR
SUPPLEMENTAL EVIDENCE**

      There is no supplemental evidence to be presented to the Court. The

following documents which are in possession of both the Court and defendants

have been supplied TWO TIMES previously. The present Court order does not

state that even if there is no supplemental evidence, Khanna must RESUBMIT

these documents. The documents which clearly establish that there was a definite

COMPLAINT FOR DAMAGES - 1

ORIGINAL

agreement between the State Bar personnel and defendants to commit conspiracy by destroying the putative evidence of airway bill; fraudulently, deliberately and in cohesion, concealing the original share certificate; scheming with the State Bar authorities to disown reception of two letters from AFL and scheming and plotting with the State Bar authorities to testify that the defendants gave an extra $6,000 to Khanna for which no proof whatsoever was offered. These and other fraudulent acts most clearly establish an understanding to deprive Khanna of a fair and just trial by committing fraud and deceit.

Khanna believes it was sometimes early last year, i.e. 2007, when Khanna came into possession of the above-mentioned documents which were clearly admissible in the Courts of the United States as AFL in India had followed all the procedures of the Hague Convention and had the documents authenticated, attested and notarized by the American Embassy. Khanna's attorneys during the State Bar trial had NOT contacted AFL prior to the trial and did not get the documents authenticated and notarized. The State Bar Court judge, therefore, did not consider these documents and rejected their admission as evidence. Similarly Supreme Court of California was also unaware of the authenticity of these documents as there was no record before the Court. Khanna believes that during the hearing before Hon. Edward Chen in Khanna v. State Bar of California, 505 F. Supp. 2d (N.D. Cal. 2007), the judge concluded that the doctrine of preclusion applied as

this evidence was available to Khanna and should have been presented at the trial and brought into the notice of the Supreme Court.  As the facts indicate these documents were NOT available to Khanna during the trial at the State Bar. Khanna came into possession of these ADMISSIBLE documents long after the Supreme Court's summary denial of the review.

The documents in question are:

1.    December 21, 1996 Letter from Suresh Bhatia, Director of Finance, AFL to Jagjit Singh depicting receipt of Five Lakhs and Fifty Two Thousand Rupees in the account of Jagjit Singh. This letter was not admitted during trial and not considered by the Supreme Court as Khanna's lawyers did not get the letter authenticated and notarized. There was a tacit understanding between defendants and State Bar personnel to deny receipt of the letter duly addressed and mailed.

2.    September 19, 1997 Letter from Virender Kumar, Secretary-Corporate Affairs, AFL to Jagjit Singh indicating issuance of shares. This letter was also not admitted during trial and not considered by the Supreme Court as Khanna's lawyers did not get the letter authenticated and notarized.  There was a tacit understanding between defendants and State Bar personnel to deny receipt of the letter duly addressed and mailed.

3. Copy of the Share Certificate: There was a definitive agreement between Jagjit/Baljit and State Bar to deny receipt of this crucial evidence so that this fraudulent act would make the State Bar judge lean towards concluding that there was no stock certificate issued to Jagjit and that Khanna was misrepresenting to the State Bar. That is exactly what happened at the trial. This conspiratorial fraudulent act alone was one of the major factor of denial of fair trial and due process to Khanna

It is obvious that there are no defenses available to defendants and they are very well aware of this fact. Khanna would greatly welcome a fair trial where the defendants should be made to answer the allegations made herein, deny the admissible authenticated and notarized documents and contest the fraudulent activity undertaken with the advice, plotting and scheming with State Bar personnel to harm Khanna.

Respectfully submitted:

Date: July 9, 2008                                    Padam K. Khanna

Case 4:07-cv-05136-CW    Document 20    Filed 07/02/2008    Page 1 of 2

United States District Court
For the Northern District of California

1
2
3
4
5
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

8    PADAM KUMAR KHANNA,

9         Plaintiff,

No.C-07-5136 EMC

10        v.

11   JAGJIT SINGH RANDHAWA, *et al.*,

12        Defendants.

13   _____/

**ORDER RE HEARING AND SUPPLEMENTAL EVIDENCE FOR PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT**

**(Docket Nos. 18-19)**

14

15        Plaintiff Padam Kumar Khanna has filed suit against Defendants Jagjit Singh Randhawa and

16   Baljit Randhawa, alleging that they conspired with California State Bar employees to deprive him of

17   his attorney's license, thus violating, *inter alia*, his civil rights.  Defendants did not appear in the

18   action and so the Clerk of the Court entered their default on March 20, 2008.  *See* Docket No. 15.

19   Thereafter, Mr. Khanna moved for default judgment against each Defendant.  *See* Docket Nos. 18-

20   19.  Judge Wilken referred the motions to the undersigned for a report and recommendation.

21        Under Federal Rule of Civil Procedure 55, a court may conduct hearings when, to enter or

22   effectuate judgment, it needs to, *inter alia*, "establish the truth of any allegation by evidence" or

23   "investigate any other matter."  Fed. R. Civ. P. 55(b)(2)(C)-(D).  In the instant case, a hearing is

24   necessary in the instant case for the Court to further evaluate Mr. Khanna's claim that there was a

25   conspiracy between Defendants and the State Bar employees.

26        Accordingly, the Court shall hold a hearing on Mr. Khanna's motions for default judgment

27   on **July 23, 2008, at 10:30 a.m.**  By **July 11, 2008**, Mr. Khanna must file with the Court -- as well

28   as serve on Defendants (although they have not appeared) -- any and all evidence in his possession,

United States District Court
For the Northern District of California

1  custody, or control to support his allegation that there was a conspiracy between Defendants and the

2  State Bar employees. In addition, Mr. Khanna must file and serve any and all evidence in his

3  possession, custody, or control that indicates or establishes when he first learned of this alleged

4  conspiracy.

5      Mr. Khanna shall serve a copy of this order on Defendants no later than **July 11, 2008**.

6

7      IT IS SO ORDERED.

8

9  Dated: July 2, 2008

10

11

12                    EDWARD M. CHEN
                      United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA       )
                             ) ss      **CASE NO:   C-07-2587 EMC**
COUNTY OF ALAMEDA      )

I, Arthur Arenas, declare under penalty of perjury that the foregoing is true and correct. That I am over the age of 18 and not a party to the within action. I am a process server and my business address is: 414 Pendleton Way, Suite #2, Oakland, CA 94621.

On 07/09/2008, I served the foregoing document described as the following on the parties:

RE COURT'S REQUEST FOR SUPPLEMENTAL EVIDENCE; ORDER RE HEARING AND SUPPLEMENTAL EVIDENCE FOR PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT (Docket Nos. 18-19)

in this action by placing a copy thereof enclosed in the sealed envelope addressed as follows:

JAGJIT SINGH RANDHAWA
280 Sparrow Drive
Hercules, CA 94547

BALJIT RANDHAWA
280 Sparrow Drive
Hercules, CA 94547

**[X] (BY CERTIFIED MAILING)** On 07/09/2008 from Oakland, CA, I enclosed a copy in an envelope and deposited the sealed envelope with the United States Postal Service Office by certified mailing, with postage fully pre-paid addressed above.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed at Oakland, California on 07/09/2008.

_____
Arthur Arenas (#633 San FranciscoCounty)